

LAWRENCE S. LUSTBERG
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4731 Fax: (973) 639-6285
llustberg@gibbonslaw.com

June 10, 2010

**VIA ECF**

The Honorable Garrett E. Brown, Jr.,
 Chief United States District Judge
United States District Court
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 4050
Trenton, New Jersey 08608

      Re: *United States ex rel Laurie Simpson v. Bayer Corporation*, et al.
           Civil Action No.: 05-3895 (GEB)

Dear Judge Brown:

    This firm, along with Sidley Austin LLP, represents Defendants Bayer Corporation, Bayer HealthCare Pharmaceuticals, Inc., and Bayer HealthCare LLC[1] (collectively referred to as "Bayer") in the above-referenced matter. Please accept this letter in support of Defendants' request to stay these proceedings pending the Judicial Panel on Multidistrict Litigation's ("JPML") resolution of the parties' objections to the JPML's recent Conditional Transfer Order ("CTO"), transferring this case to MDL 1928, but separating and simultaneously remanding all claims in this action relating to Avelox to this Court. Plaintiff joins in this application.

    In this *qui tam* action, Relator alleges, among other things, that defendants violated the False Claims Act in connection with the marketing and sale of the prescription drugs Trasylol and Avelox. *See* Docket Doc. No. 17. Relator's complaint alleges various marketing practices

---

[1] Other corporate affiliates of the entities bringing this application have been named as defendants in this action, but this motion is brought only by Bayer Corporation, Bayer HealthCare Pharmaceuticals, Inc., and Bayer HealthCare LLC. Bayer AG and Bayer Schering Pharma AG, named defendants, have not yet been served. Bayer Pharmaceuticals Corporation, also a named defendant, merged into Bayer HealthCare Pharmaceuticals, Inc. as of January 1, 2008, and no longer exists as a separate entity. Bayer HealthCare AG, the remaining named defendant, was merged with and into Bayer Schering Pharma AG as of December 30, 2008, upon which Bayer HealthCare AG ceased to exist and Bayer Schering Pharma AG assumed all liabilities and functions of Bayer HealthCare AG, including those related to Trasylol.

GIBBONS P.C.

June 10, 2010
Page 2

and safety issues related to Trasylol that are similar to allegations made in products liability and class action cases pending in federal court described below.

On April 7, 2008, the JPML ordered the transfer of product liability actions involving the prescription drug Trasylol to MDL Docket No. 1928, *In re Trasylol Products Liability Litigation*, in the District Court for the Southern District of Florida. Since the establishment of MDL 1928, Judge Donald M. Middlebrooks has made substantial progress in moving nearly 1,300 Trasylol-related actions through discovery and other pretrial proceedings and has developed a significant expertise in managing Trasylol-related litigation. In addition to the personal injury actions, the actions transferred to that court include putative class actions alleging economic loss allegedly due to defendants' activities in marketing and selling Trasylol.

By Order entered on February 24, 2010, the Court unsealed the Third Amended Complaint in this action. *See* Docket Doc. No. 18. And, on May 10, 2010 and pursuant to Rule 7.4 of the Rules of Procedure of the JPML, Defendant Bayer Corporation notified the JPML that this case was a potential "tag-along" action with respect to MDL 1928.

On May 25, 2010, the JPML issued a Conditional Transfer Order ("CTO"), transferring this case to MDL 1928, but separating and simultaneously remanding all claims in this action relating to Avelox to this Court. On June 8, 2010, Bayer filed a notice of opposition with the Clerk of the JPML in accordance with Rule 7.4(e) of the Rules of Procedure of the JPML, and indicated that it will file its motion to vacate that portion of the CTO separating and simultaneously remanding all claims in this action relating to Avelox to this Court within fourteen (14) days, as required by the Panel Rules. On June 8, 2010, Plaintiff also filed a notice

GIBBONS P.C.

June 10, 2010
Page 3

of opposition to the CTO.  In accordance with the Rules of Procedure of the JPML, the Chair of the Panel will set the motion for the next appropriate hearing session of the Panel.

Bayer, joined by Plaintiff, respectfully requests that this Court enter an order staying all proceedings pending the JPML's decision on Bayer's motion to vacate that portion of the CTO separating and simultaneously remanding all claims in this action relating to Avelox to this Court and Plaintiff's separate opposition.[2]  The parties respectfully submit that proceeding in two forums simultaneously on the allegations brought by the Relator defeats, rather than advances, the purpose of multi-district coordination.  *See* 28 U.S.C. § 1407 (purpose of multidistrict coordination is "for the convenience of the parties and witnesses and [to] promote the just and efficient conduct of such actions.")

This Court's power to stay these proceedings is well established.  It is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  As federal courts repeatedly have concluded, this power includes the power to stay an action pending transfer to an MDL.  *See, e.g., Paul v. Aviva Life & Annuity Co.*, No. 09-1038, 2009 U.S. Dist. LEXIS 64420 (N.D. Ill. July 27, 2009); *Doan v. SmithKline Beecham Corp.*, No. 09-0260, 2009 U.S. Dist. LEXIS 49409 (S.D. Ala. June 11, 2009); *Hutchins v. Bayer Corp.*, No. 08-640, 2009 U.S. Dist. LEXIS 4719 (D. Del. Jan. 23, 2009); *Gavitt v. Merck & Co.*, No. 2:08-cv-755, 2008 U.S. Dist. LEXIS 88421, at *4 (M.D. Fla. Oct. 20, 2008) (stay entered "in

---

[2] Plaintiff's Notice of Opposition to the JPML's CTO, unlike Bayer's, does not indicate whether she opposes all or only part of the JPML's CTO.

GIBBONS P.C.

June 10, 2010
Page 4

an effort to preserve judicial and client resources and to promote consistency and economy");

*Lyman v. Asbestos Defendants*, No. 07-4240, 2007 U.S. Dist. LEXIS 78766, at *8-9 (N.D. Cal. Oct. 10, 2007) ("because a stay will likely preserve judicial resources by preventing a duplication of proceedings before this Court and the MDL court, and because the plaintiffs have not persuasively identified any hardship resulting from such a stay, the Court grants the motion to stay").

A stay of proceedings would serve the interests of judicial economy and fairness to the parties and would avoid wasting this Court's resources. In particular, the inefficiency of briefing motions to dismiss overlapping issues in a case brought by a single relator in two different courts would waste the resources of the parties and the courts.

In light of the foregoing, the parties' respectfully request that Your Honor execute the enclosed consent order, staying these proceedings pending the JPML's resolution of the parties' objections to the JPML's recent CTO.

Respectfully submitted,

/s/ Lawrence S. Lustberg

Lawrence S. Lustberg
Director

cc:    Robert W. Sadowski, Esq., Counsel for Relator
       Edward Norman, Esq.