NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES of AMERICA, et al., *Ex rel.* LAURIE SIMPSON and TIMOTHY DANIELS<br><br>Plaintiffs/ Relators,<br><br>v.<br><br>BAYER CORPORATION; BAYER HEALTHCARE; PHARMACEUTICALS, INC.; BAYER HEALTHCARE, LLC; and BAYER AG,<br><br>Defendants. | Civil Action No.: 05-3895 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of a motion to vacate the consolidation of relator Timothy Daniels to this action and to strike the Fifth Amended and Consolidated Complaint ("Compl.") pursuant to Federal Rule of Civil Procedure 12(b)(1) by Defendants Bayer Corporation, Bayer Healthcare, Pharmaceuticals, Inc., Bayer Healthcare, LLC (collectively "Bayer" or "Defendants")[1] (CM/ECF No. 62). No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth below, Defendants' motion is GRANTED.

---

[1] In the motion, Defendants specify that Defendant Bayer AG has not been served with the complaint or waived service of process and therefore does not join in this motion. (Defs.' Mot., 2).

## I. Background and Procedural History

The Court will not set forth the underlying facts and procedural history at length as it writes only for the parties. The relators in this case, Laurie Simpson and Timothy Daniels ("Plaintiffs" or "Relators"), separately filed *qui tam* actions under the False Claims Act ("FCA"), 31 U.S.C. § 3730, as well as various state False Claims Acts. Both relators are former employees of Bayer who allege "misconduct with respect to Bayer's marketing of the prescription medicine Trasylol, which is used to minimize blood loss and reduce the need for transfusions in open heart surgery." (Defs.' Mot., 2; see Pls.' Opp'n., 3). Defendants since removed Trasylol from the U.S. market due to adverse effects on patient health. (Pls.' Opp'n., 3).

Ms. Simpson filed a *qui tam* action on August 5, 2005, in the United States District Court for the District of New Jersey. (Defs.' Mot., 3, Ex. A). On November 1, 2005, Mr. Daniels filed an action in the United States District Court for the Eastern District of Pennsylvania. (Defs.' Mot., 3, Ex. B). Both actions alleged that "Defendants violated the federal and state False Claims Acts by marketing Trasylol unlawfully and, thereby, submitting or causing to be submitted false claims for payment to the United States and to several states." (Pls.' Opp'n., 4). In 2010, after consideration of the claims therein, the United States Attorney's Office for the District of New Jersey declined to intervene in the action filed by Ms. Simpson. (Defs.' Mot., 3). The United States decided not to intervene in the Daniels action in 2006. (Defs.' Mot., 3). Defendants submit that "[a]lthough the Simpson case was unsealed after the United Sates declined to intervene, the Daniels case, for reasons unknown to the defendants, remained under seal." (Defs.' Mot., 3).

2

Thereafter, in January of 2011, Defendants state that counsel for Mr. Daniels "inquired as to whether defendants would object to consolidation of the two actions, and defendants indicated that they would oppose consolidation." (Defs.' Mot., 3, Ex. C). Notwithstanding, counsel filed a motion to consolidate in the <u>Daniels</u> case, which was still under seal at that time, and said motion was granted in March 2011. (Defs.' Mot., 3). Defendants contend that they had neither notice nor the opportunity to be heard on that motion. (Defs.' Mot., 3). They further submit that "as of today, Bayer still has not seen plaintiffs' as-filed consolidation motion and is unaware of what authorities plaintiffs presented for the Court's consideration" and that the <u>Daniels</u> action was never served on Bayer. (Defs.' Mot., 3-4). In addition, Bayer submits that it wrote to the Court on April 26, 2011, stating that it would like to be heard on the issue of consolidation, should it arise, but by that time the relators' motion had been filed and granted. (Defs.' Mot., 4). On the issue of consolidation, Plaintiffs provide that "the <u>Daniels</u> action was transferred to this District with the approval of the United States Attorney for the Eastern District of Pennsylvania on the basis that Counsel would seek to consolidate that action with the <u>Simpson</u> case and, thereby, conserve judicial and government resources." (Pls.' Opp'n., 4).

The Court unsealed the Consolidated Complaint on March 14, 2012, and ordered that the Relators serve a copy on Defendants. (CM/ECF No. 58). On May 3, 2012, Defendants filed the instant motion. (CM/ECF No. 62).

