# BOIES, SCHILLER & FLEXNER LLP

333 MAIN STREET* ARMONK, NY 10504* 914-749-8200* FAX 914-749-8300

December 12, 2012

**VIA ECF**

Hon. Michael A. Hammer, U.S.M.J.
United States District Court for
 the District of New Jersey
Martin Luther King Building and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    United States ex rel. Laurie Simpson et al. v. Bayer Corp., et al.,
                  Civil Action No. 05-3895 (JLL)(MAH)

Dear Judge Hammer,

      I write to respond to the Bayer Defendants' letter of November 13, 2012, requesting a stay of discovery (Docket #96), and to advise the Court that, having met and conferred pursuant to the Court's Order dated November 14, 2012 (Docket #98), the parties have not reached agreement on discovery to take place pending the disposition of Defendants' anticipated motion to dismiss. I submit, as outlined below, that the Defendants have not met their burden of showing that a stay of discovery is appropriate in this case. That is particularly true given that the requested stay would lead to further delay in this longstanding case.

      Relator endeavored to reach an agreement with Defendants on a limited scope for discovery pending resolution of Bayer's motion to dismiss. In particular, Relator proposed discovery consisting entirely of documents, deposition transcripts, and deposition exhibits already produced in In re Trasylol Products Liability Litigation, No. 08-md-01928-DMM (S.D. Fla.) (the "Trasylol MDL"). (Ex. A hereto.) Relator has access to only some of those documents, and there are restrictions on the access she does have. Bayer had conceded the relevance of these materials to this case when it cited in its letter (at 5) "the extensive discovery that has been undertaken in the products liability litigation involving Trasylol" as a factor that, according to Bayer, purportedly mitigated the prejudice of a stay. Bayer has not disclaimed the relevance of such discovery (at least not directly), and has not cited any burden – let alone the requisite undue burden – that production of these materials would pose. Nor has Bayer even suggested that it seeks any discovery from Relator. Instead, Bayer has rested on the argument in its letter that a stay of discovery is warranted simply because Bayer believes it can advance meritorious arguments in a motion to dismiss.

      Such an argument has never been sufficient to warrant a stay of the plaintiff's right to discovery. The general rules of discovery reflect the propriety and efficiency in permitting a plaintiff to begin to collect the evidence on which it will prosecute its claims, even if the defendant believes the plaintiff has not stated a claim. If Bayer's position were correct, then an

Hon. Michael A. Hammer
December 12, 2012
Page 3

automatic stay equivalent to that required by the PSLRA, 15 U.S.C. § 78u-4(b)(3), would apply in any federal civil case, not just securities class actions. That is not the law. To the contrary, it is well settled that "a pending motion to dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery." 10A Federal Procedure (L. Ed.) § 26:337 (2012). Instead, "the court should carefully balance the relative benefit and harm that would ensue to each party from the grant or denial of a stay." 19th Street Baptist Church v. St. Peters Episcopal Church, 190 F.R.D. 345, 349 (E.D. Pa. 2000).

In 19th Street Baptist Church, for example, the court held that even where a motion to dismiss presented "a viable challenge to the court's jurisdiction," this factor did not warrant a stay of discovery given the balance of other relevant factors, including that "even if defendants' jurisdictional challenges succeed, a decision in their favor will not come for some time given the complex issues the court must address and likely appeal that would follow if a dismissal is granted," and that "the expense defendants will incur is relatively modest in this case, and defendants are apparently well heeled entities represented by able counsel." Id. at 349. Here, where Bayer's motion to dismiss will present complex issues, resolution of the motion is months away, and Bayer can point to no burden that discovery would pose, a stay of discovery is similarly inappropriate. The authority cited by Bayer is not to the contrary. See Mann v. Brenner, 375 Fed. Appx. 232, 239 (3d Cir. 2010) (relying on holding that plaintiff's complaint failed to state a claim in determining that the district court did not abuse its discretion in ordering a stay of discovery); Weisman v. Mediq, Inc., Civ. A. No. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995) (granting stay of discovery where court had already received and reviewed the defendants' motion to dismiss and determined that it would "potentially lead to dismissal of the entire action").

Bayer is improperly attempting to raise purported problems with Relator's claims without resorting to a Motion to Dismiss. The impropriety of Bayer's maneuver is exacerbated by the paucity of detail and weakness in its arguments. Bayer tries, for example, to direct this Court's attention to Relator's action in the District of Minnesota relating to Bayer's fraudulent conduct promoting and selling the drug Baycol. That case deals with different facts and is therefore irrelevant, but any lessons to be drawn from that case would point to a denial of Bayer's requested stay. Contrary to Bayer's characterization, although at the motion to dismiss stage the district judge found that Relator was not the original source for some allegations, the court found Relator to be the original source for other allegations, and therefore jurisdiction was deemed proper. The case was dismissed only on the grounds of failing to meet a uniquely heightened pleading standard, providing example claims that were "in and of themselves false," that is not required in the vast majority of Circuits including this one. Relator has appealed the dismissal; the appeal is pending before the Eighth Circuit Court of Appeals.

Bayer further claims that "most or all" of Relator's case is based on well-known public information, but then cites as examples background information in the complaint that is not the basis of any of Relator's detailed and specific causes of action. Even more unreasonable is Bayer's citation of Trudy Burns Crookshank's deposition in Ex. 2 as "publicly disclosed" to prevent Relator's Avelox claims that were filed in July 2006. In addition, Bayer misrepresents

Hon. Michael A. Hammer
December 12, 2012
Page 3

Relator's responses in a deposition in order to falsely claim that Relator admitted she is not the original source.  Relator's statement that she did not work on Avelox as part of her job does not preclude her observing fraudulent activity regarding its marketing.

      Relator's response to Bayer's forthcoming Motion to Dismiss obviously will set forth, as appropriate, a more complete opposition to Bayer's arguments.  As the record stands, Bayer has presented no reasonable basis for precluding Relator from taking discovery prior to the disposition of that prospective motion.  I submit that the Court should order Bayer to produce the materials that Relator has requested (Ex. A hereto), and permit Relator to conduct limited third-party discovery.

      Respectfully submitted,

      /s/ Edward Normand
      Edward Normand


cc:    Hon. Jose L. Linares, U.S.D.J. (via ECF)
       All counsel of record (via ECF)