

LAWRENCE S. LUSTBERG
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4731  Fax: (973) 639-6285
llustberg@gibbonslaw.com

December 20, 2012

**VIA ELECTRONIC MAIL AND U.S. MAIL**

Honorable Michael A. Hammer
United States Magistrate Judge
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey  07101

      **Re:**  *United States* ex rel. *Simpson v. Bayer*
            Civ. No. 05-3895 (JLL-MAH)

Dear Magistrate Judge Hammer:

    Defendant Bayer[1] respectfully requests the opportunity to submit this brief reply to Relator's December 12, 2012 letter seeking discovery in this matter pending the Court's consideration of defendants' motion to dismiss for lack of jurisdiction, failure to state a claim and failure to plead fraud with particularity.  Relator's demand for all discovery from all of the parties in the Trasylol MDL products liability action — an action in which Relator successfully opposed participating — is far from the "cabined" discovery in which Relator claimed to be interested when this request was first discussed during the October 19, 2012 status conference with Your Honor, and in subsequent conferences with the Court.  Indeed, her demand extends even to documents from Bayer AG, which Relator has not served, and Bayer Healthcare AG, which Relator has not sued.  For the reasons set forth herein, and in Bayer's letter to Your Honor dated November 13, 2012, this request should be denied.

    After initially not opposing Bayer's motion, Relator — on the very last day of the meet-and-confer period — requested all MDL discovery from all parties.  Setting aside the manner in which Relator "met and conferred," this request for documents is completely inconsistent with her prior litigation position.  Specifically, Relator's sudden pressing need for all MDL discovery is inconsistent with her 2010 argument that this *qui tam* case is very different from the MDL action.  At that time, she was opposing Bayer's attempt to coordinate this action with the Trasylol MDL.  In that context, she argued that "there is a vast difference in discovery between this action in its entirety and the Trasylol MDL." (Simpson's July 14, 2010 Opposition to Defendants' Motion to Vacate Conditional Transfer Order 40 at 14; capitalization removed).  While not dismissing MDL discovery in its entirety, Relator stressed the differences between her case and the MDL, arguing (1) that "discovery and pretrial proceedings uniquely pertaining to this qui tam suit will not duplicate those in the Trasylol MDL" (*id.* at 15) and (2) that "the vast majority of the issues in this action are unique from the Trasylol MDL." (*Id.* at 16)  Having

---

[1] This letter is submitted on behalf of Bayer Corporation, Bayer HealthCare Pharmaceuticals, Inc., and Bayer HealthCare LLC ("Bayer").  Bayer AG, a named defendant, has not yet been served.

GIBBONS P.C.

Honorable Michael A. Hammer
United States Magistrate Judge
December 20, 2012
Page 2

campaigned vigorously, and successfully, to be kept out of the Trasylol products liability MDL because her *qui tam* case is so different, Relator cannot credibly claim to be unfairly handicapped by a lack of access to this product liability discovery, during the relatively short time period (on a schedule to which she has consented) for the Court to determine whether it has jurisdiction, whether Relator has stated a claim and whether she has pled her case with sufficient particularity.

There are other reasons why such wide-ranging discovery is also inadvisable in this particular context. A relator who is not, in fact, an original source may inappropriately remedy her lack of knowledge with information gained in discovery. Indeed, Federal Rule of Civil Procedure 9(b) — whose heightened pleading requirements apply to claims brought under the FCA, (*United States ex rel. LaCorte v. SmithKline Beecham Clinical Labs., Inc.*, 149 F.3d 227, 234 (3d Cir. 1998)) — is intended to protect against just this eventuality. That is, one of Rule 9(b)'s purposes is "to preclude the use of a groundless fraud claim as a pretext to discovering a wrong." *In re Westinghouse Securities Litig.*, 832 F. Supp. 948, 965 (W.D. Pa. 1993) (internal quotation omitted). Given that Relator has just filed her seventh amended complaint, there is more than a colorable possibility that she is seeking discovery in an attempt to fill in the gaps in her defective qui tam complaint. A stay of discovery would avoid this problem.

Finally, as Bayer has argued previously, the case law in this Circuit supports a stay when, as here, a legally dispositive motion can be decided in short order without discovery: "A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and therefore may be decided on its face without extensive factual development." *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989) (the purpose of Rule 12(b)(6) is to "streamline[ ] litigation by dispensing with needless discovery and factfinding"); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("A motion to dismiss based on failure to state a claim for relief should . . . be resolved before discovery begins."); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (the idea that discovery should be permitted before deciding a motion to dismiss "is unsupported and defies common sense [because t]he purpose of F. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery")). Thus, "[w]here a pending motion to dismiss may dispose of the entire action and where discovery is not needed to rule on such motion, the balance generally favors granting a motion to stay." *Weisman v. Mediq, Inc.*, Civ. A. No. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995) (citations omitted).

In fact, the case cited by plaintiff, *19th Street Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345 (E.D. Pa. 2000), supports Bayer's request. There, the court observed that "'a stay is proper where the likelihood that such motion may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay.'" *Id.* at 349 (quoting *Weisman*, 1995 WL 273678 at *2). As noted above, no prejudicial delay would

GIBBONS P.C.

Honorable Michael A. Hammer
United States Magistrate Judge
December 20, 2012
Page 3

result from a stay.  By contrast, in *19th Street Baptist Church,* the only reason that the court did not stay discovery was that the witnesses whom plaintiff sought to depose were elderly and infirm and thus, any delay risked their availability to testify at trial.  190 F.R.D. at 346.

In sum, Bayer's request for a stay is both justified and prudent.  The cases say so, and Relator's previous actions and briefs establish that there is no pressing need for her to have MDL discovery now, if ever.  In light of these facts, and given the serious doubt surrounding the viability of Relator's claims,[2] including whether this Court has jurisdiction, it would be a waste of resources to force Bayer to reproduce the massive amount of discovery from the MDL that Relator seeks.[3]

Thank you for your kind consideration of this matter.

Respectfully submitted,

s/ Lawrence S. Lustberg
Lawrence S. Lustberg

cc:   Hon. Jose L. Linares, U.S.D.J. (*via ECF)*
      Eugene A. Schoon, Esq. (*via ECF*)
      Edward Normand, Esq. (*via ECF*)
      Jeremy B. Stein, Esq. (*via ECF*)
      Paul S. Doherty, Esq. (*via ECF*)
      Roseanne C. Baxter, Esq. (*via ECF*)
      David Edward Dauenheimer, Ass't U.S. Attorney (*via ECF*)

---

[2] Relator's challenge to the dismissal arguments previewed in Bayer's letter only serve to underscore the weakness of her claims.  These weaknesses will be discussed in full in Bayer's forthcoming motion.

[3] As noted above, a significant amount of the information produced in the MDL was produced by Bayer AG, a German corporation, which has not been served, and Bayer Healthcare AG, an entity that Relator has not sued.  Relator has made no attempt to tailor or focus her discovery requests in any way.