

LAWRENCE S. LUSTBERG
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4731 Fax: (973) 639-6285
llustberg@gibbonslaw.com

July 15, 2013

**VIA ECF**

Honorable Jose L. Linares
United States District Judge
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey  07101

      **Re:**  *United States* ex rel. *Simpson v. Bayer*
            Civ. No. 05-3895 (JLL)(JAD)

Dear Judge Linares:

      As Your Honor is Aware, this Firm and Sidley Austin LLP represent Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., and Bayer Healthcare LLC ("Bayer Defendants")[1] in the above-captioned matter.  We write in light of Plaintiff/Relator Laurie Simpson's letter dated July 8, 2013, *see* ECF No. 126, regarding the Government's Statement of Interest, ("Statement") filed June 18, 2013, *see* ECF No. 117.  Simpson's Response ("Resp.") presents entirely new argument and authorities that are completely unrelated to the Government's Statement — including a new exhibit on which Bayer has had no opportunity to comment.  Simpson also presents new twists on prior arguments.  Accordingly, Bayer respectfully submits this short response.

**I.**    **The Government's *Krahling* brief is inapposite.**

      Simpson acknowledges the narrowness of the Government's Statement in this case, but then asserts that the Government's submission in another case — *United States ex rel. Krahling v. Merck & Co.*, No. 10-cv-4374 (E.D. Pa.)—shows that the Government "views misbranding of the kind Simpson has alleged as both material to the Government's payment decision and a viable basis for an FCA claim."  Resp. 3.

      The Government's views with respect to Simpson's case are set forth in the Government's Statement here, and *Krahling* does not support the expansive reading proposed by Simpson.  There, the Government was responding only to the specific legal argument that a private relator — as distinguished from the Government — could not bring suit under the False Claims Act ("FCA") alleging fraud on the FDA or a violation of FDA's regulations.  Resp. Ex. A at 2.  That issue is not implicated here because it is unclear whether Simpson is pursuing a fraud-on-the-FDA theory and, to the extent she is, she has not alleged the facts to support it.  *See* Bayer Response to Statement ("Bayer Resp.") 2 n.1.

---

[1] This application is brought only by Bayer Corporation, Bayer HealthCare Pharmaceuticals, Inc., and Bayer HealthCare LLC ("Bayer").  Bayer AG, a named defendant, has not yet been served.

GIBBONS P.C.

Honorable Jose L. Linares
United States District Judge
July 15, 2013
Page 2

### II. Simpson cannot save her "reasonable and necessary" counts.

In a bid to rehabilitate her "reasonable and necessary" counts (Counts 7 and 8), Simpson asserts sweepingly and without support that the off-label Trasylol uses of which she complains were not supported by medical compendia. Resp. 4. As Bayer previously has explained, the test for whether an off-label use is "reasonable and necessary" is whether it is "medically accepted" — a standard met here by supportive compendium listings. *See* Mem. of Law in Support of Bayer's Mot. to Dismiss ("Bayer Mem.") 25 & nn.18-19, Exs. K, L; Bayer Resp. 4-5 & n.2. But, in spite of her assertion, Simpson concedes compendium support for use of Trasylol in valve surgery for patients with a high risk of bleeding. Resp. 4. The other uses of which she complains are similarly supported:

- The American Medical Association – Drug Evaluations ("AMA-DE") supports the use of Trasylol in valve surgery not only in cases with a high risk of bleeding, but also in cases without such risk if "transfusion is unavailable or unacceptable" Bayer Mem. Ex. L at 4.

- The AMA-DE also supports the same use in combination coronary artery (CABG)/valve surgery. *Id.* (supporting use in "valve and aortic procedure").

- The use of Trasylol in "off-pump" CABG surgery — *i.e.*, CABG surgery performed without use of a cardiopulmonary bypass machine — is clearly supported. *Id.* (providing no limitation to performing CABG only while using a cardiopulmonary bypass machine).

Simpson's other arguments are similarly unsupported. She tries to evade 42 U.S.C. § 1395pp(a) — which provides that the Government must pay claims for uses that are *not* reasonable and necessary if the patient and provider lacked requisite knowledge—by asserting that this provision protects only "innocent providers." Resp. 5. But her sole authority is a case, *Almy v. Sibelius,* 749 F. Supp. 2d 315, 335 (D. Md. 2010), *aff'd*, 679 F.3d 297 (4th Cir. 2012), that held only that a provider may have constructive knowledge. *Id.* at 5. Simpson has not alleged *any* provider knowledge, constructive or otherwise, an omission that is fatal to her argument and to this Complaint. *See* Reply 25-26. That is because the law is clear: to state a claim under the FCA, a relator must allege that the Government would have been caused to "'pay amounts it [did] not owe,'" *United States ex rel. Quinn v. Omnicare Inc.*, 382 F.3d 432, 438 (3d Cir. 2004), and §1395pp(a) provides that what the government owes depends upon provider knowledge.

