**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES of AMERICA, et al., *Ex rel.* Laurie Simpson,<br><br>Plaintiff / Relator,<br><br>v.<br><br>BAYER CORP., et al.,<br><br>Defendants. | Civil Action No. 05-3895 (JLL) (JAD)<br><br>**OPINION** |

**LINARES,** District Judge.

This matter comes before the Court by way of Bayer AG, Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., and Bayer Healthcare LLC (collectively "Bayer")'s motion for reconsideration of the Court's decision to deny Defendants' motion to dismiss Counts 7 and 8 of Plaintiff Laurie Simpson ("Plaintiff")'s Ninth Amended Complaint . (ECF No. 211). The Court has considered the parties' submissions in support of and in opposition to the instant motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.

## I. BACKGROUND

The facts of this matter were described in this Court's March 16, 2015 Opinion and in the interest of judicial economy the facts will not be restated in this Opinion. On March 30, 2015, Defendants filed a Motion for Reconsideration and now seek reconsideration of this Court's March 16, 2015 Order refusing to dismiss Counts VII and VIII of Plaintiff's Ninth Amended Complaint.

## II. LEGAL STANDARD

"Reconsideration is an extraordinary remedy" and should be granted "very sparingly." See L. Civ. R. 7.1(i) cmt. 6(d); *see also Fellenz v. Lombard Investment Corp.*, 400 F.Supp.2d 681, 683 (D.N.J.2005). A motion for reconsideration "may not be used to re-litigate old matters" or argue new matters that could have been raised before the original decision was reached. *See, e.g., P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F.Supp.2d 349, 352 (D.N.J.2001). To prevail on a motion for reconsideration, the moving party must "set [ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1.

The Court will reconsider a prior order only where a different outcome is justified by: (1) an intervening change in law; (2) the availability of new evidence not previously available; or (3) a need to correct a clear error of law or manifest injustice. *See N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194, 1218 (3d Cir.1995). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug.16, 2010) (*citing United States v. Grape,* 549 F.3d 591, 603–04 (3d Cir.2008) "Thus, a party must ... demonstrate that (1) the holdings on which its bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* "Mere 'disagreement with the Court's decision' does not suffice." *Id.* (*quoting P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F.Supp.2d 349, 353 (D.N.J.2001)). Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." *McGovern v. City of Jersey City*, No. 98–5186, 2008 WL 58820, at *2 (D.N.J.Jan.2, 2008).

### III. DISCUSSION

In Counts 7 and 8 of Simpson's Ninth Amended Complaint, Plaintiff alleged that Defendants violated the False Claims Act ("FCA") by causing the submission of claims for Trasylol uses that were not "medically accepted" and, accordingly, did not satisfy Medicare's "reasonable or necessary" requirement. Bayer moved to dismiss those counts on the following grounds: (1) they failed to identify Trasylol uses that were not "reasonable and necessary" and thus not covered under Medicare, (2) the claims failed to establish that the alleged misrepresentations were material to claims for government payment, and (3) the claims in Count 8 did not identify any express false certification of compliance. In ruling on Defendants' motion, the Court held that the complaint "plausibly suggest[ed] that the uses at issue were not 'medically accepted,'" and thus not "reasonable and necessary." *United States ex rel. Simpson v. Bayer Corp.,* No. 05-cv-3895, 2015 WL 1190160, at *11 (D.N.J. Mar. 16, 2015) [ECF No. 208]. Defendants argue that the Court inadvertently missed and accordingly overlooked grounds 2 and 3 as listed above, when deciding Defendants' motion.

Plaintiff argues that the mere fact that the Court's opinion did not exhaustively address each argument set forth by Defendants in its written submissions does not mean that the Court "inadvertently missed" and overlooked those arguments. Plaintiff states that Defendants' motion amounts to little more than "mere disagreement" with the Court's Opinion and Order, as well as a recapitulation of cases and arguments that have already been presented to and considered by this Court. Moreover, as Plaintiff notes and Defendants concede, the Court specifically acknowledged the very arguments Defendant raised in its initial motion, as well as the Counter arguments made by Plaintiff and Defendants' reply thereto. *Simpson*, 2015 WL 1190160, at *2-*4.

Here, Defendants' motion fails to show that this Court "overlooked" any of the above listed points. An argument is not deemed overlooked because it is not specifically addressed in a court's opinion. *Eichorn v. AT & T Corp.*, No. Civ. A. 96-3587(MLC), 1999 WL 33471890 (D.N.J. Aug. 23, 1999) (Cooper, U.S.D .J.); *Byrne v. Calastro*, No. 05-68, 2006 WL 2506722, at *2 (D.N.J. Aug. 28, 2006)(Cavanaugh, U.S.D.J). An argument may be regarded as having been considered if it is presented to the court in written submissions and in oral argument. *Id.* This Court did not overlook any of Defendants' arguments. To the contrary, this Court carefully reviewed and considered each and every point in Defendants' submissions and ultimately decided that Plaintiff had met its burden to survive Defendants' motion to dismiss.

## IV. CONCLUSION

Defendants have not met the high standard required to achieve success on a motion for reconsideration. For the reasons stated in this Opinion, Defendants' motion for reconsideration is denied. An appropriate Order accompanies this Opinion.

Date: June 8, 2015

Jose L. Linares
United States District Judge