

Writer's Direct Dial: 484-270-1418
E-Mail: dbocian@ktmc.com

September 14, 2018

**VIA ECF**

Honorable Jose L. Linares
United States District Judge
Martin Luther King, Jr. Federal Building &
U.S. Courthouse, Room 2060
50 Walnut Street
Newark, NJ 07101

        RE:    *United States ex rel. Laurie Simpson v. Bayer Corp., et al.*,
                  Civil Action No. 05-3895 (JLL) (JAD) (D.N.J.)

Dear Judge Linares,

      In accordance with the Court's September 5, 2018 minute entry, the Parties respectfully submit this joint letter regarding the status of discovery and, as promised, provide a briefing schedule for the Parties' cross-motions for partial summary judgment. *See* ECF No. 319.[1]

**I.      Proposed Briefing Schedule**

      The Parties have met and conferred on a briefing schedule for their cross-motions for partial summary judgment. The parties propose that opening motions for summary judgment shall be filed by both parties on October 5, 2018, and that opposition briefs shall be filed by both parties by November 5, 2018. Unless otherwise ordered by the Court, the Parties will not file reply briefs.

**Status of Discovery**

**II.     Pending Discovery Motions**

      The following discovery motions are pending: (1) Plaintiff-Relator has moved for an order requiring Bayer to remove relevancy redactions; and (2) Plaintiff-Relator has moved for an

---

[1] Bayer wishes to apprise the Court that even after three requests from Bayer, Relator did not provide a draft of this joint letter for Bayer's review until after 5:00 pm on the date it was due. Relator does not dispute this representation. Relator's office was closed on Monday, September 10th for religious observation, and Relator's counsel underestimated the time necessary to finalize this joint submission, given the number and complexity of discovery issues that remain unresolved. Relator's counsel apologizes to the Court for any delay.

280 King of Prussia Road, Radnor, Pennsylvania 19087   T. 610-667-7706   F. 610-667-7056   info@ktmc.com
One Sansome Street, Suite 1850, San Francisco, California 94104   T. 415-400-3000   F. 415-400-3001   info@ktmc.com
WWW.KTMC.COM



Honorable Jose L. Linares
September 14, 2018
Page 2

order requiring Bayer to identify the specific documents for which it seeks to exercise the claw back provisions of the Protective Order. (ECF No. 235).

### A. Relevancy Redactions

On March 17, 2016, Relator submitted a letter brief to Magistrate Judge Dickson requesting that the Court order Bayer to "remove redactions made for reasons other than privilege on documents produced in this action, and also require that Bayer's future productions only contain redactions where Bayer has asserted privilege." ECF No. 246. On November 30, 2016, Judge Dickson heard oral argument and ordered supplemental briefing, which the Parties submitted *in camera* on December 7, 2016. On January 3 and 25, 2017, Judge Dickson entered orders requiring Bayer to remove relevancy redactions from twenty-percent of its production, after which "the Court [would] be in a better position to determine whether Defendants must re-review the balance of their production." ECF Nos. 266, 269. On April 18, 2018, after receiving and reviewing a portion of the un-redacted twenty-percent, Relator requested that the Court order Bayer to remove all relevancy redactions, and the Parties submitted additional letter briefs on April 18, May 9, and May 23, 2018. ECF Nos. 298, 304, 307. That dispute remains pending.

### B. Bayer's Claw Back

On January 15, 2018, Bayer sought to claw back approximately 22,000 documents (approximately 1 million pages) on the grounds that the documents had been inadvertently produced without privilege redactions due to a computer error. Bayer's position is these documents were listed on the privilege log and had previously been produced to Relator in redacted form, but when Relator asked Bayer to reproduce the documents and Bayer did so as a matter of professional courtesy, the redactions were inadvertently stripped. Relator contends that Bayer is unable to identify which documents were inadvertently produced and has conceded that it "does not know to what extent the redactions were stripped." In addition, Relator contends that the documents were not reproduced as "professional courtesy," but by defense counsel to remedy a technical issue identified by Relator. Relator has challenged the asserted claw back on the grounds that it did not comply with the terms of the Protective Order. Bayer argued that it has properly invoked the Protective Order.

