**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* LAURIE SIMPSON,<br><br>  Plaintiff,<br><br>v.<br><br>BAYER CORPORATION, et al.<br><br>  Defendants. | Civil Action No. 05-3895 (JLL)(JAD)<br><br>ORDER |

This matter comes before the Court by reference from the Honorable Joseph A. Dickson, U.S.M.J. regarding appointment of special discovery master in the above-captioned litigation. Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument on this issue; and

**WHEREAS** Plaintiff/Relator commenced this matter by filing a Complaint on August 5, 2005. (ECF No. 1). After resolution of multiple rounds of motion practice directed at the sufficiency of Plaintiff/Relator's pleading, as well as various procedural issues, Plaintiff/Relator filed a Tenth Amended Complaint on April 14, 2015. (ECF No. 213). On July 16, 2015, Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., and Bayer Healthcare, LLC filed an Answer to Plaintiff's Tenth Amended Complaint. (ECF No. 222). The Hon. Joseph A. Dickson, U.S.M.J. thereafter conducted a case management conference on October 8, 2015 and issued a Pretrial Scheduling Order. (ECF Nos. 229, 231). The parties then commenced the discovery process in earnest; and

**WHEREAS** the parties have aggressively litigated various discovery issues in the matter, including a dispute concerning Defendants' attempt to claw back certain documents allegedly produced without appropriate redactions, as well as a disagreement over Defendants' redaction of documents to conceal allegedly irrelevant information. (See ECF Nos. 246, 247, 258, 260, 267, 268, 286, 287, 289, 290, 298, 304, 307, 308, 309). The Court has devoted substantial time to addressing and attempting to resolve these disputes, conducting several in-person conferences and issuing various orders. By letter dated September 14, 2018, the parties advised the Court of twenty-three (23) new discovery issues that, while not yet ripe, are likely to require Court intervention in the future; (ECF No. 320); and

**WHEREAS** Federal Rule of Civil Procedure 53(a)(1)(C) provides, in pertinent part, that the District Court may appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district."; and

**WHEREAS,** "[a]lthough it is clear that the appointment of a special master must be limited in scope and is not justified simply because of docket congestion or the complexity of factual and/or legal issues . . . utilization of a master is appropriate to 'perform some other time consuming or detailed tasks that the district court judge or a magistrate judge would be less efficient in accomplishing.'" Luppino v. Mercedes Benz USA, LLC, No. 09-05582 (DMC), 2013 WL 5025229, at *3 (D.N.J. Sept. 11, 2013) (quoting Agostino v. Quest Diagnostics, Inc., No. 04-4362, 2012 WL 2344865, at *1 (D.N.J. June 20, 2012)); and

**WHEREAS** "courts in this Circuit have appointed special masters to oversee and facilitate complicated and contentious discovery." Id. (citing Grider v. Keystone Health Plan Cent., Inc., No. 2:01-cv-05641 (JKG) (E.D. Pa. Aug. 25, 2005, ECF No. 373) ("Furthermore, it is the court's

belief that the appointment of a discovery master, who will be in a position to promptly and informally consider the views of the parties . . . and attempt to mediate them, will be an invaluable aid to the overall case management of this matter.")). Indeed, this Court previously determined that the appointment of a special discovery master was appropriate in a matter involving "very voluminous and complex issues of discovery." Williams v. BASF Catalysts, LLC, No. 11-1754 (JLL), 2017 WL 4220282, at *1 (D.N.J. Sept. 21, 2017); and

**WHEREAS**, based on the parties' recent submissions, it has become clear that this matter will require intensive case management involving the resolution of, potentially, dozens of discovery disputes. That level of case management, however, is simply not sustainable at this time given the docket congestion in the District of New Jersey and the press of other matters on the Court's docket. The District currently has four vacant judgeships, two of which the Judicial Conference considers to be "judicial emergencies." The District will have a fifth vacancy in November 2018. In addition to those vacancies, the Judicial Conference has indicated that the District is in need of three new judgeships; and

