

LAWRENCE S. LUSTBERG
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4731 Fax: (973) 639-6285
llustberg@gibbonslaw.com

November 16, 2018

**VIA ECF, Email, and Federal Express**

The Honorable Dennis M. Cavanaugh
Special Master
McElroy, Deutsch, Mulvaney & Carpenter LLP
1300 Mount Kemble Ave
P.O. Box 2075
Morristown, NJ 07962-2075
dcavanaugh@mdmc-law.com

    **RE:**  *United States ex rel. Laurie Simpson v. Bayer Corp., et al.*,
       **Civil Action No. 05-3895 (JLL) (JAD) (D.N.J.)**

Dear Special Master Cavanaugh:

  Please accept this letter on behalf of defendant Bayer Corp. regarding the open discovery disputes in this matter. We had intended to file a joint letter and would have done so but for the fact that, at the very last minute, Relator thwarted the parties' efforts to file a joint submission. Specifically, yesterday evening, Relator insisted on adding a paragraph to the beginning of the letter, the only purpose of which was to malign Bayer. Because that irrelevant addition was inappropriate for a joint letter, Bayer submits this letter, which is simply the final draft of the joint letter before Relator's last-minute addition. We hope it is helpful to the Court.

***

  In accordance with the Court's October 30, 2018 Order, the Parties respectfully submit this joint letter setting forth the current open disputes in advance of the November 27, 2018 conference. *See* ECF No. 328. Unless referenced specifically herein, the discovery items referenced in the joint letter submitted by the Parties on September 14, 2018 remain unresolved. *See* ECF No. 320 (attached hereto, as Ex. A). This letter is intended to relate these issues in the form of the "inventory" ordered by the Court; at Your Honor's request, the parties will provide more substantial explanation and briefing with regard to each of these issues.

**Status of Discovery**

**I.  Pending Discovery Motions**

  The following discovery motions are pending:

GIBBONS P.C.

November 16, 2018
Page 2

    **A. Relevancy Redactions from MDL**: Relator has moved for an order requiring Bayer to remove all relevancy redactions from its document productions. ECF No. 246.[1]

    **B. Return of Privileged Documents from the MDL**: Relator has moved for an order requiring Bayer to identify the specific documents for which it seeks to exercise the claw back provisions of the Protective Order (ECF No. 235). *See* ECF No. 286.[2]

## II. Unresolved Discovery Issues Identified by Relator

The following developments have occurred with respect to the open discovery issues identified by Relator in the Parties' September 14, 2018 Letter. (Ex. A).

### A. Gaps in the Email Production for Trasylol and Avelox Custodians

On October 5, 2018,[3] Relator provided Bayer with a list of eleven Avelox custodians for whom Bayer produced few or no emails from 2003 and 2004 and an Avelox custodian who had a marked decline in emails in 2003 and 2004. Relator also identified several Trasylol custodians for whom similar declines in email production occurred after 2002, despite these custodians continued employment at Bayer through 2004.

Bayer's position is that Relator's data is incorrect and incomplete. For example, Relator alleges that 0 documents were produced for one Avelox custodian, Paul Bedard, for 2003-04, but Bayer has produced 1,464 documents from 2003 and 2,185 documents from 2004 from his custody. Additionally, some custodians, such as Paul Hayes and Charles Poynton left Bayer in or

---

[1] On November 30, 2016, Judge Dickson heard oral argument and ordered supplemental briefing, which the Parties submitted *in camera* on December 7, 2016. On January 3 and 25, 2017, Judge Dickson entered orders requiring Bayer to remove relevancy redactions from twenty-percent of its production, after which "the Court [would] be in a better position to determine whether Defendants must re-review the balance of their production." ECF Nos. 266, 269. On April 18, 2018, after receiving and reviewing a portion of the un-redacted twenty-percent, Relator requested that the Court order Bayer to remove all relevancy redactions, and the Parties submitted additional letter briefs on April 18, May 9, and May 23, 2018. ECF Nos. 298, 304, 307.

[2] On February 26, 2018, Judge Dickson denied Relator's request, and entered a Letter Order directing that: (1) Relator destroy the documents in question, (2) Bayer reproduce the documents, and (3) the parties meet and confer regarding any of Relator's work product that incorporated information subject to claw back. ECF No. 288. On March 2, 2018, Relator requested a stay of the Court's February 26, 2018 Order, which the Court granted. ECF Nos. 289, 292. On April 25, 2018, the Court heard argument, vacated its prior Order (ECF No. 288), and ordered supplemental briefing, which was completed on June 1, 2018. ECF Nos. 305, 308, 309.

