

Writer's Direct Dial:  484-270-1418
E-Mail: dbocian@ktmc.com
*Please reply to the  Office*

November 16, 2018

**VIA E-MAIL AND ECF**

The Honorable Dennis M. Cavanaugh
Special Master
McElroy, Deutsch, Mulvaney & Carpenter LLP
1300 Mount Kemble Ave
P.O. Box 2075
Morristown, NJ 07962-2075
DCAVANAUGH@MDMC-LAW.COM

      RE:    *United States ex rel. Laurie Simpson v. Bayer Corp., et al.,*
              **Civil Action No. 05-3895 (JLL) (JAD) (D.N.J.)**

Dear Judge Cavanaugh:

      In accordance with the Court's October 30, 2018 Order, Plaintiff-Relator respectfully submits this letter setting forth the current inventory of open disputes in advance of the November 27, 2018 conference.  *See* ECF No. 328. Unless referenced specifically herein, the discovery items referenced in the joint letter submitted by the Parties on September 14, 2018 remain open and unresolved.  *See* ECF No. 320 (attached hereto, as Ex. A).   This letter is intended to relate these issues in the form of the "inventory" ordered by the Court; at Your Honor's request, Plaintiff-Relator will provide more substantial explanation and briefing with regard to each of these issues.

      Thus, consistent with the Court's Order, Plaintiff-Relator has endeavored to provide a neutral inventory of the open discovery issues for the Special Master, without engaging in argument on each issue.  While Bayer has used their separately filed letter as an opportunity to include argument directed towards the substance of these disputes and to respond, for the first time, to Plaintiff-Relator's October 5 discovery letter, Plaintiff-Relator does not agree that this letter is the appropriate avenue to do so.  Plaintiff-Relator will respond to these arguments if and when the Special Master deems appropriate.[1]

---

[1] Unfortunately, the Parties were unable to agree to the text of a joint letter. As stated above, Plaintiff-Relator believes this letter should consist of the simple inventory that the Court requested. When presented with Bayer's proposed additions to the joint submission, Plaintiff-Relator took issue with the inclusion of argument and proposed adding a paragraph – nearly identical to the second paragraph included above – to make this position clear; not, as Bayer has asserted, to

280 King of Prussia Road, Radnor, Pennsylvania 19087   T. 610-667-7706   F. 610-667-7056   info@ktmc.com
One Sansome Street, Suite 1850, San Francisco, California 94104   T. 415-400-3000   F. 415-400-3001   info@ktmc.com
WWW.KTMC.COM



Honorable Dennis M. Cavanaugh
November 16, 2018
Page 2

## Status of Discovery

**I.     Pending Discovery Motions**

The following discovery motions are pending:

(1) Plaintiff-Relator has moved for an order requiring Bayer to remove all relevancy redactions from its document productions. ECF No. 246[2];

(2) Plaintiff-Relator has moved for an order requiring Bayer to identify the specific documents for which it seeks to exercise the claw back provisions of the Protective Order (ECF No. 235). *See* ECF No. 286.[3]

**II.    Unresolved Discovery Issues Identified By Plaintiff-Relator.**

The following developments have occurred with respect to the open discovery issues identified by Plaintiff-Relator in the Parties' September 14, 2018 Letter. (Ex. A).

### A.    Gaps in the Email Production for Trasylol and Avelox Custodians

On October 5, 2018[4], Plaintiff-Relator provided Bayer with a list of eleven Avelox custodians for whom Bayer produced few or no emails from 2003 and 2004 and an Avelox

---

"malign Bayer." ECF No. 331 at 1. The two sides could not agree on how to reconcile their respective positions, and therefore decided to file separate letters.

[2] On November 30, 2016, Judge Dickson heard oral argument and ordered supplemental briefing, which the Parties submitted *in camera* on December 7, 2016. On January 3 and 25, 2017, Judge Dickson entered orders requiring Bayer to remove relevancy redactions from twenty-percent of its production, after which "the Court [would] be in a better position to determine whether Defendants must re-review the balance of their production." ECF Nos. 266, 269. On April 18, 2018, after receiving and reviewing a portion of the un-redacted twenty-percent, Plaintiff-Relator requested that the Court order Bayer to remove all relevancy redactions, and the Parties submitted additional letter briefs on April 18, May 9, and May 23, 2018. ECF Nos. 298, 304, 307.

[3] On February 26, 2018, Judge Dickson denied Plaintiff-Relator's request, and entered a Letter Order directing that: (1) Plaintiff-Relator destroy the documents in question, (2) Bayer reproduce the documents, and (3) the parties meet and confer regarding any of Plaintiff-Relator's work product that incorporated information subject to claw back. ECF No. 288. On March 2, 2018, Plaintiff-Relator requested a stay of the Court's February 26, 2018 Order, which the Court granted. ECF Nos. 289, 292. On April 25, 2018, the Court heard argument, vacated its prior Order (ECF No. 288), and ordered supplemental briefing, which was completed on June 1, 2018. ECF Nos. 305, 308, 309.

[4] A copy of Plaintiff-Relator's October 5, 2018 Letter is attached. (Ex. B.)



Honorable Dennis M. Cavanaugh
November 16, 2018
Page 3

custodian who had a marked decline in emails in 2003 and 2004. Plaintiff-Relator also identified several Trasylol custodians for whom similar declines in email production occurred after 2002, despite these custodians continued employment at Bayer through 2004.

### B. Additional Trasylol Custodians

On October 5, Plaintiff-Relator provided Bayer with the names of six custodians (who were not custodians in the Trasylol MDL) to search for responsive documents pertaining to Trasylol.

