

**U.S. Department of Justice**

United States Attorney
District of New Jersey

---

CRAIG CARPENITO
UNITED STATES ATTORNEY

*Nicole F. Mastropieri*
*Assistant United States Attorney*

970 Broad Street, Suite 700
Newark, NJ 07102
nicole.mastropieri@usdoj.gov

main: (973) 645-2700
direct:(973) 645-6548

February 3, 2020

<u>Via E-Mail</u>

The Honorable Dennis M. Cavanaugh
Special Master
McElroy, Deutsch, Mulvaney & Carpenter LLP
1300 Mount Kemble Ave
P.O. Box 2075
Morristown, NJ 07962-2075
DCAVANAUGH@MDMC-LAW.com

      Re:   *United States ex rel. Simpson v. Bayer Pharmaceutical Corp., et al.*
            <u>Civil Action No. 2:05-cv-03895 (JMZ) (JAD)</u>

Dear Judge Cavanaugh:

This letter confirms our conversation on January 8, 2020, that the United States' letter brief in support of its motion to quash or modify a third-party subpoena that defendant Bayer Corporation (Bayer) served on the Centers for Medicare and Medicaid Services (CMS), dated October 3, 2019 (Letter Motion), submitted to Hon. Joseph Dickson (No. 363) has been referred to you for decision.  This letter also confirms our conversation that there is no need for the United States to file a formal motion.

As set forth in detail in the Letter Motion, Bayer's overly broad and unduly burdensome third-party subpoena on CMS is severely disrupting the agency's planned and orderly disposal of hundreds of millions of pages of aged paper records dating from 1996 through 1999 that largely predate the timeframe of the underlying litigation and have no likely relevance to Bayer's claimed need for discovery in this case.  *See* Letter Motion at 6-10; Klots Declaration ¶ 32.  Prior to filing the motion, CMS in good faith reached out to Bayer in an effort to narrow the scope of the subpoena to exclude the aged paper records, but Bayer refused.  *See* Letter Motion 3-4.  Since the filing of the Letter Motion, CMS and Bayer have had further communications on the issue, but no resolution has been reached.  The United States therefore respectfully requests a ruling as expeditiously as possible due to the time sensitivities detailed in the Declaration of Chris Klots, accompanying the United States' Letter Motion, and the attached Supplemental Declaration of Chris Klots (Klots Supp. Decl.).

Honorable Dennis M. Cavanaugh
February 3, 2020
Page 2

In particular, Bayer's subpoena has forced the agency into several unplanned contract modifications, required the agency to re-program $3 million in funds originally planned for records disposal, with contract funds projected to be lost.  *See id.* ¶¶ 33-36, 38.  *Cf. Trump v. Sierra Club*, 140 S. Ct. 1 (2019) (Breyer, J. concurring in part and dissenting in part) (suggesting that the Government may be irreparably harmed if it is unable to finalize contracts and loses appropriated funds).  Moreover, based upon updated information from the Medicare Administrative Contractors (MACs), CMS now estimates that there are approximately 275,000 boxes of aged paper records dating from 1996 through 1999 (equating to approximately 687 million pages) that are now being held from planned disposal solely due to the Bayer subpoena.  *See* Klots Supp. Decl. ¶ 5.[1]  CMS estimates that it is incurring a minimum of $37,000 per month in unnecessary storage expenses and this amount could approach $70,000 per month by the end of May 2020.  *See id.* ¶ 9.

Given the ongoing and detrimental impacts of Bayer's overbroad and unduly burdensome subpoena on CMS, the United States respectfully requests a ruling on its motion to quash in an expeditious manner.

Please note that United States' Letter Motion was submitted by Charles Graybow who is no longer with our office.  Therefore, kindly direct all future communications regarding this matter to me and my colleague, Sanjay Bhambhani.

        Respectfully submitted,

By: */s/ Nicole F. Mastropieri*
    NICOLE F. MASTROPIERI
    Assistant United States Attorney
    *Attorneys for the United States*

    SANJAY M. BHAMBHANI
    Civil Division
    Commercial Litigation Branch
    P.O. Box 261, Ben Franklin Station
    Washington, D.C.  20044
    (202) 305-0546

    *Attorneys for the United States*

cc: All Counsel of Record (via email)

---

[1]  In his original declaration, Mr. Klots utilized "conservative assumptions," excluded boxes held by MACs that process durable medical equipment claims, and made clear that his estimates and projections could increase based upon additional information received from the MACs.  *See* Klots Supplemental Decl.  ¶¶ 3-4.