## II. LEGAL STANDARD

3

Federal courts are courts of limited jurisdiction, and thus, are permitted to adjudicate cases and controversies only as permitted under Article III of the Constitution. U.S. Const. art. III, § 2; see also Philadelphia Federation of Teachers v. Ridge, 150 F.3d 319, 323 (3d Cir. 1998). Pursuant to Rule 12(b)(1), a court must dismiss a complaint if it lacks subject matter jurisdiction to hear a claim. Fed. R. Civ. P. 12(b)(1).

Motions to dismiss under Rule 12(b)(1) may be treated as either a "facial or factual challenge to the court's subject matter jurisdiction." Gould Elec. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). Under a facial attack, the movant challenges the legal sufficiency of the claim and the Court considers only "the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." Id. In reviewing a factual attack, however, the challenge is to the actual alleged jurisdictional facts. In that instance, a court is free to consider evidence outside of the pleadings. Id. A challenge to subject matter jurisdiction constitutes a factual attack. Foundation For Fair Contracting, Ltd. v. G&M, 259 F. Supp. 2d 329, 335 (D.N.J. 2003) (asserting lack of jurisdiction under the False Claims Act constitutes a factual attack).

### III. DISCUSSION

The premise of Defendants' motion is that under the FCA this Court lacks jurisdiction to adjudicate the claims as consolidated:

> Mr. Daniels' claims are based on the same essential facts as a complaint filed earlier by relator Laurie Simpson. But the Third Circuit has expressly held that the False Claims Act ("FCA"), 31 U.S.C. § 3730(b)(5), bars individuals from intervening in or bringing related actions based on the same essential facts as were alleged in a prior *qui tam* action. Because Mr. Daniels' claims are thus barred by the FCA, this Court lacks subject

4

matter jurisdiction over his claims and the Fifth Amended Consolidated Complaint improperly consolidates those claims with Ms. Simpson's.

(Defs.' Mot., 2).

On the other hand, Plaintiffs argue that although Ms. Simpson was the first to file a claim under the federal False Claims Act, Mr. Daniels was the first to file under certain state false claims acts. (Pls.' Mot., 1). Therefore, they argue, "consolidation merely allowed this Court to exercise its jurisdiction over all of the state-law claims" and that the Court should exercise its jurisdiction pursuant to 31 U.S.C. § 3732(b) or its supplemental jurisdiction to retain those state-law claims. (Pls.' Mot., 2-3). The Relators further submit that "[s]everance of these two related and consolidated cases would be inefficient, could lead to conflicting rulings and duplicative proceedings, would waste the time, energy, and resources of this Court, the litigants, the United States Government and numerous state governments, non-party witnesses, and potential witnesses and, thus, is unwarranted and ill-advised." (Pls.' Mot., 3).

### A. Federal False Claims Act

Referred to as the "first to file" rule, the FCA bars all related claims asserted by an individual after the first complaint is filed: "When a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5). The plain language of this provision "clearly bars claims arising from events that are already the subject of existing suits." United States ex rel. LaCorte v. SmithKline Beechman Clinical Labs., Inc., 149 F.3d 227, 232 (3d Cir. 1998). Therefore, as the Third Circuit explained,

"if a later allegation states all the essential facts of a previously-filed claim, the two are related and section 3730(b)(5) bars the later claim, even if that claim incorporates somewhat different details." Id.; see also Palladino ex rel. United States v. VNA of New Jersey, Inc., 68 F. Supp. 2d 455, 477-79 (D.N.J. 1999).

Defendants argue that the consolidation of the Simpson and Daniels cases violates the first to file rule: "as evidenced by the recently-filed Fifth Amended and Consolidated Complaint naming both Ms. Simpson and Mr. Daniels as 'Plaintiffs/Relators,' the consolidation of the Daniels action with the Simpson action amends the Simpson complaint to add an additional relator and violates the FCA's statutory bar." (Defs.' Mot., 6). Further, "the consolidation of these actions permits Mr. Daniels and Ms. Simpson to merge their separate allegations into one, thereby obscuring whether each relator has, as required by law, set forth the requisite factual allegations to maintain their individual claims under the FCA or state false claims acts." (Defs.' Reply, 2).