Simpson also theorizes about *why* the Government Statement discussed the Secretary's discretion to decide what uses are reasonable and necessary. Resp. 5-6. But Simpson ignores that she has never alleged that the Secretary declared the Trasylol uses at issue unreasonable or unnecessary. Her case rests on speculation over what the Secretary might have done, and that is insufficient to state a claim under Rule 8. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

GIBBONS P.C.

Honorable Jose L. Linares
United States District Judge
July 15, 2013
Page 3

### III. Simpson cannot salvage her kickback counts.

Simpson attempts to save her kickback counts by asserting that Bayer paid consulting fees and travel expenses with bad intent. Resp. at 6-7. But these allegations are insufficient as a matter of law because Simpson offers only speculation—divorced from industry context — to support her assertion that these common arrangements were commercially unreasonable or exceeded fair market value for the services provided. As Bayer previously has explained, such speculation is insufficient to plead a violation of the Anti-Kickback Statute ("AKS"), much less a nexus between the violation and a submitted claim. *See* Bayer Mem. 32-35 (citing 42 U.S.C. §§ 1320a-7a, 1320a-7b); Reply 15-16.

Simpson also now takes a position squarely contradicted by her Opposition brief. She argues that the mere fact that Bayer analyzed the return on investment on physician education programs "compel[s] the inference that physicians who received illegal kickbacks wrote prescriptions for Trasylol and Avelox." Resp. 8. This conflicts with Simpson's prior assertion that "nowhere does [she] allege that Bayer's funding … can be inferred to be improper merely because Bayer attempted to determine the 'cost-versus-benefit.'" Opp. to Bayer's Mot. To Dismiss 13. As Bayer previously explained, the fact that Bayer analyzed the profitability of these programs is not determinative as to whether the providers submitted false or fraudulent claims to the Government. Bayer Mem. 32-35; Reply 15-16.

### IV. Simpson's "spin" on *Wilkins* is wrong.

Simpson's submission once again mischaracterizes the Third Circuit's holdings in *United States ex rel. Wilkins v. United Health Care Group*, 659 F.3d 295 (3d Cir. 2011). Specifically, her contention that *Wilkins* allowed counts based on AKS violations to proceed without allegations of a false certification, Resp. 9-10, is wrong. To the contrary, the Third Circuit explained that, under the law in effect at the time of the conduct at issue here, the relator must allege a false certification—be it express or implied—along with violations of the AKS. 659 F.3d at 313-14.

Likewise, Simpson's argument that she can proceed on Counts 2, 4, 6, and 8 under 31 U.S.C. § 3729(a)(2) without alleging an expressly false certification, Resp. 10-11, repeats incorrect assertions from her Opposition. As Bayer has explained, the Third Circuit is clear that (i) a false certification is required for counts based on alleged AKS or drug-law violations, and (ii) when those counts are brought under §3729(a)(2) (as opposed to §3729(a)(1)), the false certification must be express. *Wilkins*, 659 F.3d at 306-07. *See* Bayer Mem. 25-26; Reply 27; Bayer Resp. 6.

GIBBONS P.C.

Honorable Jose L. Linares
United States District Judge
July 15, 2013
Page 4

## V. Simpson cannot establish the materiality of alleged misrepresentations to DRG payments here.

Simpson misstates the Government's position regarding claims paid under the Diagnosis Related Group ("DRG") system. The Government asserted that false claims could arise under this system if an allegedly false representation were material to the payment decision. Statement 7-8. Bayer agrees. *See* Bayer Resp. 10-11. But neither Simpson nor the Government has identified any authority for the proposition that an alleged misrepresentation about a drug could be material even though, as Bayer has explained, the Government would have paid the same amount for the patient's care, regardless of whether the patient received the drug. *See* Resp. 11-12; Statement 7-8; *see also* Bayer Mem. 26-30; Reply 19-23; Bayer Resp. 10-11.