On February 26, 2018, Judge Dickson denied Plaintiff-Relator's request, and entered a Letter Order directing that Relator destroy the documents in question, that Bayer reproduce the documents in redacted form, and that the parties meet and confer regarding any of Relator's work product that incorporated information subject to claw back. ECF No. 288. On March 2, 2018, Relator requested a stay of the Court's February 26, 2018 Order, which the Court granted. ECF Nos. 289, 292. On April 25, 2018, the Court heard argument, vacated its prior Order, and ordered supplemental briefing, which was completed on June 1, 2018. ECF Nos. 305, 308, 309. Plaintiff-Relator's motion remains pending.



Honorable Jose L. Linares
September 14, 2018
Page 3

**III.     Unresolved Discovery Issues Identified By Relator**

The parties continue to engage in the meet and confer process; however, Relator has identified the following unresolved discovery issues that Relator believes may require judicial intervention for resolution:

**A.     Lotus Notes Legal Archive**

Relator has requested that Bayer produce documents from an electronic archive that Relator contends was created in June 2004 for the purpose of legal retention.  Relator further contends that the archive was made to preserve electronic mail that was deleted for the purpose of reducing server storage costs.  Bayer contends that it has conducted a reasonable search for and produced documents from archived data covering the same time period, and that such data may include the Lotus Notes Archive.  Bayer contends that its search was reasonable especially considering the age of the documents.

Bayer also notes that Relator raised this precise issue with Judge Dickson, who rejected Relator's argument, and Relator did not seek reconsideration.  Relator disputes this characterization, and contends that Bayer's representations to the Court, including that Bayer was "unable to confirm whether the copy was ever made," were misleading.  Bayer, of course, disputes Relator's characterization and further takes issue with Relator's efforts to transform this joint letter into a piece of advocacy and an attempt to malign Bayer—especially considering that Relator added these criticisms after the letter was already overdue to the Court.  In fact, Bayer disputes many of Plaintiffs' characterizations throughout this letter, but because the letter is already overdue, *see supra* n1, Bayer has not engaged in a tit-for-tat response.  Bayer will provide its responses in a submission to the Court if any of these discovery disputes require judicial intervention.

**B.     Gaps in the Email Production for Trasylol and Avelox Custodians**

Relator contends that there exist gaps in Bayer's production of electronically stored information, specifically with respect to emails between 2002 and 2004 for various Trasylol and Avelox custodians.  Bayer has requested that Relator provide Bayer with further information on this issue.  Relator contends that several months ago, Relator provided Bayer with sufficient information to address this issue.

**C.     Additional Trasylol Custodians**

Relator has identified additional Bayer employees whose ESI was not searched as part of the Trasylol MDL, but whose custodial data Relator believes contains unique, responsive documents regarding Trasylol.  Bayer has requested that Relator provide Bayer with the proposed search terms for these custodians.  Relator contends that Bayer was long ago provided the names of additional custodians; Relator will negotiate search terms at such time as Bayer agrees to search the custodial files of additional custodians.



Honorable Jose L. Linares
September 14, 2018
Page 4

    **D.**    **Financial Tracking Databases**

Relator has requested that Bayer produce internal databases that recorded the provision of remuneration to health care professionals in connection with Trasylol and Avelox. Relator contends that Bayer's production remains incomplete, particularly with respect to specifically identified databases the existence of which were identified to Bayer in 2017. Bayer contends that it has already conducted a reasonable search but will continue to search for additional documents, if any.

    **E.**    **Return on Investment Documents**

Relator has requested that Bayer produce documents assessing 'return on investment;' that is, documents examining sales of Trasylol and Avelox in connection with certain marketing events. Relator contends that this production is incomplete. Bayer contends that it has already conducted a reasonable search but will continue to search for and additional documents once Relator responds. Relator contends that Relator provided Bayer with specific custodians and information that it can use to conduct further searches many months ago.