**WHEREAS** the Court finds that, given the history of this matter, and, in particular, considering the breadth of the parties' anticipated discovery disputes, as well as the likelihood that new disputes will arise with regularity for the duration of the discovery period, it is both necessary to appoint a special master in this case and appropriate to do so pursuant to Federal Rule of Civil Procedure 53(a)(1)(C);

**IT IS on this** 29th **day of October, 2018,**

**ORDERED** that the Honorable Dennis M. Cavanaugh (Ret.) is hereby appointed as special master pursuant to Fed. R. Civ. P. 53(a); and

### I. SCOPE OF THE SPECIAL MASTER'S AUTHORITY

**IT IS FURTHER ORDERED** that the special master shall oversee the schedule for completion of discovery and all discovery disputes and motions related thereto pursuant to procedures for practice that the special master may establish and modify as necessary. The authority of the special master hereunder shall be coextensive with those of a Magistrate Judge in the District of New Jersey pursuant to Local Civil Rule 72.1, and as such, any appeal of an action or decision made by the special master shall be filed with the Court pursuant to Local Civil Rule 72.1(c)(1); and

**IT IS FURTHER ORDERED** that, among other things, the special master shall address all of the issues set forth in the parties' various submissions, listed above, that remain unresolved following the conference scheduled for November 27, 2018. The special master shall also address new discovery issues that arise following the November 27, 2018 conference. **On or before November 16, 2018**, the parties shall provide the special master with a joint letter that provides a current inventory of all such open disputes, with citations to the relevant docket entries embodying those disputes. The parties shall also file that letter on the docket for this matter; and

### II. COST OF SPECIAL MASTER

**IT IS FURTHER ORDERED** that for all matters requiring his attention, the special master shall determine each parties' costs, which shall be proportional, in the special master's good faith estimation, to the services rendered with respect to each party. However, absent a determination of good cause by the special master based upon an appropriate record, in general: the parties shall equally bear the costs relative to the special master's resolution of any dispute; and

**IT IS FURTHER ORDERED** that the Special Master shall receive an hourly rate of $700.00, and shall be reimbursed for any reasonable out-of-pocket expenses; and

**IT IS FURTHER ORDERED** that for the special master to fulfill his responsibilities hereunder most efficiently and at the least cost to the parties, he may employ as assistant(s) lawyers at the special master's law firm, selected by the special master, under the supervision and control of the special master, and utilized at the special master's sole discretion, and such lawyers shall receive an hourly rate of $450.00; and

**IT IS FURTHER ORDERED** that the special master and his assistant lawyer(s) shall submit invoices to each party on a monthly basis; and

### III. PROCEDURES

**IT IS FURTHER ORDERED** that the submissions related to any discovery application directed to the special master shall be submitted to the special master via email in electronic format (with one courtesy hardcopy sent to the special master), and shall also be electronically filed via CM/ECF. All motion papers shall comply with applicable Federal Rules of Civil Procedure and Local Rules of this District, unless otherwise ordered by the special master; provided, however, that nothing herein shall preclude the special master from adopting or utilizing informal procedures to resolve disputes including, but not limited to: conducting in person or telephone conferences; requiring that the parties meet and confer; and directing the parties to submit and/or exchange letters in lieu of briefs; and

**IT IS FURTHER ORDERED** that the special master may consult with the Court, including, but not limited to, the Magistrate Judge, and if necessary, shall submit any reports and recommendations, including matters resolved by consent, to the Court for entry as an Order on the docket; and

**IT IS FURTHER ORDERED** that the confidentiality of any materials or arguments presented to the special master will be treated in accordance with the Discovery Confidentiality Order already in place in this action; (ECF No. 312); and

**IT IS FURTHER ORDERED** that the special master and his assistant lawyer(s) shall not be subject to subpoena by any party; and

**IT IS FURTHER ORDERED** that the special master may impose on a party any noncontempt sanction provided by Rules 37 or 45 (including his own fees and expenses), and may recommend a contempt sanction against a party and sanctions against a nonparty; and

**SO ORDERED**

_____
JOSE L. LINARES
Chief Judge, United States District Court

cc:  Hon. Joseph A. Dickson, U.S.M.J.