[3] A copy of Relator's October 5, 2018 Letter is attached. (Ex. B.)

GIBBONS P.C.

November 16, 2018
Page 3

before 2004, explaining their lack of documents. Bayer will meet and confer with Relator about this issue.

### B. Additional Trasylol Custodians

On October 5, Relator provided Bayer with the names of six custodians (who were not custodians in the Trasylol MDL) to search for responsive documents pertaining to Trasylol. Relator agreed to provide Bayer with proposed search terms for those custodians, but has not done so. Bayer has agreed to determine if these custodians are likely to have relevant information and to assess the burden it would impose. The parties will continue to meet and confer on this issue.

### C. Financial Tracking Databases

On September 6, Bayer produced additional documents from the SAFTS database. On October 5, Relator requested confirmation from Bayer that it produced all responsive documents from each of the following financial tracking databases: SAFTS, FSAFTS, MMFTS, and VINNET. Relator also requested confirmation from Bayer that it located the Promotional Product Fund Database ("PPFD"), which is likely to be a source of Avelox-related remuneration information. Bayer contends that it conducted a reasonable search and has already produced more than 37,000 documents from various databases. Bayer agrees it will continue to search for and produce additional responsive, non-privileged documents, if any come to its attention and are available.

### D. SAP Data

On October 5, Relator provided Bayer with the cost center, cost elements, and project codes for Trasylol and Avelox to be searched in the SAP database. Bayer agrees it will continue to search for additional responsive, non-privileged documents, if any come to its attention and are available.

### E. Return on Investment Documents

On October 5, Relator provided Bayer with the names of two Bayer employees whom she believes are likely to be custodians of responsive documents pertaining to return on investment (ROI) analyses. Bayer contends that it has already conducted a reasonable search, but agrees it will conduct another reasonable search for additional responsive, non-privileged ROI documents and produce them if it locates any.

### F. Cardiac Team Meeting Feedback Documents

On October 5, Relator provided Bayer with the names of two Bayer employees whom she believes are likely to be custodians of responsive documents pertaining to cardiac team meeting (CTM) feedback. Bayer believes its production for Cardiac Team Meeting documents is complete, but agrees it will conduct another reasonable search for additional non-privileged CTM feedback documents and produce them if it locates any.

ACTIVE 234013110

GIBBONS P.C.

November 16, 2018
Page 4

### G. Detailing and Call Note Database Information

On October 5, Relator requested that Bayer provide information to define the various codes and abbreviations that appear in the call notes produced by Bayer, to identify the databases from which the call notes originated, and to confirm that it would search for Most Effective Account Roadmap "MEAR" data.

Bayer responds that it has produced all identifiable, responsive call notes, and thus, this production is complete. Specifically, Bayer already produced 6,312,066 call notes from its Trasylol and Avelox call note databases to Relator on February 27, 2018 and July 25, 2018, respectively. Bayer agrees to conduct a reasonable search for the abbreviations from available files and produce non-privileged, relevant definitions if it locates any.

### H. Bonus Payment, Performance Review & Personnel Files

On October 5, Relator provided Bayer with the specific categories of employees from whom she sought personnel file and performance review information. Relator also requested information pertaining to how bonus and incentive compensation programs were awarded for Trasylol and Avelox. Bayer has previously objected and now again objects that this request has no relevance to this case and is overbroad and unduly burdensome. Notwithstanding that objection, Bayer has already produced all relevant performance evaluations within its possession.

### I. Speaker Training Materials

On October 5, Relator requested that Bayer search the custodial files of two Bayer employees for responsive documents pertaining to Avelox and Trasylol speaker training. Bayer has already searched and produced responsive documents from the identified Avelox custodian, Peter Zagorin, in accordance with its discovery obligations. Bayer agrees it will conduct another reasonable search and produce additional non-privileged Trasylol speaker training documents if it locates any.

### J. Account-Level Transactional Sales and Chargeback Documents

On October 5, Relator provided Bayer with additional support that Bayer tracked account-level sales data and chargeback data and again requested that Bayer produce such data. As Bayer explained in its April 30, 2018 letter, Bayer has already produced more than 56,000 pages of transactional data in September 2016 and has not been able to locate any additional charge-back data.