### C. Financial Tracking Databases

On September 6, Bayer produced additional documents from the SAFTS database. On October 5, Plaintiff-Relator requested confirmation from Bayer that it produced all responsive documents from each of the following financial tracking databases: SAFTS, FSAFTS, MMFTS, and VINNET. Plaintiff-Relator also requested confirmation from Bayer that it located the Promotional Product Fund Database ("PPFD"), which is likely to be a source of Avelox-related remuneration information.

### D. SAP Data

On October 5, Plaintiff-Relator provided Bayer with the cost center, cost elements, and project codes for Trasylol and Avelox to be searched in the SAP database.

### E. Return on Investment Documents

On October 5, Plaintiff-Relator provided Bayer with the names of two Bayer employees whom she believes are likely to be custodians of responsive documents pertaining to return on investment analyses.

### F. Cardiac Team Meeting Feedback Documents

On October 5, Plaintiff-Relator provided Bayer with the names of two Bayer employees whom she believes are likely to be custodians of responsive documents pertaining to cardiac team meeting feedback.

### G. Detailing and Call Note Database Information

On October 5, Plaintiff-Relator requested that Bayer provide information to define the various codes and abbreviations that appear in the call notes produced by Bayer, to identify the databases from which the call notes originated, and to confirm that it would search for Most Effective Account Roadmap "MEAR" data.

### H. Bonus Payment, Performance Review & Personnel Files



Honorable Dennis M. Cavanaugh
November 16, 2018
Page 4

On October 5, Plaintiff-Relator provided Bayer with the specific categories of employees from whom she sought personnel file and performance review information. Plaintiff-Relator also requested information pertaining to how bonus and incentive compensation programs were awarded for Trasylol and Avelox.

### I.     Speaker Training Materials

On October 5, Plaintiff-Relator requested that Bayer search the custodial files of two Bayer employees for responsive documents pertaining to Avelox and Trasylol speaker training.

### J.     Account-Level Transactional Sales and Chargeback Documents

On October 5, Plaintiff-Relator provided Bayer with additional support that Bayer tracked account-level sales data and chargeback data and again requested that Bayer produce such data.

### K.     Documents Pertaining to Retaliation Claims

On October 5, Plaintiff-Relator again requested that Bayer produce documents pertaining to Plaintiff-Relator's retaliation claims and to identify which custodians and sources Bayer intended to search to comply with Plaintiff-Relator's Third Request for Production.

### L.     Avelox Program Attendee, Payment and Other Remuneration Information

On September 21, Bayer produced additional Avelox-related documents. On October 5, Plaintiff-Relator requested that Bayer confirm that it will produce all remaining attendee/participant lists, payment information and program materials for all Avelox marketing, consultant, advisory, educational, and CME programs.

### M.     Other Discovery Issues Identified by Plaintiff-Relator

#### 1.     Documents Withheld from Production in Trasylol MDL

On September 5, 2018, Bayer indicated that the source of its July 25, 2018 production pertaining to cardiac team meetings was documents that were collected for the Trasylol MDL but were withheld as non-responsive in that litigation. On October 5, 2018, Plaintiff-Relator requested that Bayer identify the number of documents that were collected for the Trasylol MDL but were withheld as non-responsive in that litigation.

#### 2.     Incomplete Production of 20% Sample of Documents Without Relevancy Redactions

On January 3 and 25, 2017, the Court ordered Bayer to remove relevancy redactions from 20% of its production so the Court would be in a better position to determine whether Bayer should remove relevancy redactions from the entirety of its production. ECF Nos. 266, 269. On October



Honorable Dennis M. Cavanaugh
November 16, 2018
Page 5

5, Plaintiff-Relator provided Bayer with a list of the 1,539 documents from the 20% sample that have not yet been produced without relevancy redactions.

### IV. Existing Discovery Issues Identified By Defendants.

The following developments have been made with the open discovery issues identified by Bayer in the Parties' September 14, 2018 Letter. (Ex. A).

#### A. Employment and Salary Information

On September 18, Plaintiff-Relator produced responsive documents regarding Plaintiff-Relator's post-Bayer employment and job search.

#### B. Alias Email Accounts

On September 18, Plaintiff-Relator produced responsive documents from certain alias email accounts used by Plaintiff-Relator.

#### C. Documents from Plaintiff-Relator's Computer Hard Drives and Storage Disks

On September 18, Plaintiff-Relator produced responsive documents from Plaintiff-Relator's computer hard drives and storage disks.

#### D. Documents from Plaintiff-Relator's Personal Email Accounts

On September 18, Plaintiff-Relator produced responsive documents from certain personal email accounts used by Plaintiff-Relator.

#### E. Documents Plaintiff-Relator Obtained From Bayer

On September 18, Plaintiff-Relator produced additional documents obtained from Bayer.

Respectfully submitted,

/s/ David A. Bocian
David A. Bocian
Terence Zeigler
Tyler S. Graden
Asher S. Alavi
**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Tel. (484) 270-1418



Honorable Dennis M. Cavanaugh
November 16, 2018
Page 6

Fax. (610) 667-7056
dbocian@ktmc.com
tziegler@ktmc.com
tgraden@ktmc.com
aalavi@ktmc.com

James E. Cecchi
**CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO, P.C**.
5 Becker Farm Road
Roseland, NJ 07068
Tel. (973) 994-1700
Fax. (973) 994-1744
jcecchi@carellabyrne.com

*Attorneys For Plaintiff-Relator*