Indeed, the Relators do not dispute that Daniels' federal claim is barred. Despite the recitations in Plaintiffs' brief that they "are not attempting to bootstrap Daniels' second-filed FCA claim onto Simpson's first filed FCA claim," Defendants bring to the Court's attention paragraphs in the Consolidated Complaint which assert a federal claim on behalf of both Relators. (Defs.' Reply, 3; Compl. ¶¶ 28, 478-88). However, as explained above, it is not disputed that Mr. Daniels' *qui tam* action was filed after Ms. Simpson's. Therefore, Mr. Daniels' federal claims are barred by the first to file rule and the Court does not have jurisdiction to entertain said claims as they are closely related, if not identical, to the claims asserted by Ms. Simpson. Having determined that

the Court lacks jurisdiction over Mr. Daniels' federal claims, it now turns the issue of jurisdiction over the state claims he asserts.

### B. State False Claims Acts

The Relators argue that section 3730(b)(5), analyzed above, does not trump jurisdiction conferred on district courts regarding state law false claims or supplemental jurisdiction. (Pls.' Opp'n., 8). Plaintiffs submit that

> LaCorte simply does not address the situation in the instant case. Contrary to Defendants' premise, the Consolidated Complaint is not an attempt to allow Daniels to file later than Simpson regarding FCA violations. It merely allows Daniels to pursue his related state-law allegations. Those claims are related to Simpson's federal claims, which put those claims squarely within the purview of § 3732(b), and consequently outside the purview of § 3730(b)(5).

(Pls.' Opp'n., 9).

Relators also contend that consolidation is appropriate because Daniels' state law claims arise from the same facts and circumstances as Simpson's federal claims and, as a result, the Court "may and should exercise jurisdiction pursuant to [31 U.S.C. § 3732(b)] or its supplemental jurisdiction and hear them together in this consolidated action."[2] (Pls.' Opp'n., 3).

---

[2] Rule 42(a) of the Federal Rules of Civil Procedure provides that: "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42. Generally, "[t]he decision as to whether consolidation is appropriate embraces concerns of judicial economy, as well as judicial discretion." In re Lucent Technologies, Inc. Sec. Litig., 221 F. Supp. 2d 472, 480 (D.N.J. 2001).Under Rule 42(a), a court must consider "whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses, lawsuits, the length of time required to conclude multiple lawsuits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." Id. (quoting In re Consolidated Parlodel Litig., 182 F.R.D 441, 444 (D.N.J. 1998) (citations omitted)).

7

Section 3732(b) sets forth false claims jurisdiction for claims under state law and provides:

> The district courts shall have jurisdiction over any action brought under the laws of any State for the recovery of funds paid by a State or local government if the action arises from the same transaction or occurrence as an action brought under section 3730.

31 U.S.C. § 3732(b). Plaintiffs argue that "this section's meaning is unambiguous: a federal district court may hear related actions seeking recovery of state funds that arise from the same transaction as FCA claims." (Pls.' Opp'n., 5). Indeed, as the Relators urge, generally "federal courts have the power to hear state law claims that 'derive from a common nucleus of operative fact' with substantive federal claims." Laymon v. Bombardier Transportation (Holdings USA, Inc. et al., Civ. No. 05-169, 2009 WL 793627, at *15 (W.D.Pa. Mar 23, 2009) (citing United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130 (1966); Shaffer v. Bd. of Sch. Dir. of Albert Gallatain Area Sch. Dist., 730 F.2d 910, 911-12 (3d Cir. 1984)).

In support of their argument that the actions at issue should remain consolidated, the Relators point to cases in which district courts found that they did in fact have subject matter jurisdiction over a relator's federal and state false claims. For example, as Plaintiffs submit, in Schumann, et al. v. Astrazeneca PLC, et al., in examining whether it had subject matter jurisdiction over a relator's state and federal claims, the court in that case wrote: "If this court had jurisdiction over the federal claims pursuant to § 3732(a), it would also have jurisdiction over the state claims pursuant to § 3732(b)." 2010 WL 4025904, at *3 (E.D.Pa. Oct. 13, 2010).