Simpson raises for the first time a brand new theory of how a drug might affect the Government's costs under the DRG system — by increasing the hospital's costs by so great an amount that the hospital becomes eligible for increased reimbursement as an "outlier" under 42 C.F.R. §§ 412.80-84. *See* Resp. 12 n.1. But Simpson has never before claimed that any provider experienced outlier costs as a result of prescribing Trasylol, nor has she provided any particular allegations. Simpson also tries to rehabilitate her other DRG theory — that increased costs in one year could affect the amounts the Government pays in later years — but Bayer has already explained why this theory is impermissibly speculative. Reply 21-22

Simpson again cites *United States ex rel. Hutcheson v. Blackstone Med., Inc.*, 647 F.3d 377, 394 (1st Cir. 2011), but, as Bayer has explained, that case involved a payment condition applicable to the entire DRG-set amount, whereas use or nonuse of Trasylol did not affect the amounts the Government owed for hospital stays. *Compare* Resp. 12, *with* Reply 22-23 & n.14.

## VI. Simpson cannot ignore the elements of an FCA claim and proceed based on speculation.

Finally, Simpson repeats her argument that, if her complaint provides Bayer with notice, she need not plead causation or false claims—two elements of a cause of action under the FCA. Resp. 13. With respect to causation, Simpson tries to distinguish Third Circuit precedent rejecting the argument that a plaintiff may simply *assume* that a defendant's alleged marketing violations caused doctors to prescribe the drug. Resp. 13-14. *See In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 248 (3d Cir. 2012) (it is "pure conjecture" to speculate that a doctor's prescribing decision was caused by off-label marketing); Bayer Mem. 36-37; Bayer Resp. 9-10. Simpson asserts that the *Schering* allegations were conjectural because the plaintiff alleged illegal marketing of a different drug than the one from which they claimed injury, Resp. 14. However, the *Schering* Court also held that another plaintiff's allegations—which involved the marketing and prescription of the *same* therapy—

G<small>IBBONS</small> P.C.

Honorable Jose L. Linares
United States District Judge
July 15, 2013
Page 5

were impermissibly speculative.  678 F.3d at 249-51.  Because Simpson merely speculates that doctors failed to exercise their independent medical judgment, her counts should be dismissed.

Simpson again asks this Court to ignore her failure to plead any specifics supporting her assumption that false claims must have been submitted.  Resp. 14-17.  Simpson does not, and cannot, dispute that numerous courts of appeals have held that Rule 9(b) requires allegations of particular false claims, and *no* court of appeals has allowed a relator to proceed without alleging specific details about the alleged claim-submission process.  *See* Bayer Mem. 34-35; Reply 12-15; Bayer Resp. 12-13.  Simpson argues for the first time here that she has satisfied Rule 9(b) by explaining "how the Medicare and Medicaid systems operate."  Resp. 16.  But, like Simpson's other supposedly "detailed allegations," Resp. 16-17, that explanation injects no "precision" regarding any claims that purportedly were fraudulent.  *See* Bayer Mem. 32-38 (explaining why Simpson's other allegations are insufficient under Rule 9(b)); Reply 15-18 (same).

Simpson instead relies on cases describing the Third Circuit's general approach to Rule 9(b), Resp. 15-16, but none of these cases involves the FCA, and none rejects the Third Circuit's rule that a plaintiff must "inject[ ] precision" into her allegations.  *See Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 790-91 (3d Cir. 1984) (holding allegations of specific fraudulent transactions to be precise).  As Bayer has repeatedly explained, Simpson's allegations fall far short of anything the courts of appeals have allowed.

*          *          *

For the foregoing reasons, and those stated in Bayer's briefs, Simpson's Seventh Amended Complaint should be dismissed with prejudice.

                                                        Respectfully submitted,

                                                        <u>s/ Lawrence S. Lustberg</u>
                                                        Lawrence S. Lustberg
                                                        Gibbons P.C.
                                                        One Gateway Center
                                                        Newark, NJ 07102
                                                        (973) 596-4731

                                                        Eugene A. Schoon
                                                        Sidley Austin LLP
                                                        One South Dearborn
                                                        Chicago, Illinois 60603
                                                       (312) 853-7279

                                                        Attorneys for Defendants
                                                        Bayer Corporation et al.

G<span>IBBONS</span> P.C.

Honorable Jose L. Linares
United States District Judge
July 15, 2013
Page 6

cc:    Edward Normand, Esq. (*via ECF*)
       Jeremy B. Stein, Esq. (*via ECF*)
       Paul S. Doherty, Esq. (*via ECF*)
       Roseanne C. Baxter, Esq. (*via ECF*)
       David Edward Dauenheimer, Ass't U.S. Attorney (*via ECF*)