    **F.**    **Cardiac Team Meeting Feedback Documents**

Relator has requested documents that contain 'feedback' from health care professionals in connection with Bayer's Cardiac Team Meeting events. Relator contends that this production is incomplete. Bayer believes its production for Cardiac Team Meeting documents is complete but it will search again for additional documents and produce them if it locates any.

    **G.**    **Detailing and Call Note Database Information**

Relator contends that Bayer's production of detailing and call note database information is incomplete. Bayer responds that this production is complete.

    **H.**    **Bonus Payment, Performance Review & Personnel Files**

Relator has requested bonus payment information, performance reviews and personnel files for Bayer employees involved in Trasylol or Avelox. Bayer has objected on proportionality and relevance grounds, but has agreed to consider providing such information for a subset of employees to be identified by Relator.

    **I.**    **Speaker Training Materials**

Relator has requested information pertaining to speaker training events, including attendance records, contracts, remuneration, and training materials. Relator believes that this production remains incomplete. Relator contends that it has provided Bayer with sufficient information to enable the company to respond to this request, but Bayer has not complied.



Honorable Jose L. Linares
September 14, 2018
Page 5

### J.     Fair Market Value Analyses

Relator has requested that Bayer produce documents concerning the fair market value of remuneration provided to health care providers. Bayer has requested that Relator first identify potential custodians for this information; Relator contends that it is Bayer's obligation to identify the sources of potentially responsive documents.

### K.     Account-Level Transactional Sales and Chargeback Documents

Relator has requested account-level sales data and 'chargeback' data. Bayer argues that it has not located this data from the relevant time period; Relator asserts she has identified documents which she contends demonstrate that Bayer maintained this data. Relator contends that she provided this information to Bayer long ago.

### L.     Documents Pertaining to Retaliation Claims

Relator contends that Bayer's production of materials pertaining to Relator's retaliation claims, specifically those documents identified in Relator's Third Request for Production, is incomplete. Bayer has asked Relator to provide custodians and search terms. Relator contends that the Third Request for Production was served in February 2016, and at each effort to discuss Bayer's production of responsive documents, Bayer asserted that it was prioritizing production of other materials, only to later contend that its production was complete. Relator further contends that there are several categories of requested documents that do not require search terms and custodians.

### M.     Avelox and Third Party Program Attendee, Payment and Other Remuneration Information

Relator contends that Bayer's production of attendee, payment and other remuneration information, and program materials for Avelox-related programs and third party programs – such as Clinical Advisory Panels, Avelox launch programs, Velocity Challenge, Signature Series, International Symposia, Avelox to the Max, Best in Class Telesymposia and other Telesymposia, Breakfast Roundtables, ACES 2000 Consultant Meetings, Avelox Consultant Exchange Newsletter, Avelox Advisory Board and consultant meetings and programs, and Bayer-funded CME programs – is incomplete. Bayer contends that it will soon complete the Avelox ESI discovery according to the custodians and search terms to which Relator agreed. If Relator wants additional Avelox documents, Bayer has asked her to provide more information. Relator contends that Relator has requested discrete categories of information separate and apart from those materials produced as the result of the utilization of search terms and custodians, and has requested such materials since January 2016.



Honorable Jose L. Linares
September 14, 2018
Page 6

    **N.**    **Fact Deposition Discovery**

In the Joint Rule 26 Conference Report and Discovery Plan, Relator proposed that either party may re-depose any of the witnesses previously deposed in the Trasylol MDL, and that Relator be permitted to depose up to an additional twenty-five fact witnesses. ECF No. 228. Bayer objected to any re-examination of witnesses previously deposed in the Trasylol MDL that is duplicative of previously taken testimony, and proposed that fact witness depositions in excess of 10 per party shall proceed only by agreement or upon leave of Court. *Id.* To date, the Parties have been unable to agree upon the number of depositions, but will continue conferring in an effort to reach an agreement.