### K. Documents Pertaining to Retaliation Claims

On October 5, Relator again requested that Bayer produce documents pertaining to Relator's retaliation claims and to identify which custodians and sources Bayer intended to search to comply with Relator's Third Request for Production. Bayer previously asked Relator to provide custodians and search terms for this request, but Relator had contended there are categories of

requested documents that do not require search terms and custodians. Bayer will continue to meet and confer with Relator on this issue.

### L. Avelox Program Attendee, Payment and Other Remuneration Information

On September 21, Bayer produced additional Avelox-related documents. On October 5, Relator requested that Bayer confirm that it will produce all remaining attendee/participant lists, payment information and program materials for all Avelox marketing, consultant, advisory, educational, and CME programs. Bayer's position is that it has completed its discovery obligations in line with the agreed-upon parameters regarding the Avelox-related programs. Bayer will continue to meet and confer with Relator on this issue.

### M. Other Discovery Issues Identified by Relator

#### 1. Documents Withheld from Production in Trasylol MDL

On September 5, 2018, Bayer indicated that the source of its July 25, 2018 production pertaining to cardiac team meetings was documents that were collected for the Trasylol MDL but were withheld as non-responsive in that litigation. On October 5, 2018, Relator requested that Bayer identify the number of documents that were collected for the Trasylol MDL but were withheld as non-responsive in that litigation. This request is not relevant, but Bayer is willing to discuss it with Relator.

#### 2. Incomplete Production of 20% Sample of Documents Without Relevancy Redactions

On January 3 and 25, 2017, the Court ordered Bayer to remove relevancy redactions from 20% of its production so the Court would be in a better position to determine whether Bayer should remove relevancy redactions from the entirety of its production. ECF Nos. 266, 269. On October 5, Relator provided Bayer with a list of the 1,539 documents from the 20% sample that have not yet been produced without relevancy redactions.

Bayer's position is that Relator's information is inaccurate and incomplete. Of the 1,539 documents Relator lists (of which 1,520 are unique documents). 562 documents were incorrectly identified and have in fact been produced. The remaining documents were non-responsive and were not re-produced without redactions.

### IV. Existing Discovery Issues Identified By Defendants

The following developments have been made with the open discovery issues identified by Bayer in the Parties' September 14, 2018 Letter (Ex. A).

GIBBONS P.C.

November 16, 2018
Page 6

### A. Employment and Salary Information

Bayer requested that Relator produce documents regarding Ms. Simpson's employment and salary after she left Bayer. On September 18, Relator produced responsive documents regarding Relator's post-Bayer employment and job search.

### B. Alias Email Accounts

Bayer requested that Relator produce responsive documents from any alias email accounts utilized by Ms. Simpson. On September 18, Relator produced responsive documents from certain alias email accounts used by Relator.

### C. Documents from Relator's Computer Hard Drives and Storage Disks

Bayer requested that Relator produce responsive documents from Relator's computer hard drives and storage disks. On September 18, Relator produced responsive documents from Relator's computer hard drives and storage disks.

### D. Documents from Relator's Personal Email Accounts

Bayer requested that Relator produce responsive documents from Relator's email accounts. On September 18, Relator produced responsive documents from certain personal email accounts used by Relator.

### E. Documents Relator Obtained From Bayer

Bayer requested that Relator produce documents obtained from Bayer. On September 18, Relator produced additional documents obtained from Bayer.

Please do not hesitate to call any of us should you have any question or concerns. Thank you for your kind attention to these matters.

Respectfully submitted,

/s/ Lawrence S. Lustberg
Lawrence S. Lustberg
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel.: (973) 596-4731
llustberg@gibbonslaw.com

ACTIVE 234013110

GIBBONS P.C.

November 16, 2018
Page 7

                                          Jonathan F. Cohn
                                          **SIDLEY AUSTIN LLP**
                                          1501 K Street, N.W.
                                          Washington, D.C. 20005
                                          Tel.: (202) 736-8110
                                          jcohn@sidley.com

                                          *Attorneys for Defendants Bayer Corporation,*
                                          *Bayer Healthcare Pharmaceuticals, Inc., and*
                                          *Bayer Healthcare LLC*