As the Relators acknowledge, the issue in this case is different from those relied upon because the case at bar involves a single viable federal claim by Ms. Simpson and a

number of state claims filed separately by Mr. Daniels. In other words, the question here is not whether the Court has subject matter jurisdiction over a single relator's state and federal claims, but rather whether separately filed *qui tam* actions that arise out of the same essential facts warrant this Court's retention of jurisdiction over a subsequent relator's state claims where there is no jurisdiction over the federal claim. Plaintiffs cite to no cases which involve the issue *sub judice*, but do explain that their "research did not reveal any cases where, as here, one relator has first-filed FCA claims as well as state-law claims, and another relator filed certain state-law claims first." (Pls.' Opp'n., 7). They urge, however, that

> this Circuit, as well as others, have used § 3732(b) as a means to allow a federal court to exercise jurisdiction over related state-law claims brought by individual relators and not only claims brought by the states themselves. Moreover, [they found] no cases where a defendant moved to dismiss state-law claims brought under § 3732(b) on the ground that an individual relator, rather than a state, had brought those claims. The statute itself is clear on this issue, and the fact that in this case there are two relators rather than one, does not change the analysis.

(Pls.' Opp'n., 7).

In their Reply, Defendants counter that "although a district court outside the Third Circuit has interpreted § 3732(b) to permit a *state* to intervene in a pending *qui tam* action, this provision has never been applied, as plaintiffs seek, to permit an individual to intervene to assert state law claims." (Defs.' Reply, 5) (emphasis in original) (citing U.S. ex rel. LaCorte v. Merck & Co., Inc., Civ. No. 99-3807, 2004 WL 595074, *6-8 (E.D.La. Mar 23, 2004)). Defendants also assert that

> the general rule is that courts do *not* retain jurisdiction over an individual's state law claims following dismissal of his federal FCA claim. Plaintiffs ignore these cases entirely. Instead, they cite a handful of inapposite cases in which a court retained jurisdiction over a plaintiff's state law claims, but only after determining that the plaintiff had a valid federal FCA claim.

9

(Defs.' Reply, 3) (citations omitted).

In this case, however, the Court has already determined that it does not have jurisdiction over Daniels' federal claims. A district court may decline to exercise supplemental jurisdiction if: (1) the claim raises a novel or complex issue of State law; (2) the state law claim substantially predominates over the claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). Determining whether to exercise jurisdiction is discretionary and the "general approach is for a district court to . . . hold that supplemental jurisdiction should not be exercised when there is no longer any basis for original jurisdiction." Townsend v. N.J. Transit & Amalgamated Transit Union, 2010 U.S. Dist LEXIS 102451, at *14, 2010 WL 3883304 (D.N.J. Sept. 27, 2010); see also City of Chicago v. Int'l Coll. Of Surgeons, 522 U.S. 156, 172, 118 S.Ct. 523 (1997) ("pendent jurisdiction 'is a doctrine of discretion, not of plaintiffs right,'" and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons) (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966)). As the Court has already dismissed Daniels' federal claim, it declines to exercise jurisdiction over his state claims. Nor does the Court find Plaintiffs argument that dismissing Daniels for lack of jurisdiction would deny the states their statutory right to intervene in the consolidated case a sufficient basis to justify the retention of jurisdiction. It is unclear to the Court from the Relators' submission why deconsolidating the cases would prevent

Mr. Daniels from proceeding on his own in connection with his viable state claims and why states could not intervene if they so choose.

## IV. CONCLUSION

Thus, based on the reasons detailed above, Defendants' motion to vacate the consolidation of relator Timothy Daniels and strike the Fifth Amended Complaint is GRANTED. Accordingly, Ms. Simpson may file an amended Complaint within 30 days of the date herein. In addition, the <u>Daniels</u> action shall be transferred to the Eastern District of Pennsylvania.[3]

An appropriate Order accompanies this Opinion.

DATED: August 21, 2012

Jose L. Linares
United States District Judge

---

[3] As the Fifth Amended and Consolidated Complaint only asserts federal question jurisdiction, 28 U.S.C. § 1331 (Compl. ¶ 22), and supplemental jurisdiction, 28 U.S.C. § 1367 (Compl. ¶ 23), the Court cannot determine whether the exercise of diversity jurisdiction would be proper.

11