**IV.**    **Existing Discovery Issues Identified By Defendants**

The parties continue to engage in the meet and confer process; however, Bayer has identified the following discovery issues that Bayer believes may require judicial intervention for resolution:

    **A.**    **False Claims Relator Intends to Use at Trial**

Bayer contends that Relator must identify each false claim she intends to present at trial. Relator contends that Bayer's request is improper contention discovery and that Relator has already provided hundreds of thousands of claims for payment to Bayer.

    **B.**    **Government Decisions to Deny Payments for False Claims**

Bayer has requested that Relator produce documents that reflect the government's decision to deny payments for false claims, including any claims for Trasylol or Avelox. Bayer contends that Relator has refused to do so to date but indicates she will at a later time. Relator contends that she has agreed to produce any documents she has that are responsive to this request.

    **C.**    **Government Guidance**

Bayer has requested that Relator produce government guidance that Relator contends Bayer violated. Bayer contends that Relator has refused to do so to date, but offered to reconsider her position. Relator contends that this request is improper contention discovery.

    **D.**    **Employment and Salary Information**

Bayer has requested that Relator produce documents regarding Ms. Simpson's employment and salary after she left Bayer. Relator has not yet produced these documents, but indicates that she will do so.



Honorable Jose L. Linares
September 14, 2018
Page 7

E.  **Responses and Objections to Second Request for Production**

Bayer contends that Relator's responses and objections to Bayer's Second Request for Production are improper and incomplete and therefore require amendment.  Relator previously agreed to amend her responses in April 2018, but has not yet done so.

F.  **Alias Email Accounts**

Bayer has requested that Relator produce responsive documents from any alias email accounts utilized by Ms. Simpson.  Relator confirmed she will do so.

G.  **Documents from Relator's Computer Hard Drives and Storage Disks**

Bayer has requested that Relator produce responsive documents from Relator's computer hard drives and storage disks.  Relator confirmed she will make this production.

H.  **Documents from Relator's Personal Email Accounts**

Bayer has requested that Relator produce responsive documents from Relator's email accounts.  Relator confirmed she will make this production.

I.  **Documents Relator Obtained From Bayer**

Bayer has requested that Relator produce documents obtained from Bayer. Relator confirmed she will make this production.

Please do not hesitate to call any of us should Your Honor have any question or concerns.  Thank you for your kind attention to this matter.

    Respectfully submitted,

| | |
|---|---|
| /s/ Jonathan F. Cohn | /s/ David A. Bocian |
| Jonathan F. Cohn | David A. Bocian |
| Benjamin M. Mundel | Terence Zeigler |
| **SIDLEY AUSTIN LLP** | Tyler S. Graden |
| 1501 K Street, N.W. | Asher A. Alavi |
| Washington, D.C. 20005 | **KESSLER TOPAZ** |
| Tel.: (202) 736-8110 | **MELTZER & CHECK, LLP** |
| jcohn@sidley.com | 280 King of Prussia Road |
| bmundel@sidley.com | Radnor, PA 19087 |
| | Tel. (484) 270-1418 |
| Lawrence S. Lustberg | Fax. (610) 667-7056 |
| Kate E. Janukowicz | dbocian@ktmc.com |



Honorable Jose L. Linares
September 14, 2018
Page 8

**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel.: (973) 596-4731
llustberg@gibbonslaw.com

*Attorneys for Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., and Bayer Healthcare LLC*

tziegler@ktmc.com
tgraden@ktmc.com
aalavi@ktmc.com

James E. Cecchi
**CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO, P.C**.
5 Becker Farm Road
Roseland, NJ 07068
Tel. (973) 994-1700
Fax. (973) 994-1744
jcecchi@carellabyrne.com

*Attorneys For Plaintiff-Relator*