UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA et al.
*Ex rel.* LAURIE SIMPSON,
                    PLAINTIFFS/RELATOR,

          v.

BAYER CORPORATION; BAYER
HEALTHCARE PHARMACEUTICALS,
INC.; BAYER PHARMACEUTICALS
CORPORATION; BAYER HEALTHCARE,
et al.

Civil Action No.  05-3895 (JMV)

NOTICE OF MOTION

PLEASE TAKE NOTICE  __THE ESTATE OF ROBERT W. SADOWSKI, ESQ.__

(Name of Moving Party)

will move before the Honorable _____John M. Vazquez_____, U.S.D.J. on

    February 6, 2023

(Motion days are the 1st and 3rd Monday of each month)

for an Order ___(1) INTERVENTION;  (2) REASONABLE ATTORNEYS' FEES AND RELATED___

(describe type of relief being sought)

In support of my motion, I will rely on the attached brief (if necessary).

_____
Name
s/ Scott Piekarsky, Esq.
*Counsel to Proposed Intervenor and*
*Former Counsel to Relator Laurie Simpson*
Continental Plaza
433 Hackensack Avenue, Suite 803
 Hackensack, New Jersey 07601
 (201) 975-4427

Date: 1/6/2023 _____

CERTIFICATION OF SERVICE

I, ___Scott Piekarsky, Esq._____, certify that a copy of my motion was served

          (Name of Moving Party)

by _____ECF_____ on ____1/6/2023_____ upon:

    (Mail, Personal Service, etc.)          (Date)

All Counsel via ECF

_____

(Name of Opposing Party)

_____

_____

_____

(Address of Opposing Party)

    s/Scott Piekarsky, Esq._____

    Name (Signature)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA et al. *Ex rel.* LAURIE SIMPSON, <br><br> PLAINTIFFS/RELATOR, <br><br> v. <br><br> BAYER CORPORATION; BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER PHARMACEUTICALS CORPORATION; BAYER HEALTHCARE LLC; BAYER AG; BAYER HEALTHCARE AG; and BAYER SCHERING PHARMA, AG, <br><br> DEFENDANTS. | Civ. No. 05-3895 (JMV) <br><br> Hon. John M. Vazquez, U.S.D.J. |

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION BY THE ESTATE OF ROBERT W. SADOWSKI, ESQ. FOR: (1) INTERVENTION, AND (2) REASONABLE ATTORNEYS' FEES AND RELATED COSTS

---

PHILLIPS NIZER LLP
*Counsel for Proposed Intervenor and Former Counsel to Relator Laurie Simpson*
Continental Plaza
433 Hackensack Avenue, Suite 803
Hackensack, New Jersey 07601
(201) 975-4427

11047319-6

<u>Table of Authorities</u>

<u>Page</u>

Preliminary Statement.................................................................................................1

Statement of Facts.....................................................................................................2

Argument ...................................................................................................................3

    I.      THE ESTATE OF SADOWSKI IS ENTITLED TO INTERVENE ......................3

         A.     Legal Standards Governing Motion to Intervene as of Right ....................3

         B.     The Estate of Sadowski Satisfies the Rule 24(a) Factors ...........................4

                1.     The Estate of Sadowski Has a Vested Interest in the Outcome of the Court's Decision on Attorneys' Fees.....................4

                2.     Resolution of the Matter May Negatively Impact the Estate of Sadowski's Interest....................................................................6

                3.     The Existing And Intervening Parties Do Not Adequately Represent The Estate's Interest .......................................................6

                4.     Sadowski's Application is Timely.................................................7

         C.     Alternatively, the Court Should Grant The Estate Rule 24(b) Permissive Intervention ...................................................................8

    II.     THE ESTATE OF SADOWSKI IS ENTITLED TO COMPENSATION FOR DIAMOND MCCARTHY'S REASONABLE ATTORNEYS' FEES AND COSTS ........................................................................................9

         A.     The Attorneys' Fees Sought by the Estate of Sadowski are Reasonable ....................................................................................9

                1.     The Number of Hours Worked by the Sadowski and his Staff is Reasonable................................................................10

                2.     The Estate of Sadowski's Hourly Rates are Reasonable...............12

    III.    THE ESTATE OF SADOWSKI IS ALSO ENTITLED TO FEES ASSOCIATED WITH LITIGATING THIS APPLICATION .............................14

    IV.   ROBERT SADOWSKI'S 2021 DECLARATION SHOULD BE ACCEPTED UNDER FED. R. EVID. 804(A)(4) ................................................14

Conclusion .............................................................................................................17

ii

<u>Table of Authorities</u>

<u>Page</u>

CASES

Assicurazioni Generali SPA v. Harbor Freight Transport Corp.,
   No. 21-cv-1349 (SRC), 2022 WL 190671 (D.N.J. Jan. 21, 2022) ............................................6

Atl. Wreck Salvage, LLC v. Wrecked & Abandoned Vessel, Civil Action No.
   1:14-CV-03280, at *20 (D.N.J. Apr. 13, 2021) ........................................................................7

Brody by and Through Sugzdinis v. Spang,
   957 F.2d 1108, 1116 (3d Cir. 1992 ....................................................................................3, 8

Corman v. Sec'y of Pa.,
   751 F. App'x 157, 158 (3d Cir. 2018) ..................................................................................3

DL v. Dist. of Columbia,
   924 F.3d 585 (D.C. Cir. 2019) ...........................................................................................13

Harris v. Pernsley,
    820 F.2d 592, 597 (3d Cir. 1987)........................................................................................4

Hensley v. Eckerhart,
   461 U.S. 424 (1983).......................................................................................................9, 10

Hoots v. Pennsylvania,
    672 F.2d 1133, 1135 (3d Cir. 1982) ...................................................................................3

Interfaith Community Organization v. Honeywell,
   426 F.3d 694, 708 (3d Cir. 2005) .......................................................................................13

Kleissler v. U.S. Forest Service,
   157 F.3d 964, 972 (3d Cir. 1998) .......................................................................................3

Lanni v. New Jersey,
   259 F.3d 146 (3d Cir. 2001)...............................................................................................12

Pennsylvania v. Del. Valley Citizens' Council for Clean Air,
   478 U.S. 546 (1986)...........................................................................................................11

Prandini v. Nat'l Tea Co.,
   585 F.2d 47 (3d Cir. 1978)..................................................................................................14

## Table of Authorities

Page

Pub. Interest Research Grp. v. Windall,
    51 F.3d 1179, 1185 n.8 (3d Cir. 1995) ..............................................................................10

Stadler v. Abrams,
    No. 13-cv-2741, 2018 WL 3617967 (D.N.J. July 30, 2018) ...................................12

Swann v. City of Dallas,
    172 F.R.D. 211, 214 (N.D. Tex. 1997) ..............................................................................5

UAW Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.,
    501 F.3d 283, 290 (3d Cir. 2007) ......................................................................................5

U.S. ex rel. Doe v. Acupath Laboratories, Inc.,
    No. 10-cv-4819 (LDW), 2015 WL 1293019 (E.D.N.Y. Mar. 19, 2015)................................13

U.S. ex rel. Gathman v. Careone Management LLC,
    No. 17-cv-6180, 2021 WL 4295519 (D.N.J. Aug. 23, 2021) ...........................................12, 14

U.S. ex rel. Menold v. Lotus Family Medicine,
    No. 3:17-cv-1728, 2022 WL 345046 (D.N.J. Feb. 2, 2022)..............................................11, 14

U.S. ex rel. Palmer v. C&D Tech., Inc.,
    897 F.3d 128 (3d Cir. 2018)..............................................................................................14

U.S. ex rel. Rubar v. Hayner Hoyt Corp.,
    306 F. Supp. 3d 478, 489 (N.D.N.Y. 2018) ......................................................................13

United States ex rel. Bahnsen v. Bos. Sci. Neuromodulation Corp.,
    No. 11-cv-1210, 2021 WL 118927 (D.N.J. Jan. 11, 2021)............................................9,12,14

Van De Kamp v. Transdermal Specialties, Inc.,
    No. 16-cv-02768, 2018 U.S. Dist. LEXIS 208225 (E.D. Pa. Dec. 10, 2018) ........................16

STATUTES

31 U.S.C. § 3730(d) .........................................................................................................6

31 U.S.C. § 3730(d)(2) .................................................................................................6, 9,17

False Claims Act .........................................................................................................6, 14

New Jersey Statutes § 2A:13-5 .....................................................................................2, 3

iv

Table of Authorities

Page

OTHER AUTHORITIES

Fed. R. Civ. P. 24(a)(2) ....................................................................................................3

Federal Rule of Civil Procedure 24(a) ...................................................................1,3,7

Federal Rule of Civil Procedure 24(b) .............................................................1, 2, 10, 20

Federal Rule of Civil Procedure 24(b)(1)(B) ............................................................8

Federal Rule of Civil Procedure 54(d)(2) ...........................................................1, 17

Federal Rule of Evidence 804(a)(4) ....................................................................15, 16

This memorandum of law is respectfully submitted on behalf of the Estate of Robert W. Sadowski (Mr. Sadowski, now deceased, was the assignee of the right of Diamond McCarthy LLP -- former counsel to the Relator, Laurie Simpson -- to recover the legal fees and expenses it incurred in this action) in support of its motion to intervene in this case as of right under Federal Rule of Civil Procedure 24(a), or alternatively for permissive intervention under Federal Rule of Civil Procedure 24(b), and upon such intervention for an award of the reasonable attorneys' fees and related costs incurred by Diamond McCarthy LLP, as provided for under Federal Rule of Civil Procedure 54(d)(2) and Local Rule 54.2 and pursuant to 31 U.S.C. § 3730(d)(2) and (h)(2).

## PRELIMINARY STATEMENT

Starting in 2009, attorney Robert W. Sadowski was lead counsel at the law firm Olshan Frome Wolosky LLP ("Olshan") in representing the Relator in this qui tam action through substantial discovery, leading up to and including the filing of the Third Amended Complaint. (Olshan is making its own application for attorneys' fees and expenses in this matter.) Sadowski spent a great deal of time prosecuting the Relator's qui tam claims while at Olshan. Sadowski departed Olshan in August 2010 to join Diamond McCarthy, LLP, where he continued to serve as lead counsel in representing the Relator in this action, expending hundreds of hours on this matter during his two years at Diamond McCarthy.

The Estate of Robert W. Sadowski has a vested interest in this action. According to the terms of the engagement letter signed by the Relator and Diamond McCarthy, the Relator agreed to assign to Diamond McCarthy any attorneys' fees and related costs recovered through settlement or awarded by the court in connection with its work. Diamond McCarthy withdrew from representing the Relator in late 2012 and assigned to Sadowski its interest in recovering the fees

and expenses it incurred in this case. Sadowski passed away suddenly last year, and his Estate now seeks to recover these attorneys' fees and costs. In addition, the Estate, through the assignment from Diamond McCarthy, has a statutory lien on any Qui Tam Award and any other recoveries the relator is awarded, such as statutory attorneys' fees, in connection with this litigation, pursuant to New Jersey Statute section 2A:13-5.

The Estate of Robert W. Sadowski joins in the applications for attorneys' fees and expenses filed by the other firms that are currently representing and have in the past represented the Relator in the long history of this matter, to the extent such applications support its own application. The Estate seeks to intervene in this case as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure in order to protect its interest, and believes that it meets the requirements for intervention as of right under Rule 24(a)(2) because (1) it has a sufficient interest in the action; (2) the outcome of the case may negatively affect its interests; (3) the existing parties and their counsel do not adequately represent its interests; and this application for intervention is timely. Alternatively, the Estate is requesting permissive intervention under Federal Rule of Civil Procedure 24(b).

## STATEMENT OF FACTS

For the facts in support of this motion, we respectfully refer the Court to the Declaration of Robert W. Sadowski, dated October 21, 2021 and filed herewith (the "Sadowski Declaration"), and the exhibits attached thereto.

<u>LEGAL ARGUMENT</u>

## I.      <u>THE ESTATE OF SADOWSKI IS ENTITLED TO INTERVENE</u>

The Estate of Robert W. Sadowski is entitled to intervene here to protect its interest in legal fees earned by the Diamond McCarthy firm during the course of its representation of the Relator in this action. Such interest is set forth in the Engagement Letter between Diamond McCarthy and the Relator and is further stated under New Jersey Statutes section 2A:13-5 regarding Attorney Lien for Services. Diamond McCarthy later assigned and transferred their right to attorneys' fees to Mr. Sadowski in a termination letter dated February 14, 2013. (*See* Sadowski Decl. ¶¶ 13-16, Exhibit A).

### A.      <u>Legal Standards Governing Motion to Intervene as of Right</u>

Rule 24(a) of the Federal Rules of Civil Procedure allows for non-parties to seek intervention in an on-going litigation as a matter of right.  The Rule provides that, on timely motion, the Court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). "[T]he burden, however minimal . . . is on the applicant for intervention to show that his interests are not adequately represented by the existing parties." <u>Brody by and Through Sugzdinis v. Spang</u>, 957 F.2d 1108, 1116 (3d Cir. 1992) (*quoting* <u>Hoots v. Pennsylvania</u>, 672 F.2d 1133, 1135 (3d Cir. 1982)). The proposed intervenor must show that its interest is "specific to [it], is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought." <u>Corman v. Sec'y of Pa.</u>, 751 F. App'x 157, 158 (3d Cir. 2018) (*quoting* <u>Kleissler v. U.S. Forest Service,</u> 157 F.3d 964, 972 (3d Cir. 1998))<u>.</u>

3

To be granted intervention as of right under Rule 24(a), an applicant must show that: (1) the application is timely; (2) the applicant has a sufficient interest in the litigation; (3) as a practical matter, the interest may be affected or impaired by the disposition of the action; and (4) the existing parties do not adequately represent the applicant's interest. Assuming all of these elements are met, "Rule 24(a)(2) restricts the district court's discretion by providing that an applicant 'shall be permitted to intervene' if he or she satisfies the requirements of the Rule." Harris v. Pernsley, 820 F.2d 592, 597 (3d Cir. 1987).

### B.   The Estate of Sadowski Satisfies the Rule 24(a) Factors

This Court should grant the Estate of Robert W. Sadowski's motion to intervene, as it satisfies each of the Rule 24(a) factors.

### 1.   The Estate of Sadowski Has a Vested Interest in the Outcome of the Court's Decision on Attorneys' Fees

The Estate has a financial interest in this legal action. Mr. Sadowski joined the Diamond McCarthy law firm after leaving Olshan in July 2010 and continued representing the Relator there as lead counsel, from August 2010 through August 2012. Upon his departure, Diamond McCarthy assigned to him the right to the legal fees and expenses incurred by Diamond McCarthy, totaling [$808,190][1] in legal fees, plus $2,510.03 in out-of-pocket expenses which, to the extent they are recovered, are to be paid to Diamond McCarthy. (*See* Sadowski Decl. ¶¶ 13-16, Exhibit A). Additionally, pursuant to her engagement letter with Diamond McCarthy for this case, the Relator expressly assigned to Diamond McCarthy the proceeds of any monies reflecting an award or settlement on the basis of attorneys' fees, costs and expenses. (*See* the signed Engagement Letter between Laurie Simpson and Diamond McCarthy LLP dated November 2, 2010 attached as

---

[1] This total sum represents Robert W. Sadowski's most recent billable rate, which is further discussed in Point II below.

Exhibit D ¶ 6(c); *see also* Robert W. Sadowski's Declaration of attorneys' fees dated October 21, 2021, ¶ 6 attached as Exhibit A.)  Such an assignment was fair consideration for the fact that Diamond McCarthy took this case on a contingency fee basis.

Not only did the Relator assign Diamond McCarthy her interest in statutory fees, costs and expenses, but the Relator granted an irrevocable "attorneys' lien on, and a first-priority security interest in, any Qui Tam Award" and any other recovery Relator might receive in connection with this case to Diamond McCarthy. (*See* the Engagement Letter between Laurie Simpson and Diamond McCarthy LLP dated November 2, 2010 attached as Exhibit D at ¶ 6(f).)

In this case, Diamond McCarthy expressly assigned the firm's interest in its attorneys' fees in this action to Mr. Sadowski. (*See* Assignment from Diamond McCarthy attached as Exhibit E, ¶ 5.) The Estate of Robert W. Sadowski thus has the ownership right and interest to pursue the claim for Diamond McCarthy's attorneys' fee and expenses in this action.

The Fifth Circuit persuasively explained that "denying intervention may impair Applicants' ability to protect their interest in the fee award portion of the judgment" and that, "In the absence of intervention, it is entirely possible that Applicants will have to institute another action to collect their fees from this lawsuit." Swann v. City of Dallas, 172 F.R.D. 211, 214 (N.D. Tex. 1997).

Based on the above, the Estate  has a clear financial interest in recovering the attorneys' fees and expenses incurred by Diamond McCarthy during its representation of the Relator from August 2010 to August 2012. Additionally, there are no concerns about the policy implications of allowing a client's former counsel to intervene in the former client's action and potentially interfere with the former client's and successor counsel's control of the action in this particular case: this case is entirely concluded, except for the issue of attorneys' fees and expenses. Although the False

Claims Act awards such sums to a relator, *see* 31 U.S.C. § 3730(d)(2), the Relator in this case has ceded any such interest to Diamond McCarthy (*see* the Engagement Letter between Laurie Simpson and Diamond McCarthy LLP dated November 2, 2010 attached as Exhibit D), which was later assigned to Robert Sadowski, who is now deceased.

### 2.   Resolution of the Matter May Negatively Impact the Estate of Sadowski's Interest

The second Rule 24(a) factor considers whether disposition of the action may practically impair the applicant's ability to protect its interest. Here, this Court has set a January 6, 2023 deadline for any motions for reasonable attorneys' fees, expenses and costs in this action.  Thus, if the Estate is denied the right to intervene, this matter will be resolved without any recovery for the Diamond McCarthy attorneys' fees and costs -- and, in addition, the Estate will be foreclosed from seeking recovery for those legal fees and costs.

### 3.   The Existing And Intervening Parties Do Not Adequately Represent the Estate's Interest

The third factor under Rule 24(a) requires an assessment of whether the existing parties adequately represent the intervenor's interest. In this case, the Estate of Robert Sadowski's interest in recovering the Diamond McCarthy fees, costs and expenses is not adequately represented by any of the parties seeking to recoup their own attorneys' fees and expenses. No party and no anticipated intervenor will apply to recover the Diamond McCarthy fees and expenses. *See* Assicurazioni Generali S.p.A. v. Harbor Freight Transp. Corp., Civil Action 21-01349 (SRC), at *4 (D.N.J. Jan. 21, 2022) (where the Court allowed intervention and stayed the litigation stating, "Nor do any of the existing parties share TIS's interest in uniformity").

As the Court is aware, the Kessler Topaz Meltzer & Check, LLP is presently counsel of record for the Relator and has been handling this case for nearly eight years. While the Estate joins

in the applications by Kessler Topaz (and Olshan and any other applicants) to the extent those applications support the Estate's own application, the nearly 1,000 hours of legal services performed Diamond McCarthy lawyers and paralegals in this matter on the Relator's behalf occurred between August 2010 and August 2012, when there was no overlap of representation of the Relator with Kessler Topaz or Olshan or any other firm. None of those firms, then, can or will represent the Estate's interest in recovering for the substantial time and effort Diamond McCarthy expended in this litigation, which recovery was assigned to Mr. Sadowski and now belongs to his Estate.

### 4.    The Estate's Fee Application is Timely

The fourth factor under Rule 24(a) is consideration is the timeliness of the proposed intervenor's application. The Estate of Robert W. Sadowski has correctly and timely moved to protect its interests. The parties finalized a settlement of this lawsuit on October 20, 2022 (*see* Joint Stipulation of Dismissal with Prejudice, ECF Docket No. 402), and the Court issued an Order retaining jurisdiction in order to hear and rule on applications by the Relator's various attorneys for attorneys' fees and costs and requiring all such applications to be filed by January 6, 2023 (*see* Court Order, ECF Docket No. 407.

The Court has stated that the most important consideration in deciding whether a motion for intervention is untimely is whether, "the delay in moving for intervention will prejudice the existing parties to the case. If prejudice is found, the motion will be denied as untimely" and   *See* Atl. Wreck Salvage, LLC v. Wrecked & Abandoned Vessel, Civil Action No. 1:14-CV-03280, at *20 (D.N.J. Apr. 13, 2021) (*quoting* 7C Fed. Prac. & Proc. Civ. § 1916 (3d ed.)).

In this case, the existing and/or intervening parties will not be negatively affected by the granting of this motion. The defendants likewise will not be prejudiced, because they will need to

address the issue of the Relator's attorneys' fees as required pursuant to 31 U.S.C. § 3730(d)(2). The Estate's interest in this case is limited to seeking recovery of the attorneys' fees and expenses incurred by Diamond McCarthy between August 2010 and August 2012, which attorneys' fees and expenses will not be the subject of any other firm's application here.

C.    Alternatively, the Court Should Grant the Estate Rule 24(b) Permissive Intervention

If the Court denies the Estate's motion for intervention as a matter of right under Federal Rule of Civil Procedure 24(a), it should grant the Estate's request for permissive intervention under Rule 24(b)(1)(B). This Rule allows the Court to permit anyone, on a timely motion, to intervene "who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Court "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *See* Brody by and Through Sugzdinis v. Spang, 957 F.2d 1108, 1116 (3d Cir. 1992).

The Estate's claim for attorneys' fees and costs unquestionably shares common questions of law and fact with the similar applications to be made by other law firms that represent or have in the past represented the Relator in this action. Indeed, the Court has issued an Order requiring all applications by the Relator's various counsel for attorneys' fees and expenses to be filed by January 6, 2023 (*see* Court Order, ECF Docket No. 407). Additionally, for the reasons previously stated, the Estate's intervention will not prejudice the existing or the intervening parties; on the contrary, permitting intervention by the Estate will promote judicial economy. Therefore, the court should grant the motion by the Estate of Robert W. Sadowski for permissive intervention, if intervention as a matter of right is not permitted.

II.     THE ESTATE IS ENTITLED TO COMPENSATION FOR DIAMOND
        MCCARTHY'S REASONABLE ATTORNEYS' FEES AND COSTS

Under the False Claims Act, the relator in a qui tam action that results in a settlement in
which the defendant agrees to pay money "shall also receive an amount for reasonable expenses
which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs.
All such expenses, fees, and costs shall be awarded against the defendant." (31 U.S.C. §
3730(d)(2).)

The Relator assigned to Diamond McCarthy her right to such attorneys' fees and expenses
for the period during which Diamond McCarthy represented the Relator (*See* the signed
Engagement Letter between Laurie Simpson and Diamond McCarthy LLP dated November 2,
2010 attached as Exhibit D ¶ 6(f)), and Diamond McCarthy assigned its interest in such attorneys'
fees to Robert Sadowski (*See* the Assignment from Diamond McCarthy attached as Exhibit E, at
¶ 5 and the attached exhibits within.) Upon Mr. Sadowski's untimely death in 2022, the interest in
such attorneys' fees became an asset of his Estate. Therefore, the Estate of Robert W. Sadowski
respectfully requests that this Court award it $808,190.00 in reasonable attorneys' fees, plus
$2,510.03 in out-of-pocket expenses, that were necessarily incurred by Diamond McCarthy during
its representation of the Relator, pursuant to 31 U.S.C. § 3730(d)(2).

A.      The Attorneys' Fees Sought by the Estate are Reasonable

As the Third Circuit has explained, "'The most useful starting point for determining the
amount of a reasonable fee' is the lodestar calculation." UAW Local 259 Soc. Sec. Dep't v. Metro
Auto Ctr., 501 F.3d 283, 290 (3d Cir. 2007) (*quoting* Hensley v. Eckerhart, 461 U.S. 424, 433
(1983)). This Court stated, "Fees are presumed reasonable when calculated using the lodestar
method, by which a court assigns a reasonable hourly rate and multiplies that rate by the reasonable
number of hours expended on the litigation." United States ex rel. Bahnsen v. Bos. Sci.

<u>Neuromodulation Corp.</u>, Civil Action No. 11-1210, 2021 U.S. Dist. LEXIS 6674, at *7 (D.N.J. Jan. 11, 2021) .

Once the lodestar is calculated, the Court may adjust the fee amount based on several factors:

> [t]he time and labor required; the novelty and difficulty of the legal issue, the skill required to perform the legal service properly; the customary fee in the community for similar work; the amount involved and the results obtained; the experience, reputation and ability of the attorneys; the nature and length of the attorney-client relationship; and fee awards in similar cases.

<u>Id</u>. (*quoting* <u>Pub. Interest Research Grp. v. Windall</u>, 51 F.3d 1179, 1185 n.8 (3d Cir. 1995)). "The degree of success obtained is 'the most critical factor' in deciding whether to adjust a fee award," whether upward or downward. <u>Id</u>. at *9 (*quoting* <u>Hensley v. Eckerhart,</u> 461 U.S. 424, 436 (1983)).

The hours spent by Diamond McCarthy on this litigation, as well as the hourly rates charged by Diamond McCarthy, are reasonable under this framework. (*See* Sadowski Decl. *supra* ¶¶ 13-16, Exhibit A; *see* the Declaration of Michael Fitzgerald attached as Exhibit B.)

## 1.   The Number of Hours accrued by Diamond McCarthy is Reasonable

The Estate of Robert W. Sadowski is requesting compensation for the 964.70 hours Diamond McCarthy (including Sadowski himself) dedicated to litigating this case on behalf of the Relator from August 2010 to August 2012, including time spent on extensive discovery leading to the drafting of the fourth and fifth amended complaints, researching damage theories, reviewing medical literature, conducting discovery, and negotiating on behalf of the Relator. (*See* Sadowski Decl. *supra*, ¶¶ 15, Exhibit A.)

10

When the Court considers reasonable number of hours, it looks at the total amount of hours spent in the litigation, then determines the legal work that was of a type reasonably "necessary to secure the final result obtained from litigation." <u>Menold</u>, 2022 WL 345046**,** at \*3 (*quoting* <u>Pennsylvania v. Del. Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 564 (1986)).

The billing records supporting Diamond McCarthy's hours, submitted as Exhibit A to the Sadowski Declaration, were kept contemporaneously by and accurately reflect the hours worked by Mr. Sadowski and others at Diamond McCarthy at the time. (*See* Sadowski Decl. *supra,* Exhibit A, ¶ 13). The Sadowski Declaration and the documents attached to it establishing Diamond McCarthy's fees, as we understand it to be, was submitted in an attempt to resolve the outstanding issue of attorneys' fees through mediation. Since then, Mr. Sadowski suddenly and unexpectedly passed away in July 2022, and his Estate is now seeking, in reliance on his Declaration, to be compensated for the Diamond McCarthy legal fees assigned to Sadowski. (Additionally, during the time that Diamond McCarthy represented the Relator in this action, it retained Jack M. Kint, Jr., Esq. of the Law Office of Jack Kint to serve as New Jersey local counsel in this matter.  We understand that Mr. Kint will be separately submitting his own fee applications.) The Diamond McCarthy time entries document, in tenth-of-an-hour increments, the legal work it performed in representing the Relator through the early stages of this litigation's discovery phase, which were certainly "useful and of a type ordinarily necessary" to facilitate a productive outcome. <u>Menold</u>, 2022 WL 345046**,** at \*3. The extensive professional legal services performed by Diamond McCarthy in this matter included crucial tasks such as meeting with the Relator on multiple occasions to discuss strategy, worked on partial unsealing of the case, drafted the Fourth and Fifth Amended Complaints, researched complex damages theories and materiality issues, and responded

11

to Defendant's motion to sever a co-relator case. (*See* Sadowski Decl. *supra,* Exhibit A., ¶ 15; *see also* Amended, ECF Docket No. 60).

Diamond McCarthy, by its attorneys Robert W. Sadowski, Andrea Fisher, and Raphael Katz, and its paralegals, divided the work on this case for efficiency. Id., ¶ 7 The attorneys have expertise in qui tam and other complex litigation and the paralegals have experience managing discovery. The rates are reasonable based on the associate or paralegal's experience working in similar types of complex litigation cases. Id., ¶ 8. The time entries for these attorneys and staff are all included in Exhibit A to Sadowski Decl.  The services each of them performed in this action were based on their skill levels, expertise and experience, and were all reasonable and necessary, given the complexity of the case, which by then was already five years old and which ultimately spanned some seventeen years, eventually resulting in a large $46 million settlement for the Relator.

## 2.   Diamond McCarthy's Hourly Rates are Reasonable

Attorneys' billing rates are measured against the "prevailing market rates" of "attorneys of comparable skill, education, and experience" in the district where the litigation is pending. *See* Gathman, 2021 WL 4295519, at *2-3. The Third Circuit uses the relevant "current market rate" to evaluate fee petitions, which "is the rate at the time of the fee petition, not the rate at the time the services were performed." *See* Stadler v. Abrams, No. 13-cv-2741 (RBK/AMD), 2018 WL 3617967, at *2 (D.N.J. July 30, 2018) (citing Lanni v. New Jersey, 259 F.3d 146, 149 (3d Cir. 2001)); *see also* Bahnsen, 2021 WL 118927 (analyzing current rates); Gathman, 2021 WL 4295519 (approving all current rates submitted by relator's attorneys).

The Third Circuit has also stated, "We have settled that to determine 'the prevailing market rates in the relevant community,' a court must 'assess the experience and skill of the prevailing

party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *See* <u>Interfaith Community Organization v. Honeywell</u>, 426 F.3d 694, 708 (3d Cir. 2005) (internal quotations omitted); *See also* <u>DL v. Dist. of Columbia</u>, 924 F.3d 585 (D.C. Cir. 2019) (Laffey Matrix was applicable in fee-shifting rates for attorney fee petitions for work in complex federal litigation).

Mr. Sadowski had extensive and highly concentrated experience litigating complex False Claims Act cases nationally. He represented relators for over 25 years prior to his death in 2022. Before his False Claims Act practice, he served as Health Care Fraud Coordinator in the US Attorney's Office for the Southern District of New York. (*See* Sadowski Decl. *supra*, ¶ 10, attached as Exhibit A.) In fact, Sadowski successfully represented numerous relators in numerous qui tam actions (<u>Id</u>. at ¶ 11). The Eastern and Northern District Courts of New York have, in recent decisions, praised Mr. Sadowski and Raphael Katz (who also worked on this case at Diamond McCarthy): "Given Katz and Sadowski's specialized expertise in FCA cases . . . an award of attorneys' fees at the higher end of the prevailing District rate is reasonable" for their work -- and indeed awarded attorneys' fees "at the high end of the spectrum" to reflect Messrs. Sadowski and Katz's "skill, quality, and experience" as qui tam attorneys. *See* <u>U.S. ex rel. Rubar v. Hayner Hoyt Corp.</u>, 306 F. Supp. 3d 478, 489 (N.D.N.Y. 2018); <u>U.S. ex rel. Doe v. Acupath Laboratories, Inc.</u>, No. 10-cv-4819 (LDW), 2015 WL 1293019, at *9 (E.D.N.Y. Mar. 19, 2015).

Mr. Sadowski's most recent hourly billing rate, at the time of his death in July 2022, was $975 per hour. (*See* Declaration of Klaudia Chudzik, sworn to January 2, 2023, attached as Exhibit C.) The Estate respectfully submits that this rate is comparable to the "reasonable market rates" of litigation attorneys in New Jersey with comparable experience and skill. Mr. Sadowski was well versed and has seen a lot of success in the practice area of FCA litigation. "Mr. Sadowski has

13

literally "changed the landscape" in the False Claims Act area." (*See* Declaration of Michael Fitzgerald, ¶ 15, Attached as Exhibit B.) Notably, this Court has recently approved comparable rates in False Claims Act cases. *See* <u>Bahnsen</u>, 2021 WL 118927 (approving a blended rate of $618 for attorneys and a rate of $150 for paralegals); <u>Gathman</u>, 2021 WL 4295519 (approving rates of $715 and $575 for attorneys and a rate of $340 for paralegals).

## III.   THE ESTATE IS ALSO ENTITLED TO FEES <u>ASSOCIATED WITH LITIGATING THIS APPLICATION</u>

The Estate of Estate of Sadowski additionally requests compensation for the time it reasonably spent preparing this fee petition, to which it is entitled under Third Circuit precedent. *See* <u>U.S. ex rel. Palmer v. C&D Tech., Inc.</u>, 897 F.3d 128, 141-42 (3d Cir. 2018) ("[T]here is precedent for 'fees on fees' under Prandini) (quoting and applying <u>Prandini v. Nat'l Tea Co.</u>, 585 F.2d 47, 53 (3d Cir. 1978) ("[T]he time expended by attorneys in obtaining a reasonable fee is justifiably included in the attorneys' fee application, and in the court's fee award.")). Although the court has discretion to award fees incurred in preparation of fee applications, such fees are customarily submitted with fee application invoices in the District of New Jersey and in fact have been awarded by this district in all of the most recent False Claims Act cases cited herein. *See,* <u>Gathman,</u> 2021 WL 4295519 (awarding all "Fee Application" fees sought, with no deductions); <u>Bahnsen</u>, 2021 WL 118927, at *5-6 (awarding $4,624,207.74 in attorneys' fees and in $907,670.88 in out-of-pocket expenses based on invoices that included extensive time spent preparing the fee application); <u>Menold</u>, 2022 WL 345046**,** at *7 (awarding with no deductions one lump sum for both attorneys' fees and out-of-pocket expenses, based on invoices that included time spent on "resolution of fees on FCA claim". <u>Id</u>. For example, in <u>Bahnsen</u>, reimbursed invoices include time entries for: "preparing [the] motion for fees and costs," "[d]rafting the fee petition," "drafting [a] declaration in support of attorneys' fee motion," "[c]onducting research re attorneys' fees," and

14

"reviewing and revising fee application," among several others. Bahnsen, 2021 WL 118927, ECF Docket No. 469-12. Fee application fees based on these time entries were awarded as incurred through—but not after—the initial fee motion briefing. The only reason additional fee application fees were not awarded beyond the initial briefing is because the relators "d[id] not include any documentation" of those additional hours spent, and "so th[e] Court [wa]s unable to adequately address the request." Id. at 4.

The Estate of Sadowski is requesting reimbursement for the legal fees paid in preparing this application for attorney's fees. Mr. Sadowski has unexpectedly passed away in 2022, and is not able to file his own application for attorneys' fees, and now his Estate has been required to hire a law firm to adequately represent the Estate's interest in being compensated for the statuatory fees earned by Mr. Sadowski. On December 15, 2022 to the present date, the law firm of Phillips Nizer, LLP, has been retained by the Estate of Sadowski to assist in in preparation of its motion for attorneys' the drafting and preparation of its supporting documents. The total amount thus far is [$7,500].[2] The estate believes that given the exceptional circumstances here, this request is justified.

## IV.   ROBERT SADOWSKI'S 2021 DECLARATION SHOULD BE ACCEPTED UNDER FED. R. EVID. 804(A)(4)

A declaration may be used as evidence in a court proceeding when the declarant is unavailable to testify in accordance with Rule of Evidence 804(a)(4). This rule allows for the admission of hearsay statements made by a declarant who is unavailable to testify at trial, provided that the statement was made under circumstances indicating its trustworthiness. "A determination

---

[2] This subtotal does not include any lodestar after January 6, 2023, that is necessary to finally adjudicate the issues raised in this motion, which will be set forth in the Estate of Sadowski's reply brief along with an updated total.

as to whether a statement is hearsay, or qualifies as an exception to the general prohibition, is dependent on the substance of the statement and the context in which the evidence is presented." Van De Kamp v. Transdermal Specialties, Inc., No. 16-cv-02768, 2018 U.S. Dist. LEXIS 208225, at *10 (E.D. Pa. Dec. 10, 2018).

There are several reasons why a declaration should be used while citing to Rule of Evidence 804(a)(4). First, a declaration is considered a reliable form of evidence because it is made under penalty of perjury. This means that the declarant is legally bound to tell the truth and can be punished for making false statements. This ensures that the statement is accurate and credible.

Second, a declaration is signed and dated by the declarant, which provides proof that the statement was made by the declarant and not by someone else. This helps to establish the authenticity of the statement and ensures that it has not been tampered with or altered.

Finally, a declaration is typically made when the declarant is still alive, giving the declarant the opportunity to review and verify the accuracy of the statement before it is signed. This further adds to the reliability and credibility of the statement, as the declarant has had the opportunity to ensure that it is accurate and complete.

Here, Mr. Sadowski, passed away in August of 2022, and his declaration provides crucial evidence that is relevant to the case. As we understand it to be, Mr. Sadowski's declaration, was signed and submitted as part of an unsuccessful attempt at mediation in October of 2021, to be compensated for his legal fees. In that declaration, he prepared a specific and proper accounting of his legal fees while representing the Relator during the time period from November of 2010 through August of 2012.

Therefore, it is clear that this declaration should be used while citing to Rule of Evidence 804(a)(4) "declarant unavailable" due to death. The declaration is a reliable and trustworthy form

16

of evidence that provides proof of the authenticity and accuracy of the statements. Here, Mr. Sadowski, the declarant, had the opportunity to verify the accuracy of the statements before it was signed and submitted it to the Court, further adding to its credibility.

<u>Conclusion</u>

In sum, the Estate of Sadowski requests $808,190.00 in legal expenses reasonably incurred during its representation of the Relator from August 2010 to August 12, 2012, (*See* Sadowski Decl. *supra*, Exhibit A, ¶ 4), plus $2,510.03 in reasonably incurred out-of-pocket expenses. (*See* <u>Id.</u>, at p. 6) owed to McCarthy. This fee is a reasonable sum for the legal work conducted during Mr. Sadowski's representation of the Relator in this matter which spanned over 900 hours of professional time. Given the total amount of the final settlement, It is clear that Mr. Sadowski's representation had a positive impact and result during the time of his representation of the Relator. Lastly, the Estate of Sadowski seeks $7,500 in legal expenses reasonably incurred during its preparation of this fee petition.

| *Fee/Expense* | *Amount* |
|---|---|
| Legal Expenses | $808,190.00 |
| Out-of-Pocket Expenses | $2,510.03 |
| Current Total Litigation Costs (Fees on Fees) | $7,500.00 |
| **TOTAL** | $818,200.03 |

For the foregoing reasons, this Court should approve the Estate of Sadowski's motion to intervene, as of right, pursuant to Federal Rule of Civil Procedure 24(a), or in the alternative, grant the Estate of Sadowski permissive intervention, pursuant to Federal Rule of Civil Procedure 24(b),

17

and award the Estate of Sadowski its reasonable attorneys' fees and related costs pursuant to Federal Rule of Civil Procedure 54(d)(2) and 31 U.S.C. § 3730(d)(2).


Dated:

January 5, 2023

PHILLIPS NIZER LLP



By:   /s/ *Scott Piekarsky*

_____

Scott Piekarsky, Esq.

*Counsel to Proposed Intervenor and*

*Former Counsel to Relator Laurie Simpson*

Continental Plaza

433 Hackensack Avenue, Suite 803

Hackensack, New Jersey 07601

(201) 975-4427

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA *et al.* *Ex rel.* LAURIE SIMPSON,<br><br>                       Plaintiff,<br><br>v.<br><br>BAYER PHARMACEUTICAL CORP., *et al.*,<br><br>                      Defendant. | HONORABLE JOHN MICHAEL VAZQUEZ<br><br><br>Civil Action No. 05-3895 (JMV) |

## <u>DECLARATION OF JAMES N. LAWLOR</u>

I, James N. Lawlor, declare, pursuant to 28 U.S.C. Section 1746, as follows:

1.    I make this Declaration of my own personal knowledge, and, if called as a witness, I would testify to the matters stated herein. I submit this declaration in connection with the Motion for Recovery of Attorneys' Fees and Expenses by Olshan Frome Wolosky LLP ("Olshan"), former attorneys for Laurie Simpson, the relator in this proceeding ("Relator"). Neither I, nor my firm, represents any party in this action.

2.    I am a partner of Wollmuth, Maher & Deutsch LLP, a law firm with offices in New Jersey and New York. I am admitted to the bars of the courts of the State and Federal courts of New Jersey State and the courts of the State of New York, the Southern District of New York, and the Eastern District of New York. I am also admitted to practice before the United States Courts of Appeal for the Second, Third, and Ninth Circuits. I have been named as a "Super Lawyer" in New Jersey Super Lawyers for 2011-2022. Attached hereto as Exhibit "A" is a more detailed statement of my professional background.

3.      I have been a litigator, trial attorney and commercial bankruptcy lawyer for more than thirty (30) years, representing clients in multiple state and federal courts, including New Jersey and New York. As part of my commercial bankruptcy practice, I routinely submit and review applications of attorneys that seek court-approved compensation that rely on standards similar to those in False Claims Act cases and other complex litigation. In fact, applications for fees seeking bankruptcy court-approval most often utilize the lodestar method, with counsel providing evidence of both the hourly rates charged and detailed time records of the time spent on particular matters. Attorneys may only be compensated when the requested fees are reasonable, taking into consideration the time spent, the cost of comparable services, which considers the rates of local professionals and the rates charged by professionals in the professional's customary market, and whether the hourly rates charged are commensurate with the hourly rates charged by their peers in other practice areas. As a result, I have extensive knowledge of the rates that firms in New Jersey, New York, and elsewhere charge for most services.

4.      It is my understanding that the Relator was represented by attorneys at Olshan, including partners, associates and paralegals, for the period from August 2009 through November 12, 2010. During this time, Olshan spent over 1,000 hours of professional time actively representing the Relator in the preparation and filing of the Third Amended Complaint; extensive discovery including review and multiple productions of documents; deposition preparation and depositions; and motion practice. I am also familiar with the type of attorneys who work at Olshan, and the experience and skills of Robert W. Sadowski, Esq., Christine Wong, Esq. and Raphael Katz, Esq., who I understand were primarily responsible for supervising the litigation for the Relator. Mr. Sadowski and Mr. Katz have significant experience and expertise in False Claims Act and complex litigation.  Ms. Wong also has significant commercial litigation experience including

2

managing discovery. Mr. Sadowski spent 408.2 hours representing the Relator, Ms. Wong 265.2 and Mr. Katz 52 hours.

     5.     It is my understanding that, in 2022, Olshan charged hourly rates ranging generally from $710 to $900 for partners, $470 to $790 for associates, and $340 to $430 for paralegals. Based on my knowledge and experience, I can confidently state that these hourly rates are congruent with reasonable market rates as they conform with typical rates in the litigation forum for the type of legal services rendered. It is further my opinion that the rates charged by Olshan are demonstrative of the expertise of the attorneys who handled this matter and had extensive experience in this type of litigation, and that these rates are consistent with those charged in the community for similar services by lawyers of comparable skill and experience. Moreover, when reviewing the time entries, it appears that Olshan's blended rate for all attorneys results in a rate of approximately $753 per hour for attorneys and $362 per hour for paralegals, which rates have recently been found by at least one court in this District to be reasonable market rates for the type and complexity of legal services rendered.

     I declare under the penalty of perjury that the foregoing is true to the best of my knowledge.

                                               James N. Lawlor

Dated:  December 19, 2022
           Bedminster, New Jersey

3

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA;<br>STATE OF CALIFORNIA;<br>STATE OF DELAWARE;<br>STATE OF FLORIDA;<br>STATE OF GEORGIA;<br>STATE OF HAWAII;<br>STATE OF ILLINOIS;<br>STATE OF INDIANA;<br>STATE OF LOUISIANA;<br>COMMONWEALTH OF MASSACHUSETTS;<br>STATE OF MICHIGAN;<br>STATE OF MONTANA;<br>STATE OF NEVADA;<br>STATE OF NEW JERSEY;<br>STATE OF NEW HAMPSHIRE;<br>STATE OF NEW MEXICO;<br>STATE OF NEW YORK;<br>STATE OF NORTH CAROLINA;<br>STATE OF OKLAHOMA;<br>STATE OF RHODE ISLAND;<br>STATE OF TENNESSEE;<br>STATE OF TEXAS;<br>COMMONWEALTH OF VIRGINIA;<br>STATE OF WISCONSIN;<br>and the DISTRICT OF COLUMBIA<br>*Ex rel.* LAURIE SIMPSON,<br><br>        PLAINTIFFS/RELATOR,<br><br>        v.<br><br>BAYER CORPORATION;<br>BAYER HEALTHCARE<br>PHARMACEUTICALS, INC.;<br>BAYER PHARMACEUTICALS<br>CORPORATION;<br>BAYER HEALTHCARE LLC;<br>BAYER AG;<br>BAYER HEALTHCARE AG; and<br>BAYER SCHERING PHARMA, AG,<br><br>        DEFENDANTS. | Civ. No. 05-3895 (JAG)<br><br>Hon. Joseph A. Greenaway<br><br><br>**DECLARATION OF**<br>**ROBERT W. SADOWSKI** |

1

**ROBERT W. SADOWSKI**, an attorney in good standing in the bar of this Court and State of New York, declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I submit this declaration in support of the Relator's motion for reimbursement of reasonable attorney's fees, costs and expenses under the express fee-shifting provisions of the False Claims Act ("FCA"), 31 U.S.C. § 3730(d)(1).

2.      I am the founder and managing member of the law firm of Robert W. Sadowski PLLC ("RWS").  The focus of practice of RWS is representing whistleblowers, referred to in the federal and state False Claims Acts as "Relators."

3.      From 2009 to July 2010, Olshan Frome & Wolosky LLP ("Olshan") represented Laurie Simpson ("Relator"), and I was lead counsel representing Relator.  Olshan is submitting it fee application separately.

4.      In August 2010, I joined the firm of Diamond McCarthy LLP, where I continued to represent Relator as lead counsel.  On or about August 6,  2012, Diamond McCarthy moved to withdrew as counsel to Relator, which motion was granted.

5.      The FCA mandates payment of an award of attorney's fees, costs and expenses to the relator when *qui tam* claims succeed. The FCA provides that, in addition to the relator's share of the proceeds of the action,

> Any such person *shall* also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs.  All such expenses, fees and costs shall be awarded against the defendant.

31 U.S.C. § 3730(d)(1) (*emphasis added*).

6.   Both Olshan and Diamond McCarthy represented the Relator on a pure contingent fee basis.  Relator's Attorneys also assumed the risk of expenses pursuant to the retainer agreement and Professional Conduct Rule 1.8(e).

7.   My hourly rate while representing Relator at Diamond McCarthy ranged between $575.00 to $700.00 per hour.  Andrea Fisher, who also worked on Relator's case, had an hourly rate of $600.00 per hour.  Raphael Katz, who also worked on Relator's case, had an hourly rate ranging from $350.00 to $500.00.

8.   All of the billing rates in this matter are reasonable and fit squarely within the range of other attorneys' hourly rates for similar representation in False Claims Act cases.  Due to the high complexity of the instant case, using a less-experienced litigator would have produced an inferior result for the Relator.

9.   I have a long-standing and highly concentrated experience in handling False Claims Act cases nationally.

10.   I have been representing relators in False Claims Act cases for many years.  I have been litigating complex cases for over 25 years, and served as Health Care Fraud Coordinator in the United States Attorney's Office for the Southern District of New York, where I was responsible for supervising all civil health care fraud prosecutions.  I also supervised the investigation, litigation and settlement of fraud prosecutions under the False Claims Act.  In addition to Medicare and Medicaid fraud cases, I prosecuted Stark violations, kickbacks, cost report improprieties, false billings, quality of care failures and drug safety violations.   I graduated with a B.A. from the University of Wisconsin, a J.D. from Brooklyn Law School, and an LL.M. in Taxation from NYU Law School.  I  was an adjunct professor at Brooklyn Law School and a faculty member of Lawline.

11.   A few examples of my successful representation of relators in other cases include: *U.S. ex* rel. *Bisk v. Westchester Medical Center*, 1:06-cv-15296 (LAK/FM) (S.D.N.Y.). *U.S. ex*

*rel. Mazza v. Miami Dade County*, 1:10-cv-24546 (S.D. Fla.) (KMM); and *U.S. ex rel. Doe v. Structured Employment Economic Development Corporation*, 1:11-cv-06425 (AKH) (S.D.N.Y.). I have also tried to successful jury verdict a False Claims Act case, in which the Government declined to intervene.

12.     I provided substantial time and resources to investigating, drafting, filing and pursuing the instant litigation.

13.     All of Relator's attorneys and paralegals prepared contemporaneous records through billing software.  The time records and costs and expenses for Diamond McCarthy are attached hereto as Exhibit A.  Diamond McCarthy has assigned its interest in any fees generated in this case, but I remain obligated to reimburse Diamond McCarthy for costs and expenses in cases with successful conclusions.

14.     I have calculated attorney fees and costs and expenses incurred by Diamond McCarthy as set forth on Exhibit A at 1.  I and other attorneys and a paralegal billed 964.70 hours, with rates ranging from $150.00 for paralegals to between $350.00 to $700.00 for attorneys.

15.     During Diamond McCarthy's engagement, attorneys working on this case conducted the following work:

- Meeting with Relator on multiple occasions to discuss strategy, answer questions, explain theories, and edit paper;

- Negotiated and drafted co-relator agreements;

- Edited and supplemented Disclosure Statements to the States and Federal Government;

- Worked on partial unsealing of the case;

- Drafted Fourth and Fifth Amended Complaints;

- Researched complex damages theories, materiality issues, implied certification, and consolidation with a co-relator's complaint;

- Review medical literature and Defendants' and Relator's documents; and

- Respond to Defendant's motions to sever a co-relator case.

16.     For all of the foregoing reasons, I respectfully submit that the fees Relator's Attorneys have incurred in pursuit of the instant *qui tam* case are reasonable.  I, therefore, respectfully request that this application for attorney's fees in the amount of $560,410.03, and costs and expenses in the amount of $2,510.03 be granted in its entirety, and that the amount awarded include any further costs, expenses and attorney's fees incurred in this application or otherwise in this application or otherwise in this *qui tam* proceeding.

Dated: New York, New York
      October 21, 2021

Robert W. Sadowski

EXHIBIT  A

4/25/2013 3:51:40 PM

Diamond McCarthy LLP
Draft for Work-In-Process Through 4/25/2013

Page 1

*& Closed*
*4/26/13*
*JSL*

| Matter ID: 1220-00012 | | Draft Seq # | 1 |

Billing Attorney: 42 - Sadowski, Robert W.

Attn: Laurie Simpson
823 Orange Center Road
Orange, CT  06477

Bill Format:    9010
Billing Cycle:   M

*W|O*

**Re: Trasylol**

## Billing & Payment Recap

| | | | |
|---|---|---|---|
| Total Billed Fees: | 0.00 | Combined Adv. Deposit Bal.: | 0.00 |
| Total Billed Costs: | 0.00 | Fee Adv. Deposit Bal.: | 0.00 |
| Total Billed Interest: | 0.00 | Cost Adv. Deposit Bal.: | 0.00 |
| Total Billed Retainer: | 0.00 | Trust Funds 1: | 0.00 |
| Total Collected: | 0.00 | Trust Funds 2: | 0.00 |
| Last Bill: | | Trust Funds 3: | 0.00 |
| Last Payment: | | Trust Funds 4: | 0.00 |
| Last Write-Off: | | | |

## WIP & A/R Aging

| | | | | | | | Aging | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| As of 4/25/2013 | Total | Fees | Cost | Interest | Retainer | 0-30 | 31-60 | 61-90 | 91+ | |
| WIP | 562,920.03 | 560,410.00 | 2,510.03 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 562,920.03 | |
| A/R | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| Totals | 562,920.0 | 560,410.00 | 2,510.03 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 562,920.0 | |

## Fee Recap - Actual Hourly Rate

| | | | | On Hold | | | To Bill | | |
|---|---|---|---|---|---|---|---|---|---|
| Timekeeper | Hours | Rate | Amount | Hours | Rate | Amount | Hours | Rate | Amount |
| RWS | 279.10 | 575.00 | 160,482.5 | | | | 279.10 | 575.00 | 160,482.5 |
| RWS | 232.80 | 600.00 | 139,680.0 | | | | 232.80 | 600.00 | 139,680.0 |
| RWS | 177.60 | 700.00 | 124,320.0 | | | | 177.60 | 700.00 | 124,320.0 |
| AF | 143.10 | 600.00 | 85,860.00 | | | | 143.10 | 600.00 | 85,860.00 |
| RK | 53.50 | 350.00 | 18,725.00 | | | | 53.50 | 350.00 | 18,725.00 |
| RK | 23.50 | 425.00 | 9,987.50 | | | | 23.50 | 425.00 | 9,987.50 |
| RK | 41.90 | 500.00 | 20,950.00 | | | | 41.90 | 500.00 | 20,950.00 |
| JS | 2.70 | 150.00 | 405.00 | | | | 2.70 | 150.00 | 405.00 |
| Firm | 10.50 | 0.00 | 0.00 | | | | 10.50 | 0.00 | |
| **Total WIP Fees** | **964.70** | | **560,410.0** | | | | **964.70** | | **560,410.0** |

## Disbursement Recap by Code

| Code | | Amount | On Hold | To Bill |
|---|---|---|---|---|
| COPY | Duplicating Expense | 42.60 | | 42.60 |
| LOCO | Local Counsel | 153.60 | | 153.60 |
| MISC | Miscellaneous | 378.62 | | 378.62 |
| POST | Postage | 12.51 | | 12.51 |
| RESE | On-Line Research | 1,922.70 | | 1,922.70 |
| **Total WIP Costs** | | **2,510.03** | | **2,510.03** |

| 4/25/2013 3:51:40 PM | Diamond McCarthy LLP | Page 2 |
|---|---|---|

Draft for Work-In-Process Through 4/25/2013

| | Matter ID: 1220-00012 | | Draft Seq # | 1 |
|---|---|---|---|---|

| Total WIP | **562,920.03** | 0.00 | **562,920.03** |
|---|---|---|---|

**Billing Instructions**

Bill Fees: ____        Write off Fees: ____         Bill Costs: ____          Write off Costs: ____

Do Not Bill: ____     Apply Advance Deposit: All ____ or Other Amount _____     Send Statement Only: ____

**Fee Detail**

| Fee ID | Date | Atty | Description | Task:Act | Hold | Hours | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| 23626 | 08/05/10 | RWS | Meeting with LS regarding strategy, damages, scheduling, co-relator agreement, and prepare for same. | | | 8.00 | 575.00 | 4,600.00 |
| 23627 | 08/05/10 | RK | Meeting with Laurie Simpson; review and edit relators' agreement and Texas disclosure statement. | | | 6.00 | 350.00 | 2,100.00 |
| 23628 | 08/06/10 | RK | Edit relators' agreement and Texas disclosure statement. | | | 4.00 | 350.00 | 1,400.00 |
| 23629 | 08/12/10 | RK | Edit Relators' Agreement and Texas Disclosure Statement; conversation with L. Simpson. | | | 3.00 | 350.00 | 1,050.00 |
| 23630 | 08/30/10 | RWS | E-mails to update L. Simpson; review co-relator issues and edit agreement. | | | 4.80 | 575.00 | 2,760.00 |
| 23631 | 08/31/10 | RWS | Office conference with R. Katz regarding damages in DRG cases; calls and e-mails with L. Simpson; review case law on damages and penalties; read Kennedy v. Aventis papers. | | | 3.20 | 575.00 | 1,840.00 |
| 23632 | 09/01/10 | RWS | Calls and e-mails with Simpson regarding Trasylol strategy meeting and co-relator agreement and meeting with Lugbill and Daniels. | | | 1.10 | 575.00 | 632.50 |
| 23633 | 09/02/10 | RWS | Find new locate NJ counsel and schedule meeting with Lugbill. | | | 0.70 | 575.00 | 402.50 |
| 23634 | 09/03/10 | RWS | Call with L. Simpson; edit co-relator agreement; review Bayer motion for partial unsealing. | | | 3.50 | 575.00 | 2,012.50 |
| 23635 | 09/03/10 | RK | Edit draft relators' agreement. | | | 3.50 | 350.00 | 1,225.00 |
| 23636 | 09/07/10 | RWS | Review Baycol documents for damages calculations. | | | 3.20 | 575.00 | 1,840.00 |
| 23637 | 09/07/10 | RWS | Trasylol: e-mails with LS & telephone calls regarding partial unsealing; e-mail with GS regarding partial unsealing, MTD schedule; discussion with LS regarding amending complaint; review timeline of procedures and to do lists; review docs and caselaw regarding damages/penalties. | | | 6.30 | 575.00 | 3,622.50 |
| 23638 | 09/09/10 | RWS | Research and review documents for damages in Trasylol and Avelox; call with M. Stratton regarding Avelos, emails to LS. | | | 7.20 | 575.00 | 4,140.00 |
| 23639 | 09/10/10 | RWS | Meeting with LS to discuss: co-relator agreement; scheduling MTD briefing; | | | 7.30 | 575.00 | 4,197.50 |

| Fee ID | Date | Atty | Description | Task:Act | Hold | Hours | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| | | | **Matter ID: 1220-00012** | | | | Draft Seq # | 1 |
| | | | issues to confront on MTD; Avelox and Trasylol damages theories; review of 7th circuit cases in a Sidly brief on MTD for lack of materiality; call with GS; message to M. Stratton; file management systems. | | | | | |
| 23640 | 09/13/10 | RWS | Finalize co-relator agreement; call with Lugbill regarding comments to co-relator agreement; e-mail to BSF regarding NJ local counsel; e-mails with LS regarding co-relator agreement. | | | 2.30 | 575.00 | 1,322.50 |
| 23641 | 09/14/10 | RWS | Review Bayer 11/25 settlement; draft cover letter, finalize and send co-relator agreement; report to LS on co-relator agreement status. | | | 2.10 | 575.00 | 1,207.50 |
| 23642 | 09/14/10 | RK | Conversations with R. Sadowski; telephone conference with Ann Lugbill; review Relators' draft agreement. | | | 2.80 | 350.00 | 980.00 |
| 23643 | 09/15/10 | RWS | Discuss briefing schedule with LS. | | | 0.30 | 575.00 | 172.50 |
| 23644 | 09/15/10 | RK | Meeting with Laurie Simpson regarding status and relators' agreement; review relators' agreement. | | | 2.30 | 350.00 | 805.00 |
| 23645 | 09/17/10 | RWS | E-mail regarding co-relator negotiations, e-mails to GS regarding schedule and partial unsealing; discussion with TN regarding NJ counsel and status of case. | | | 0.70 | 575.00 | 402.50 |
| 23646 | 09/20/10 | RWS | Call with A. Lugbill to restart negotiations regarding co-relator agreement. | | | 0.60 | 575.00 | 345.00 |
| 23647 | 09/24/10 | RWS | E-mails with GS regarding partial unsealing consent order; e-mails to LS regarding same. | | | 0.70 | 575.00 | 402.50 |
| 23648 | 09/27/10 | RWS | Calls regarding obtaining NJ counsel; e-mails and calls with LS and AL regarding meeting over co-relator agreement. | | | 0.60 | 575.00 | 345.00 |
| 23649 | 10/01/10 | RWS | Find local NJ counsel and review partial unsealing consent. | | | 1.30 | 575.00 | 747.50 |
| 23650 | 10/04/10 | RWS | Review supplemental disclosure to TX AG. | | | 1.10 | 575.00 | 632.50 |
| 23651 | 10/04/10 | RK | Editing relators' agreement. | | | 2.00 | 350.00 | 700.00 |
| 23652 | 10/05/10 | RWS | Search for NJ local counsel; draft termination letter; draft co-relator terms; research consolidation of co-relator cases. | | | 3.70 | 575.00 | 2,127.50 |
| 23653 | 10/05/10 | RWS | Schedule meeting with Stratton regarding Avelox; research privilege of co-counsel and joint prosecution. | | | 0.60 | 575.00 | 345.00 |
| 23654 | 10/06/10 | RWS | Meeting with LS; negotiations with co-relator; requests to state Ags regarding claims; research DRG/materiality; issue requests for military claims; e-mails regarding scheduling; review DOD documents. | | | 7.60 | 575.00 | 4,370.00 |

4/25/2013 3:51:40 PM                    Diamond McCarthy LLP                              Page 4
                              Draft for Work-In-Process Through 4/25/2013
                              **Matter ID: 1220-00012**                    Draft Seq #        1

| Fee ID | Date | Atty | Description | Task:Act | Hold | Hours | Rate | Amount |
|--------|------|------|-------------|----------|------|-------|------|--------|
| 23655 | 10/06/10 | RK | Research regarding co counsel and consulting agreements. | | | 2.50 | 350.00 | 875.00 |
| 23656 | 10/07/10 | RWS | Review partial unsealing papers; review decision on transfer order; office conference with R. Katz regarding transfer decision. | | | 2.40 | 575.00 | 1,380.00 |
| 23657 | 10/07/10 | RK | Review JPML decision; conversation with R. Sadowski. | | | 1.00 | 350.00 | 350.00 |
| 23658 | 10/08/10 | RWS | Review co-counsel arrangement regarding Avelox with Stratton; call from GS. | | | 1.40 | 575.00 | 805.00 |
| 23659 | 10/11/10 | RWS | Review of relators' complaints for consistency. | | | 1.60 | 575.00 | 920.00 |
| 23660 | 10/14/10 | RWS | Interview local NJ counsel. | | | 1.30 | 575.00 | 747.50 |
| 23661 | 10/20/10 | RK | Research concerning penalties without damages in qui tam cases. | | | 2.50 | 350.00 | 875.00 |
| 23662 | 10/21/10 | RWS | Meeting with client to discuss co-relator arrangement; review complaints for consistency. | | | 2.40 | 575.00 | 1,380.00 |
| 23663 | 10/22/10 | RWS | Call with TD and AL regarding co-relator arrangement and factual perspectives of relators. | | | 1.70 | 575.00 | 977.50 |
| 23664 | 10/25/10 | RWS | Review briefing schedule papers for T & A and discuss with LS. | | | 0.70 | 575.00 | 402.50 |
| 23665 | 10/25/10 | RK | Research and draft joint prosecution agreement. | | | 3.50 | 350.00 | 1,225.00 |
| 23666 | 10/26/10 | RWS | Draft new agreement with Stratton regarding Avelox co-counsel arrangement. | | | 1.20 | 575.00 | 690.00 |
| 23667 | 10/26/10 | RK | Draft and edit joint prosecution agreement. | | | 2.80 | 350.00 | 980.00 |
| 23668 | 10/27/10 | RWS | Review theories of damages and penalties; research same; discussion with R. Katz regarding safety issues. | | | 2.00 | 575.00 | 1,150.00 |
| 23669 | 10/28/10 | RK | Prepare co-counsel agreement. | | | 1.30 | 350.00 | 455.00 |
| 23670 | 10/29/10 | RWS | Revise co-relator proposal; discussions with LS regarding co-relator relationship; review Avelox documents; calls and e-mails with FLA AG; attention to Stratton co-counsel agreement; GS e-mail and calls with LS regarding same; review of Trasylol documents and locate DOD Trasylol agreement; Trasylol use at children's hospital research PPS. | | | 6.50 | 575.00 | 3,737.50 |
| 23671 | 11/01/10 | RWS | Research on Kennedy v. Aventis/materiality; locate Avelox claims data; review Trasylol claims data. | | | 5.30 | 575.00 | 3,047.50 |
| 23672 | 11/02/10 | RWS | Meet with LS and draft amended complaint; attention to sources for claims data; substitution of counsel and co-relator terms. | | | 4.20 | 575.00 | 2,415.00 |

Diamond McCarthy LLP

Draft for Work-In-Process Through 4/25/2013

**Matter ID: 1220-00012**                                    Draft Seq #        1

| Fee ID | Date | Atty | Description | Task:Act Hold | Hours | Rate | Amount |
|--------|------|------|-------------|---------------|-------|------|--------|
| 23673 | 11/02/10 | RK | Research regarding penalties but no damages; meeting with Laurie Simpson; revise local counsel agreement. | | 5.00 | 350.00 | 1,750.00 |
| 23674 | 11/08/10 | RWS | Telephone conference with LS regarding claims data, damages theory penalties and co-relator agreement. | | 1.40 | 575.00 | 805.00 |
| 23675 | 11/09/10 | RWS | Draft Trasylol amendments, research inpatient reimbursement, e-mail to NMFCU; retain NJ counsel and attention to substitution. | | 5.20 | 575.00 | 2,990.00 |
| 23676 | 11/11/10 | RWS | File withdraw and substitution. | | 0.20 | 575.00 | 115.00 |
| 23677 | 11/12/10 | RWS | Meet with LS; call with AL regarding co-relator agreement; attention to scheduling order; negotiation of realtor's agreement; continue drafting amended complaint. | | 7.20 | 575.00 | 4,140.00 |
| 23678 | 11/15/10 | RWS | Draft amendments to Trasylol. | | 2.80 | 575.00 | 1,610.00 |
| 23679 | 11/16/10 | RK | Research regarding rules regarding confidential information. | | 2.00 | 350.00 | 700.00 |
| 23680 | 11/17/10 | RWS | Call and office conference to discuss procedure with co-relator; attention to co-relator agreement; review Trasylol invoices and sales to government. | | 3.20 | 575.00 | 1,840.00 |
| 23681 | 11/17/10 | RK | Research regarding rules regarding confidential information. | | 3.00 | 350.00 | 1,050.00 |
| 23682 | 11/18/10 | RWS | Research materiality in connection with DRG for Trasylol; discussion with FLA regarding Avelox claims. | | 0.80 | 575.00 | 460.00 |
| 23683 | 11/18/10 | RK | Research regarding confidentiality agreements and draft memo. | | 3.00 | 350.00 | 1,050.00 |
| 23684 | 11/19/10 | RWS | Review and draft original source allegations; prepare to do lists for LS. | | 2.50 | 575.00 | 1,437.50 |
| 23685 | 11/22/10 | RWS | Continue to track down Trasylol claims data; calls and emails to information sources. | | 1.80 | 575.00 | 1,035.00 |
| 23686 | 11/29/10 | RWS | Avelox claims data; document review and research sources. | | 1.70 | 575.00 | 977.50 |
| 23687 | 11/29/10 | RWS | Prepare for and hold Trasylol teleconference with AL and LS. | | 2.10 | 575.00 | 1,207.50 |
| 23688 | 11/30/10 | RWS | Work on drafting amended complaint. | | 3.20 | 575.00 | 1,840.00 |
| 23689 | 11/30/10 | RWS | Work on supplemental disclosure for TX. | | 1.10 | 575.00 | 632.50 |
| 23690 | 12/01/10 | RWS | Telephone conference with relator regarding complaint amendment, consolidation, schedule, letter to court, conversation with AL. | | 3.10 | 575.00 | 1,782.50 |
| 23691 | 12/02/10 | RWS | Collect and review Trasylol claims data and draft claims allegations. | | 4.80 | 575.00 | 2,760.00 |
| 23692 | 12/03/10 | RWS | Collect, review and draft claims allegations. | | 4.50 | 575.00 | 2,587.50 |
| 23693 | 12/03/10 | RK | Conversations with Jack Kint regarding | | 0.50 | 350.00 | 175.00 |

Diamond McCarthy LLP
Draft for Work-In-Process Through 4/25/2013

| | | | **Matter ID: 1220-00012** | | | | Draft Seq # | 1 |

| Fee ID | Date | Atty | Description | Task:Act | Hold Hours | Rate | Amount |
|--------|------|------|-------------|----------|-----------|------|--------|
| | | | filing letter to court. | | | | |
| 23694 | 12/06/10 | RWS | Research on Kennedy v. Aventis/materiality; locate Avelox claims data; review Trasylol claims data. | | 5.30 | 575.00 | 3,047.50 |
| 23695 | 12/07/10 | RWS | Review Trasylol Adverse Event Memo; review supplemental disclosure regarding PK and clinical studies failures. | | 3.50 | 575.00 | 2,012.50 |
| 23696 | 12/09/10 | RWS | Draft amended complaint and disclosure supplement. | | 3.40 | 575.00 | 1,955.00 |
| 23697 | 12/10/10 | RWS | Draft amended Trasylol complaint and disclosure statement. | | 7.80 | 575.00 | 4,485.00 |
| 23698 | 12/13/10 | RWS | Conversations with LS; revisions to amended complaint; clinical trial amended allegations. | | 4.70 | 575.00 | 2,702.50 |
| 23699 | 12/14/10 | RWS | Attention to Trasylol amendment--claims and clinical trial allegations. | | 4.80 | 575.00 | 2,760.00 |
| 23700 | 12/15/10 | RWS | Calls with LS to explain clinical trial failures; review disclosure statement and amended complaint; calls and e-mails with Ronca regarding claims data. | | 3.20 | 575.00 | 1,840.00 |
| 23701 | 12/17/10 | RWS | Meeting with LS to work in amended complaint. | | 7.10 | 575.00 | 4,082.50 |
| 23702 | 12/21/10 | RWS | Work on Trasylol complaint amendments. | | 2.40 | 575.00 | 1,380.00 |
| 23703 | 12/28/10 | RWS | Draft amendment to Trasylol and disclosure supplement. | | 7.00 | 575.00 | 4,025.00 |
| 23704 | 12/28/10 | RK | Compile cost report allegations for complaint. | | 0.50 | 350.00 | 175.00 |
| 23705 | 12/29/10 | RWS | Work on Trasylol amendment and disclosure statement. | | 7.20 | 575.00 | 4,140.00 |
| 23706 | 12/30/10 | RWS | Work on Trasylol amendment and disclosure statement. | | 4.50 | 575.00 | 2,587.50 |
| 23707 | 01/03/11 | RWS | Attention to drafting amended complaint and verifying allegations. | | 7.20 | 575.00 | 4,140.00 |
| 23708 | 01/04/11 | RWS | Draft amended complaint and verifying allegations. | | 7.80 | 575.00 | 4,485.00 |
| 23709 | 01/05/11 | RWS | Review Trasylol MDL protective order and confidentiality agreement and research regarding clinical trial allegations. | | 6.80 | 575.00 | 3,910.00 |
| 23710 | 01/06/11 | RWS | Claims data research, telephone and e-mails to Florida, MDL PSC and Ronca regarding claims data; edit supplemental disclosure. | | 6.60 | 575.00 | 3,795.00 |
| 23711 | 01/07/11 | RWS | Draft supplemental disclosure. | | 6.80 | 575.00 | 3,910.00 |
| 23712 | 01/10/11 | RWS | Draft and edit T&A supplemental disclosure. | | 6.50 | 575.00 | 3,737.50 |
| 23713 | 01/12/11 | RWS | Review AL edits to T&A complaint. | | 3.40 | 575.00 | 1,955.00 |
| 23714 | 01/14/11 | RWS | Review motion to consolidate, edit | | 4.50 | 575.00 | 2,587.50 |

| Fee ID | Date | Atty | Description | Task:Act Hold Hours | Rate | Amount |
|--------|------|------|-------------|------:|-----:|-------:|
| | | | Matter ID: 1220-00012 | | Draft Seq # | 1 |
| | | | complaint and attention to extension of time to file. | | | |
| 23715 | 01/18/11 | RWS | Edit, proof, finalize and send supplemental disclosure in Trasylol. | 7.70 | 575.00 | 4,427.50 |
| 23716 | 01/20/11 | RWS | Edit Trasylol amended complaint. | 4.20 | 575.00 | 2,415.00 |
| 23717 | 01/20/11 | RK | Prepare and serve disclosure statement on government and states. | 2.30 | 350.00 | 805.00 |
| 23718 | 01/21/11 | RWS | Calls with LS regarding complaint edits. | 1.40 | 575.00 | 805.00 |
| 23719 | 01/24/11 | RWS | Review AL edits to amended complaint. | 2.20 | 575.00 | 1,265.00 |
| 23720 | 01/25/11 | RWS | Review and input AL edits to amended complaint. | 3.40 | 575.00 | 1,955.00 |
| 23721 | 01/27/11 | RWS | Calls and e-mails with LS regarding complaint edits. | 1.30 | 575.00 | 747.50 |
| 23722 | 01/27/11 | RWS | Call with LS, call with AL, e-mail to Ronca, review complaint edits. | 2.50 | 575.00 | 1,437.50 |
| 23723 | 01/28/11 | RWS | Edit T & A complaint. | 0.90 | 575.00 | 517.50 |
| 23724 | 01/31/11 | RWS | Prospective payment research, continue editing complaint. | 1.80 | 575.00 | 1,035.00 |
| 23725 | 02/01/11 | RWS | Call with NJ counsel regarding filing motions to seal and consolidate. | 0.50 | 600.00 | 300.00 |
| 23726 | 02/02/11 | RWS | Meeting with LS to review edits to complaint and strategy update. | 7.20 | 600.00 | 4,320.00 |
| 23727 | 02/02/11 | RK | Research regarding motion to consolidate and motion to seal. | 2.00 | 425.00 | 850.00 |
| 23728 | 02/02/11 | Firm | Research two issues: one a conflict of law issue between NJ and CT state courts; the other, negligent and intentional infliction of emotional distress laws on CT state court. | 5.50 | 0.00 | 0.00 |
| 23729 | 02/03/11 | RWS | Review motions to consolidate and leave to file under seal; e-mails with LS regarding Bayer request for extension; research conflicts of law regarding employment claim. | 3.10 | 600.00 | 1,860.00 |
| 23730 | 02/03/11 | RK | Draft and research for motion to consolidate and motion to seal. | 6.00 | 425.00 | 2,550.00 |
| 23731 | 02/04/11 | RK | Draft, edit, and proofread motions to consolidate and to seal. | 5.00 | 425.00 | 2,125.00 |
| 23732 | 02/06/11 | RWS | E-mails with LS regarding schedule and edits to complaint. | 0.40 | 600.00 | 240.00 |
| 23733 | 02/07/11 | RWS | Call with BSF regarding status of case. | 0.40 | 600.00 | 240.00 |
| 23734 | 02/08/11 | RWS | Meeting with LS to discuss edits to complaint. | 6.30 | 600.00 | 3,780.00 |
| 23735 | 02/09/11 | RWS | Edit Avelox claims. | 5.40 | 600.00 | 3,240.00 |
| 23736 | 02/09/11 | RWS | Coordination with co-relator; e-mails regarding same; request extension. | 0.40 | 600.00 | 240.00 |
| 23737 | 02/10/11 | RWS | Review edits to complaint; review complaint to remove confidential material. | 4.80 | 600.00 | 2,880.00 |

**Matter ID: 1220-00012**                                      Draft Seq #        1

| Fee ID | Date | Atty | Description | Task:Act | Hold | Hours | Rate | Amount |
|--------|------|------|-------------|----------|------|-------|------|--------|
| 23738 | 02/23/11 | RWS | Review complaint edits. | | | 2.70 | 600.00 | 1,620.00 |
| 23739 | 02/24/11 | RWS | Call to GS to seek extension request. | | | 0.20 | 600.00 | 120.00 |
| 23740 | 02/24/11 | RWS | Meeting with LS to review complaint edits and extract confidential matters. | | | 6.20 | 600.00 | 3,720.00 |
| 23741 | 02/24/11 | Firm | Research and write complaint for negligent infliction of emotional distress. | | | 5.00 | 0.00 | 0.00 |
| 23742 | 02/25/11 | RWS | Gather Trasylol claims data. | | | 0.80 | 600.00 | 480.00 |
| 23743 | 03/01/11 | RWS | Review Trasylol section of complaint and reorganize; discuss receiving Trasylol claims data from FL; contact with FL; draft request to FL. | | | 4.60 | 600.00 | 2,760.00 |
| 23744 | 03/02/11 | RWS | Review and edit Trasylol adverse event allegations. | | | 1.20 | 600.00 | 720.00 |
| 23745 | 03/03/11 | RWS | Draft motion to consolidate with Daniels; draft motion for extension of time to file; review Trasylol claims exhibits; review motion to seal; call with LS regarding edits of Trasylol complaint; review; review supplemental disclosure on Trasylol for FDA issues. | | | 5.20 | 600.00 | 3,120.00 |
| 23746 | 03/10/11 | RWS | Draft spontaneous adverse event allegations; research on kickback allegations; discussion with local counsel regarding extension; contact with local counsel regarding consolidation motion and letter for extension. | | | 8.40 | 600.00 | 5,040.00 |
| 23747 | 03/11/11 | RWS | Research adverse event guidelines and Rost case. | | | 4.20 | 600.00 | 2,520.00 |
| 23748 | 03/15/11 | RWS | Arrange for Normand pro hac filing and query court regarding motion to consolidate. | | | 0.90 | 600.00 | 540.00 |
| 23749 | 03/17/11 | RWS | Meeting with LS; review promotional programs for Trasylol and Avelox, Avelox labeling history; review drafts of complaints. | | | 7.20 | 600.00 | 4,320.00 |
| 23750 | 03/22/11 | RWS | Review redactions to complaint. | | | 1.50 | 600.00 | 900.00 |
| 23751 | 03/23/11 | RWS | Review Trasylol edits to complaint and discuss with LS. | | | 3.40 | 600.00 | 2,040.00 |
| 23752 | 03/27/11 | RWS | Review LS e-mails regarding comments to complaint. | | | 1.50 | 600.00 | 900.00 |
| 23753 | 03/28/11 | RWS | Meeting with LS to discuss edits to brief. | | | 7.30 | 600.00 | 4,380.00 |
| 23754 | 03/29/11 | RWS | Review Trasylol claims exhibit; review Trasylol complaint for insertion of edits; calls to local counsel and court regarding consolidated complaint; e-mails to A. Lugbill; draft cover letter for complaint unsealing process. | | | 6.40 | 600.00 | 3,840.00 |
| 23755 | 03/29/11 | RK | Meet with L. Simpson; conversations regarding consolidation. | | | 0.50 | 425.00 | 212.50 |
| 23756 | 03/30/11 | RWS | Review of Lugbill, Kint and BSF edits to | | | 10.50 | 600.00 | 6,300.00 |

Diamond McCarthy LLP

Draft for Work-In-Process Through 4/25/2013

**Matter ID: 1220-00012**　　　　　　　　　　　Draft Seq #　　1

| Fee ID | Date | Atty | Description | Task:Act Hold | Hours | Rate | Amount |
|--------|------|------|-------------|---------------|-------|------|--------|
| | | | complaint; review confidentiality designations. | | | | |
| 23757 | 03/31/11 | RWS | Meet with LS; input edits to complaint and discuss and proof read complaint. | | 15.00 | 600.00 | 9,000.00 |
| 23758 | 04/01/11 | RWS | Review and edit redacted and unredacted 4th amended and consolidated complaint. | | 16.00 | 600.00 | 9,600.00 |
| 23759 | 04/02/11 | RWS | Confirm filing of 4th amended and consolidated complaint. | | 0.40 | 600.00 | 240.00 |
| 23760 | 04/05/11 | RWS | Proof corrected complaint; calls from clerk's office regarding sealing and filing questions; e-mails with LS. | | 6.30 | 600.00 | 3,780.00 |
| 23761 | 04/06/11 | RWS | Review cardiac team meetings ex.; e-mails with LS regarding corrections to complaint; review Medicare Trasylol data; request data from FL. | | 2.70 | 600.00 | 1,620.00 |
| 23762 | 04/08/11 | RWS | Review redactions and edits to complaint. | | 2.30 | 600.00 | 1,380.00 |
| 23763 | 04/10/11 | RWS | Format edits to Trasylol and Avelox amended consolidated complaint. | | 1.20 | 600.00 | 720.00 |
| 23764 | 04/11/11 | RWS | Continue corrections to complaint. | | 3.20 | 600.00 | 1,920.00 |
| 23765 | 04/15/11 | RWS | Continue to insert corrects and review complaint. | | 1.30 | 600.00 | 780.00 |
| 23766 | 04/16/11 | RWS | Continue corrections to complaint. | | 1.70 | 600.00 | 1,020.00 |
| 23767 | 04/17/11 | RWS | Review edits and questions for LS. | | 1.20 | 600.00 | 720.00 |
| 23768 | 04/18/11 | RWS | Finalize edits; transmit to local counsel; review Jack edits. | | 2.40 | 600.00 | 1,440.00 |
| 23769 | 04/19/11 | RWS | Review Jack edits to complaint. | | 1.30 | 600.00 | 780.00 |
| 23770 | 04/20/11 | RWS | Review cover letter to court regarding Trasylol and Avelox and correct new exhibits to complaint. | | 1.30 | 600.00 | 780.00 |
| 23771 | 04/21/11 | RWS | Finish proofing T & A court filings. | | 1.40 | 600.00 | 840.00 |
| 23772 | 04/26/11 | RWS | Review Bayer letter, contact local counsel regarding response also client and co-counsel. | | 0.80 | 600.00 | 480.00 |
| 23773 | 04/27/11 | RWS | Review and edit letter to Magistrate regarding Lustberg letter. | | 0.40 | 600.00 | 240.00 |
| 23774 | 04/29/11 | RWS | Discussions with client, co-relator counsel and local counsel regarding procedure for and extent of modification of seal. | | 1.90 | 600.00 | 1,140.00 |
| 23775 | 05/05/11 | RWS | Review AL motion to unseal and consolidate; research procedure; call to court. | | 1.00 | 600.00 | 600.00 |
| 23776 | 05/09/11 | RWS | Draft letter application and proposed unsealing order. | | 1.30 | 600.00 | 780.00 |
| 23777 | 05/10/11 | RWS | Continue drafting letter application to unseal; e-mails with JK regarding unsealing procedure; e-mails and calls with LS regarding seal order modification; AL | | 4.20 | 600.00 | 2,520.00 |

**Matter ID: 1220-00012**                              Draft Seq #        1

| Fee ID | Date | Atty | Description | Task:Act | Hold | Hours | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| | | | questions regarding unsealing; attention to Trasylol damages inquiry. | | | | | |
| 23778 | 05/11/11 | RWS | Review edits to unsealing application and call with JK; e-mails with LS and AL. | | | 1.60 | 600.00 | 960.00 |
| 23779 | 05/12/11 | RWS | Questions regarding Daniels case unsealing; call to AL, LS, JK; review of edits to application for seal modification. | | | 1.30 | 600.00 | 780.00 |
| 23780 | 05/13/11 | RWS | E-mail with AL & JK regarding seal modification. | | | 0.70 | 600.00 | 420.00 |
| 23781 | 05/18/11 | RWS | E-mails from JK regarding Stone withdrawal and response to inquiry by Stone. | | | 0.80 | 600.00 | 480.00 |
| 23782 | 07/06/11 | RWS | Correspondence with LS and J. Kint regarding amendment to complaint and motion for same. | | | 1.20 | 600.00 | 720.00 |
| 23783 | 07/13/11 | RK | Research regarding DRG and damages. | | | 3.50 | 425.00 | 1,487.50 |
| 23784 | 07/14/11 | RK | Edit and proofread motion to amend. | | | 3.00 | 425.00 | 1,275.00 |
| 23785 | 07/20/11 | RWS | Correspondence with LS and J. Kint regarding amendment to complaint. | | | 0.70 | 600.00 | 420.00 |
| 23786 | 07/25/11 | RWS | Review status of complaint amendment; answer LS questions. | | | 3.20 | 600.00 | 1,920.00 |
| 23787 | 07/27/11 | RWS | Correspondences with J. Kint and LS regarding amended complaint and strategy regarding lifting seal. | | | 3.90 | 600.00 | 2,340.00 |
| 23788 | 07/28/11 | RWS | Review comments on amendments to complaint and discuss with LS. | | | 3.50 | 600.00 | 2,100.00 |
| 23789 | 08/03/11 | RWS | Correspondence with J Kint and L. Simpson regarding complaint amendment and review proposed edits. | | | 5.20 | 600.00 | 3,120.00 |
| 323789 | 08/25/11 | RWS | Review LS and JK memo regarding Trasylol amendments and case law | | | 2.80 | 600.00 | 1,680.00 |
| 323791 | 08/26/11 | RWS | Meeting with L. Simpson to review complaint edits. | | | 6.50 | 600.00 | 3,900.00 |
| 323793 | 08/29/11 | RWS | Research scienter elements and certification regarding kickbacks. | | | 4.10 | 600.00 | 2,460.00 |
| 323797 | 08/30/11 | RWS | Trasylol research update; monitor edits by JK; e-mails with LS regarding inquiries on 3rd Cir. law | | | 4.20 | 600.00 | 2,520.00 |
| 323798 | 08/31/11 | RWS | Research and monitor edits and answer LS e-mail inquiries. | | | 1.80 | 600.00 | 1,080.00 |
| 323903 | 09/02/11 | RWS | Review Kint memo regarding complaint; research and document review. | | | 4.10 | 600.00 | 2,460.00 |
| 323906 | 09/06/11 | RWS | Review and search certification language; e-mail correspondence with LS. | | | 2.70 | 600.00 | 1,620.00 |
| 323907 | 09/07/11 | RWS | Review Bayer CIAs and Addendums. | | | 2.50 | 600.00 | 1,500.00 |
| 323977 | 09/16/11 | RWS | Review edits to Trasylol section of complaint. | | | 2.40 | 600.00 | 1,440.00 |

Diamond McCarthy LLP

Draft for Work-In-Process Through 4/25/2013

**Matter ID: 1220-00012**                              Draft Seq #        1

| Fee ID | Date | Atty | Description | Task:Act | Hold | Hours | Rate | Amount |
|--------|------|------|-------------|----------|------|-------|------|--------|
| 323843 | 09/19/11 | RK | Research regarding certification for kickbacks. | | | 3.50 | 425.00 | 1,487.50 |
| 323981 | 09/20/11 | RWS | Review co-relator's edits to Trasylol section of consolidated complaint. | | | 1.30 | 600.00 | 780.00 |
| 323984 | 09/21/11 | RWS | E-mails regarding Daniels unsealing motion; office conference with R. Katz . | | | 0.50 | 600.00 | 300.00 |
| 323986 | 09/22/11 | RWS | Continue reviewing edits by co-relator. | | | 1.70 | 600.00 | 1,020.00 |
| 323988 | 09/23/11 | RWS | Review edits to Trasylol complaint by local counsel for co-relator. | | | 1.90 | 600.00 | 1,140.00 |
| 323993 | 09/28/11 | RWS | Edit and fact check Trasylol complaint. | | | 6.20 | 600.00 | 3,720.00 |
| 327330 | 10/04/11 | RK | Draft memo to L. Simpson regarding pleading anti-kickback allegations. | | | 5.00 | 500.00 | 2,500.00 |
| 328374 | 10/04/11 | RWS | Review and edit amended Trasylol complaint. | | | 4.50 | 700.00 | 3,150.00 |
| 327332 | 10/05/11 | RK | Research and drafting memo to L. Simpson regarding kickback allegations. | | | 5.00 | 500.00 | 2,500.00 |
| 328385 | 10/07/11 | RWS | Discussion of sealing issues with LS, exhibits and timing of filing amended complaint. | | | 1.30 | 700.00 | 910.00 |
| 328391 | 10/12/11 | RWS | Proof edits to Trasylol complaint and e-mail with LS regarding comments to edits. | | | 3.20 | 700.00 | 2,240.00 |
| 328394 | 10/13/11 | RWS | Review LS memo regarding comments to complaint edits. | | | 1.30 | 700.00 | 910.00 |
| 328403 | 10/15/11 | RWS | Review and respond to Kint comments on leave to amend motion. | | | 1.30 | 700.00 | 910.00 |
| 328404 | 10/16/11 | RWS | Edit Trasylol complaint. | | | 9.40 | 700.00 | 6,580.00 |
| 328405 | 10/17/11 | RWS | Revise motion for leave to amend and e-mails with AL and  LS regarding same. | | | 1.20 | 700.00 | 840.00 |
| 328420 | 10/20/11 | RWS | Meeting with LS to discuss edits to Trasylol. | | | 6.00 | 700.00 | 4,200.00 |
| 328421 | 10/24/11 | RWS | Meeting with LS to discuss Avelox edits. | | | 3.50 | 700.00 | 2,450.00 |
| 328422 | 10/24/11 | RWS | Review motion to unseal and discuss with LS and AL. | | | 0.80 | 700.00 | 560.00 |
| 328425 | 10/25/11 | RWS | Review and proof input of edits. | | | 1.30 | 700.00 | 910.00 |
| 330880 | 11/08/11 | RWS | Two conference calls with AL and LS regarding edits to complaint. | | | 4.80 | 700.00 | 3,360.00 |
| 330888 | 11/10/11 | RWS | E-mails and research regarding motion to lift seal; input and format Trasylol edits. | | | 3.20 | 700.00 | 2,240.00 |
| 330895 | 11/14/11 | RWS | Call with BSF to discuss moot and LS. | | | 0.70 | 700.00 | 490.00 |
| 330898 | 11/15/11 | RWS | E-mails with AL and LS. | | | 0.60 | 700.00 | 420.00 |
| 330916 | 11/29/11 | RWS | Review and input edits/formatting. | | | 7.00 | 700.00 | 4,900.00 |
| 330917 | 11/30/11 | RWS | Input edits; discussions with LS. | | | 6.20 | 700.00 | 4,340.00 |
| 334129 | 12/01/11 | RWS | Address LS e-mail comments to Trasylol section; attention to Trasylol complaint exhibits; review Kint comments to Trasylol; incorporate Kint, Lugbill, Simpson and BSF edits. | | | 7.20 | 700.00 | 5,040.00 |

Diamond McCarthy LLP
Draft for Work-In-Process Through 4/25/2013

| Fee ID | Date | Atty | Description | Task:Act Hold | Hours | Rate | Amount |
|--------|------|------|-------------|---------------|-------|------|--------|
| | | | **Matter ID: 1220-00012** | | Draft Seq # | | 1 |
| 334121 | 12/21/11 | RWS | Meeting with LS to accept and discuss edits to complaint (4th amended). | | 6.50 | 700.00 | 4,550.00 |
| 336683 | 01/10/12 | RWS | Prepare Trasylol exhibits; research LS questions regarding implied certification. | | 2.40 | 700.00 | 1,680.00 |
| 336725 | 01/10/12 | RK | Review article sent by L. Simpson and earlier discussed cases regarding unlawful marketing and violating FCA. | | 3.00 | 500.00 | 1,500.00 |
| 336685 | 01/11/12 | RWS | Meeting with LS; calls with BSF; research regarding implied certification; review edits to complaint. | | 6.50 | 700.00 | 4,550.00 |
| 336686 | 01/12/12 | RWS | Proof complaint; implied certification research; e-mails with LS. | | 6.20 | 700.00 | 4,340.00 |
| 336690 | 01/16/12 | RWS | More implied cert. law research and memo drafting; e-mails with LS and JK regarding complaint amendment. | | 3.40 | 700.00 | 2,380.00 |
| 336692 | 01/17/12 | RWS | E-mails with LS and AL regarding complaint; motion for leave to amend; exhibits; and edits. | | 3.10 | 700.00 | 2,170.00 |
| 336736 | 01/17/12 | RK | Review correspondence and case law from L. Simpson regarding certification. | | 2.00 | 500.00 | 1,000.00 |
| 336693 | 01/18/12 | RWS | Proof/edit complaint; e-mails with LS. | | 4.00 | 700.00 | 2,800.00 |
| 336696 | 01/20/12 | RWS | Address LS concerns regarding implied certification. | | 2.10 | 700.00 | 1,470.00 |
| 336699 | 01/23/12 | RWS | Research and discussion with LS regarding implied certification and theories of case. | | 2.50 | 700.00 | 1,750.00 |
| 336702 | 01/24/12 | RWS | Edit and proof complaint amendment. | | 2.40 | 700.00 | 1,680.00 |
| 336703 | 01/25/12 | RWS | Proofing/editing amended complaint; motion for leave to amend. | | 5.70 | 700.00 | 3,990.00 |
| 336704 | 01/26/12 | RWS | Edit/proof amended complaint. | | 4.10 | 700.00 | 2,870.00 |
| 336706 | 01/27/12 | RWS | Assemble and proof exhibits and covers send to JK. | | 2.30 | 700.00 | 1,610.00 |
| 336759 | 01/31/12 | RK | Review correspondence; emails regarding procedure for filing and service. | | 1.20 | 500.00 | 600.00 |
| 337066 | 01/31/12 | JS | Filing and case management and organization. | | 2.00 | 150.00 | 300.00 |
| 340479 | 02/01/12 | RK | Prepare for filing and service of amended complaint and motion. | | 1.50 | 500.00 | 750.00 |
| 340765 | 02/01/12 | RWS | Prepare complaint for submission to DOJ. | | 0.70 | 700.00 | 490.00 |
| 340482 | 02/02/12 | RK | Review documents for filing and service. | | 1.00 | 500.00 | 500.00 |
| 340767 | 02/02/12 | RWS | Prepare Trasylol exhibits; revisions to motion for leave to amend; review final version of motion and exhibits. | | 4.30 | 700.00 | 3,010.00 |
| 340769 | 02/03/12 | RWS | Resolve issues with LS; discuss seal issues; prepare Trasylol service list. | | 1.90 | 700.00 | 1,330.00 |
| 340777 | 02/04/12 | RWS | Trasylol filing; calls with local counsel; emails with LS. | | 2.10 | 700.00 | 1,470.00 |
| 340760 | 02/28/12 | RWS | Draft letter to court regarding motion for | | 0.70 | 700.00 | 490.00 |

Diamond McCarthy LLP

Draft for Work-In-Process Through 4/25/2013

**Matter ID: 1220-00012**                    Draft Seq #        1

| Fee ID | Date | Atty | Description | Task:Act | Hold | Hours | Rate | Amount |
|--------|------|------|-------------|----------|------|-------|------|--------|
| | | | leave to amend. | | | | | |
| 345385 | 03/01/12 | RWS | Calls to cure New Jersey clerk's office failures with seal. | | | 0.20 | 700.00 | 140.00 |
| 345395 | 03/06/12 | RWS | Attention to sealing order regarding exhibits to 5th amended complaint. | | | 1.20 | 700.00 | 840.00 |
| 345399 | 03/07/12 | RWS | Draft letter to court regarding seal in consolidated cases. | | | 1.50 | 700.00 | 1,050.00 |
| 345412 | 03/14/12 | RWS | Attention to sealed documents. | | | 0.30 | 700.00 | 210.00 |
| 345419 | 03/15/12 | RWS | Final review of 5th amended complaint and exhibits. | | | 1.20 | 700.00 | 840.00 |
| 345420 | 03/16/12 | RWS | Finalize service on states and review cover letter. | | | 1.10 | 700.00 | 770.00 |
| 342912 | 03/19/12 | RK | Research rules concerning and preparing waivers of service for 5th Amended Complaint. | | | 2.00 | 500.00 | 1,000.00 |
| 345435 | 03/23/12 | RWS | Research North Carolina qui tam statute. | | | 2.20 | 700.00 | 1,540.00 |
| 345666 | 04/17/12 | RWS | Call with G. Schoon and e-mails to client and co-relator. | | | 0.50 | 700.00 | 350.00 |
| 345670 | 04/18/12 | RWS | Calls, e-mails and research regarding Bayer's intended motion to sever and dismiss. | | | 3.20 | 700.00 | 2,240.00 |
| 345686 | 04/25/12 | RWS | E-mails with LS and co-relator team regarding strategy/letter to court. | | | 1.10 | 700.00 | 770.00 |
| 345687 | 04/25/12 | RWS | Call with G. Schoon and e-mail to LS. | | | 0.40 | 700.00 | 280.00 |
| 351184 | 05/03/12 | RK | Review motion to sever. | | | 1.50 | 500.00 | 750.00 |
| 351516 | 05/04/12 | RWS | Read Bayer's Motion to Sever and Dismiss Daniels' action; office conference regarding same   . | | | 1.30 | 700.00 | 910.00 |
| 351686 | 05/09/12 | RWS | Attention to Bayer motion; research review and office conference with R. Katz and AF. | | | 2.50 | 700.00 | 1,750.00 |
| 351687 | 05/10/12 | RWS | Review draft response to Bayer motion to vacate and review research and legislative history. | | | 1.80 | 700.00 | 1,260.00 |
| 351662 | 05/15/12 | RWS | Review draft response to Bayer motion to sever; review cited cases and call with Ann Lugbill. | | | 4.10 | 700.00 | 2,870.00 |
| 354872 | 05/20/12 | AF | Review Bayer NJ cases regarding motion to sever. | | | 9.60 | 600.00 | 5,760.00 |
| 351704 | 05/21/12 | RWS | Review AL draft of brief and discuss with AF and R. Katz. | | | 1.30 | 700.00 | 910.00 |
| 354873 | 05/21/12 | AF | Continue review of Bayer cases; review 5th Amended Complaint. | | | 11.30 | 600.00 | 6,780.00 |
| 354874 | 05/22/12 | AF | Research USC Section 3732(b). | | | 12.10 | 600.00 | 7,260.00 |
| 351713 | 05/23/12 | RWS | Meetings to discuss response to Bayer motion to vacate consolidation. | | | 1.20 | 700.00 | 840.00 |
| 354875 | 05/23/12 | AF | Continue 3732(b) research; research | | | 12.40 | 600.00 | 7,440.00 |

4/25/2013 3:51:40 PM                    Diamond McCarthy LLP                              Page 14
                                 Draft for Work-In-Process Through 4/25/2013
                              **Matter ID: 1220-00012**                    Draft Seq #        1

| Fee ID | Date | Atty | Description | Task:Act Hold Hours | Rate | Amount |
|--------|------|------|-------------|---------------------|------|--------|
| | | | supplemental jurisdiction. | | | |
| 348806 | 05/24/12 | JS | Case filing and management. | 0.70 | 150.00 | 105.00 |
| 351718 | 05/24/12 | RWS | Review legislative history of first to file and state intervention; office conference regarding theory to argue; review case law regarding same. | 2.70 | 700.00 | 1,890.00 |
| 354876 | 05/24/12 | AF | Continue 3732(b) research; legislative history research; 3730 research. | 11.90 | 600.00 | 7,140.00 |
| 354877 | 05/25/12 | AF | Begin drafting brief. | 13.30 | 600.00 | 7,980.00 |
| 354878 | 05/28/12 | AF | Continue brief. | 11.20 | 600.00 | 6,720.00 |
| 351261 | 05/29/12 | RK | Review and edit motion to sever. | 2.00 | 500.00 | 1,000.00 |
| 351722 | 05/29/12 | RWS | Prepare for conference call with court; meeting with LS regarding strategy; response to Bayer motion; collect comments on arguments. | 2.40 | 700.00 | 1,680.00 |
| 354879 | 05/29/12 | AF | Continue brief; client meeting. | 11.30 | 600.00 | 6,780.00 |
| 351262 | 05/30/12 | RK | Edit response to Bayer's motion to sever. | 2.00 | 500.00 | 1,000.00 |
| 351727 | 05/30/12 | RWS | Review draft brief and circulate draft; review LS comments and e-mails; review brief mark-ups. | 3.20 | 700.00 | 2,240.00 |
| 354880 | 05/30/12 | AF | Brief revisions. | 9.90 | 600.00 | 5,940.00 |
| 351267 | 05/31/12 | RK | Edit response to Bayer motion to sever. | 2.00 | 500.00 | 1,000.00 |
| 351728 | 05/31/12 | RWS | Respond to LS comments to response to Bayer motion to vacate consolidation. | 1.80 | 700.00 | 1,260.00 |
| 354881 | 05/31/12 | AF | Brief revisions. | 7.30 | 600.00 | 4,380.00 |
| 354831 | 06/01/12 | AF | Repeated e-mail client; repeated e-mail co-counsel, local counsel; brief revisions. | 12.20 | 600.00 | 7,320.00 |
| 354893 | 06/01/12 | RK | Edit opposition to motion to sever; research. | 2.00 | 500.00 | 1,000.00 |
| 355149 | 06/01/12 | RWS | Review JK edits to response to Bayer's motion to vacate; review LS comments to response papers and respond to disputed positions; e-mails to LS regarding disputes; review AL edits; calls with R. Katz; AF regarding disputes. | 4.60 | 700.00 | 3,220.00 |
| 354832 | 06/03/12 | AF | Brief revisions. | 4.30 | 600.00 | 2,580.00 |
| 354833 | 06/04/12 | AF | Revise and finalize brief. | 12.60 | 600.00 | 7,560.00 |
| 354894 | 06/04/12 | RK | Edit and research for opposition to motion to sever. | 2.00 | 500.00 | 1,000.00 |
| 355160 | 06/04/12 | RWS | Review final draft of response to motion to vacate; finalize response. | 1.10 | 700.00 | 770.00 |
| 354835 | 06/08/12 | AF | Meeting with client; conference Sadowski regarding status, strategy. | 3.70 | 600.00 | 2,220.00 |
| 354917 | 06/08/12 | RK | Meeting with Laurie Simpson to discuss status of case. | 2.00 | 500.00 | 1,000.00 |
| 355179 | 06/08/12 | RWS | Meeting with LS to discuss disputed issues strategy, going forward and legal theory; office conference with R. Katz and AF; | 2.20 | 700.00 | 1,540.00 |

4/25/2013 3:51:40 PM                   Diamond McCarthy LLP                        Page 15
                              Draft for Work-In-Process Through 4/25/2013
**Matter ID: 1220-00012**                                    Draft Seq #        1

| Fee ID | Date | Atty | Description | Task:Act | Hold | Hours | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| | | | meeting with RJ. | | | | | |
| 354936 | 06/12/12 | RK | Review Bayer's reply Brief. | | | 2.00 | 500.00 | 1,000.00 |
| 355195 | 06/14/12 | RWS | Answering LS question regarding first-to-file rules. | | | 0.80 | 700.00 | 560.00 |
| 354975 | 06/25/12 | RK | Review emails and case law; draft email to L. Simpson. | | | 2.50 | 500.00 | 1,250.00 |
| 355238 | 06/28/12 | RWS | E-mails, meetings and calls regarding disputed issues and handling the case. | | | 3.10 | 700.00 | 2,170.00 |
| 357660 | 07/02/12 | RK | Conversations with Richard Janvey and Rob Sadowski regarding strategy of case. | | | 0.20 | 500.00 | 100.00 |
| 355250 | 07/03/12 | RWS | Call with EN regarding LS representation; discussion in firm regarding ethical issues and representation; review of e-mails. | | | 3.10 | 700.00 | 2,170.00 |
| 355253 | 07/05/12 | RWS | Review of e-mails from LS; reschedule status conference; call with JK; review JK letter to court. | | | 1.80 | 700.00 | 1,260.00 |
| 355611 | 07/18/12 | RWS | Meeting with R. Katz and RJ regarding meeting with LS counsel. | | | 1.30 | 700.00 | 910.00 |
| 358068 | 07/18/12 | RK | Prepare for and meeting to discuss continued representation of L. Simpson. | | | 0.80 | 500.00 | 400.00 |
| 356690 | 07/30/12 | RK | Research notice for withdrawal procedure. | | | 0.50 | 500.00 | 250.00 |
| 357172 | 08/03/12 | RK | Prepare notice of withdrawal and correspondence; details regarding transitioning counsel; research. | | | 1.50 | 500.00 | 750.00 |
| 359672 | 08/06/12 | RK | Prepare for and file notice of withdrawal. | | | 0.20 | 500.00 | 100.00 |
| | | | **Total Fees** | | | **964.70** | | **560,410.00** |

### Disbursement Detail

| Cost ID | Date | Description/Payee | Task:Act | Hold | Amount |
|---|---|---|---|---|---|
| 3156 | 10/31/10 | On-Line Research; Online Research/Westlaw October 2010 | | | 1,058.66 |
| 3157 | 11/30/10 | On-Line Research; Online Research/Westlaw Nov 2010 | | | 353.86 |
| 3158 | 12/31/10 | On-Line Research; Online Research/Westlaw December 2010 | | | 66.25 |
| 3159 | 01/31/11 | On-Line Research; Online Research/PACER 4TH QTR 2010 | | | 0.96 |
| 3160 | 01/31/11 | Postage; Postage | | | 12.51 |
| 83345 | 10/18/11 | Local Counsel; Reimburse expenses for September, 2011/Law Office of Jack Kint 9/1/11; Law Office of Jack Kint | | | 118.35 |
| 83689 | 10/31/11 | Miscellaneous; Disbursements for May, June and July, 2011/Law Office of Jack Kint 10/26/11; Law Office of Jack Kint | | | 97.67 |
| 83691 | 10/31/11 | Miscellaneous; Disbursements for September, 2011/Law Office of Jack Kint 10/26/2011B; Law Office of Jack Kint | | | 280.95 |
| 84562 | 11/30/11 | Local Counsel; Reimbursement for copies/Inv. 11202011; Law Office of Jack Kint | | | 8.25 |
| 85146 | 12/15/11 | Local Counsel; Reimburse copy expense/12022011; Law | | | 27.00 |

4/25/2013 3:51:40 PM                         Diamond McCarthy LLP                                    Page 16
                                  Draft for Work-In-Process Through 4/25/2013
                                  **Matter ID: 1220-00012**                          Draft Seq #        1

| Cost ID | Date | Description/Payee | Task:Act | Hold | Amount |
|---------|------|------------------|----------|------|--------|
| | | Office of Jack Kint | | | |
| 86827 | 01/31/12 | On-Line Research; Westlaw/January 2012 | | | 43.44 |
| 90967 | 05/31/12 | On-Line Research; Westlaw/May 2012 | | | 396.03 |
| 91387 | 05/31/12 | Duplicating Expense | | | 42.60 |
| 95345 | 10/15/12 | On-Line Research; PACER 3rd Qtr 2012 | | | 3.50 |

                                                          **Total Disbursements**      **2,510.03**

# EXHIBIT B

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* LAURIE SIMPSON, <br><br>         Plaintiff, <br><br>   v. <br><br> BAYER CORPORATION; BAYER HEALTHCARE; PHARMACEUTICALS, INC.; BAYER HEALTHCARE LLC; and BAYER AG, <br><br>         Defendants. | Civ. No. 05-3895 (JMV)(LDW) |

## DECLARATION OF MICHAEL D. FITZGERALD, ESQ.
## IN SUPPORT OF THE PETITION FOR ATTORNEYS' FEES OF
## ROBERT W. SADOWSKI

The undersigned, Michael D. Fitzgerald, hereby states and declares the following under penalty of perjury:

1.      I submit this declaration in support of The Estate of Robert W. Sadowski's Petition for Attorneys' Fees in the above-captioned action.

2.      I graduated from Northeastern University in 1981 with a Bachelor of Science in Economics.  I was a Travelli and Ford Scholar.

3.      I graduated from Pace University School of Law in 1984.  I, with a partner, won the Advanced Moot Court Competition; we were adjudged the best brief of the competition and won the oral argument portion "off brief".

4.      I am an attorney licensed in the State of New Jersey, State of New York and the District of Columbia and admitted to practice in the District of New Jersey and Southern District of New York.  I have been, and remain, in good standing in all admitted jurisdictions since 1985.

5.      The first 25 years of my legal career was spent practicing primarily insurance defense law in New York and New Jersey and I have tried hundreds of cases to verdict (both jury and bench trials).

6.      During the time spent practicing federal False Claims Act ("FCA"), 31 U.S.C. §§ 3729, *et seq*., I have secured over $24 million in settlements without co-counsel and an additional $20 million in settlements with other attorneys.  These amounts <u>do</u> <u>not</u> include fee agreements or awards in excess of $3 million.

7.      I am a member of the Taxpayers Against Fraud (TAF), the national bar for relators' counsel.

8.      During the past 20 years, I have handled dozens of contingent-fee whistleblower cases under the federal FCA, primarily filed in New York and New Jersey.  I have also negotiated and settled my claims for statutory fees in FCA matters.

9.      In my experience, representing the government's interest through a whistleblower client under the False Claims Act is a complex and demanding undertaking. The FCA jurisprudence is unsettled and varies by Circuit, thereby requiring an attorney to devote a considerable amount of time just to keep current. FCA cases also present complex factual and legal issues, which require a high level of skill to effectively brief issues to the court and develop the facts of a viable case.

10.     I am familiar with billing rates and practices for lawyers in New Jersey. I am also familiar with the billing rates and practices of other attorneys around the country who have a national FCA practice like Mr. Sadowski.

11.     Based upon my years of relevant experience practicing in this community, I feel I am qualified to render an opinion as to the reasonableness of the $975.00 hourly rate sought by Mr. Sadowski in this case.

12.     I am familiar with the nature and extent of the litigation in the above-captioned matter, as well as the outcome of the case.

13.     There are few attorneys in New Jersey that are experienced in FCA litigation. Moreover, even if there were attorneys willing to take on civil actions of this nature, they would not be willing to do so unless confident that they would be reimbursed for their time at the prevailing market rate in the community.

14.     Even the most experienced FCA attorneys have promising cases "declined" by the U.S. Attorney's Office.

15.     I am personally familiar with the qualifications, background and experience of Robert W. Sadowski, whom I first met at the annual T.A.F. conference a number of years ago. Mr. Sadowski practiced exclusively as an FCA plaintiff's attorney for many of the last years of his life.  Mr. Sadowski has literally "changed the landscape" in the False Claims Act area.  His Certification outlines some of his FCA successes.

16.     In addition to the significant legal hurdles related to FCA litigation, the matters are often lengthy legal endeavors.  It should not be lost on the court that the subject fee application is with reference to work performed over a decade ago, and the matter carries a 2005 "docket number".

17.     My confidence in Mr. Sadowski's experience has been formulated in personal conversation, emailed information and discussions in this particular matter.

18.     In my experience, the Laffey Matrix[1] is used as a benchmark for determining the hourly rate of FCA plaintiff's attorneys with a national practice. The current Laffey Matrix rate for attorneys with 20-years or more of experience is $975.00 per hour, and I believe this would be a reasonable hourly rate for Mr. Sadowski's years of experience and his superior knowledge and skills as an FCA plaintiff's attorney.

19.     I also believe a $975.00 hourly rate would be reasonable for Mr. Sadowski's services in this case, especially given Ms. Simpson's need during the protracted litigation to amend the complaint numerous times.

20.     In this case, I understand that Mr. Sadowski's estate is requesting a $975.00 hourly rate in consideration of the fact that he played a lead role in this litigation. I believe a $975.00 hourly rate is extremely fair and reasonable for the services Mr. Sadowski provided in this matter.

21.     I have also reviewed the hours billed by Mr. Sadowski in this matter and believe that Mr. Sadowski's time listed for each of the tasks is reasonable. In fact, as a former managing partner of a mid-sized law firm who has reviewed tens of thousands of billing entries, I believe that Mr. Sadowski's time entries are judicious and reflect sound billing judgment and should be approved by this Court.


Dated: January 5, 2023                        ___/s/ Michael D. Fitzgerald_____
                                               Michael D. Fitzgerald

---

[1]  http://www.laffeymatrix.com/see.html (last accessed Jan. 2, 2023).

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA et al. *Ex rel.* LAURIE SIMPSON,<br><br>PLAINTIFFS,<br><br>v.<br><br>BAYER CORPORATION; BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER PHARMACEUTICALS CORPORATION; BAYER HEALTHCARE LLC; BAYER AG; BAYER HEALTHCARE AG; and BAYER SCHERING PHARMA, AG,<br><br>Defendant. | Civ. No. 05-3895 (JMV)<br><br>Hon. John M. Vazquez, U.S.D.J. |

**DECLARATION OF KLAUDIA CHUDZIK**

I, Klaudia Chudzik, am fully aware of the facts stated herein, and I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.  I submit this Declaration in support of the Motion for Attorneys' Fees filed by the Estate of Robert Sadowski.

2.  I worked as the office manager for Sadowski Fischer, Sadowski Katz and Robert W. Sadowski PLLC, starting from July 2013 for approximately 9 years.

3.      His practice predominantly involved complex civil litigation, and he focused largely on *qui tam* litigation under the Federal False Claims Act.

4.      He spent many hours working on this case with and for the Relator, Laurie Simpson.

5.      I also handled billing and collection of legal fees for various matters for Mr. Sadowski while I was working for Sadowski Fischer, Sadowski Katz and Robert W. Sadowski PLLC, throughout the years. Therefore, I am very familiar with his billing rate.

6.      Starting in January 2022, Mr. Sadowski's hourly rate was $975 / hour, prior to him passing away this past summer.

I declare under penalty of perjury that the foregoing is true to the best of my knowledge.

Dated:          New Jersey
                January 2nd, 2023

_____
Klaudia Chudzik

# EXHIBIT D

# DIAMOND McCARTHY LLP
### Attorneys & Counselors

The New York Times Building | 620 Eighth Avenue, 39th Floor | New York, NY 10018 | Phone: 212.430.5400 | Fax: 212.430.5499

November 2, 2010

*VIA EMAIL AND BY HAND*

Laurie Simpson
823 Orange Center Road
Orange, CT  06477

　　　Re:　　Letter of Engagement

Dear Ms. Simpson:

　　　Thank you for engaging Diamond McCarthy LLP ("DM," "Counsel," or the "Firm") to act as counsel to represent you in connection with two lawsuits ("Lawsuits") brought by you as a *qui tam* relator ("Relator") against Bayer Healthcare LLC and others associated with it ("Defendants") regarding false claims made against the United States in violation of the False Claims Act, 31 U.S.C. §§ 3729-33, as well as State False Claims Acts and other laws which claims relate to the federal Medicare and Medicaid Programs and other Programs under applicable state and federal law.  As part of this agreement and under the terms for the engagement, DM also agrees to represent you in any related matters such as Multi-District Litigation or counterclaims.

　　　Part 1215 of the Joint Rules of the Appellate Division of the State of New York (see attached), as well as our Firm policies, require us to document our engagement with you in writing and specify the terms and conditions of our fee engagement arrangement (the "Agreement").  Accordingly, we will undertake your representation described below in accordance with the following:

　　　I will be the principal DM attorney responsible for the representation, along with my associate Raphael Katz.  DM will also permit other attorneys, paralegals and legal assistants from DM to participate in the representation, as necessary to contribute particular expertise or efficiencies.

　　　We look forward to an active, collaborative working relationship with you.  All of our services in this matter will end at such time as you advise us to terminate our services.

　　　We have agreed to the following terms for our services:

Diamond McCarthy LLP
Austin | 6504 Bridgepoint Parkway | Suite 400 | Austin, TX 78730 | Phone: 512.617.5200 | Fax: 512.617.5299
Dallas | Renaissance Tower | 1201 Elm Street, 34th Floor | Dallas, TX 75270 | Phone: 214.389.5300 | Fax: 214.389.5399
Houston | Two Houston Center | 909 Fannin, 15th Floor | Houston, TX 77010 | Phone: 713.333.5100 | Fax: 713.333.5199
www.diamondmccarthy.com

*November 2, 2010*
*Page 2*

       1.      **Pursuit of Claims and Causes of Action**.  Counsel shall analyze, investigate, coordinate and provide staffing for any recommended litigation or other course of action, including bringing the cases to trial and filing appeals.  In connection with this matter, you agree to appear, on reasonable notice, at any and all mediations, settlement conferences, depositions, hearings and meetings.  In addition to attendance at the above-described meetings and events, you shall comply with, and reasonably cooperate with, all of Counsel's reasonable requests in connection with the pursuit of your claims in the Lawsuits.  For example, you shall (i) comply with all reasonable requests of DM in connection with the matters covered by this Agreement, including, but not limited to, the investigation and prosecution of the Lawsuits, (ii) assist DM in carrying out its duties to you, (iii) keep DM informed of developments with respect to the Lawsuits, and (iv) be reasonably available to attend meetings, court appearances and other proceedings.  The rights of DM under this Agreement are in addition to those arising under applicable law or recognized by the rules of professional conduct.

       Likewise, Counsel shall make themselves reasonably available to you, to answer any questions you may have, and to give you sufficient time to act or react to Counsel's requests for review of, or responses to, any information requests.  Counsel will also provide you, upon request, copies of its legal research relating to the Lawsuits, to the extent such legal research exists, and in whatever format it was in when created or compiled.   Counsel will also provide you with reasonable on-line access to discovery documents produced in the Lawsuits including electronic documents to the extent they exist.  To the extent possible you will have access to the associated case-related software.  Counsel will also provide full electronic versions of discovery documents for your use, as requested, assuming that this is not specifically prohibited by the court.  Such documents need only be provided to you in the format in which they are maintained by Counsel.  Counsel will also provide you copies of its written communication (including email) relating to the Lawsuits with counsel, including but not limited to Bayer, Ann Lugbill, Boies, Schiller & Flexner, other attorneys, and any governmental entity.  Counsel agrees to continue working collaboratively with you and you will continue to have the opportunity to review and have final sign-off on all court documents.  Counsel agrees to not enter into substantive agreements on your behalf without your approval.

       2.      **Certain *Qui Tam* Provisions of the False Claims Act.**

       (a)      You understand that the Lawsuits were to be filed to enforce claims under the False Claims Act and that the representation undertaken by DM will be the pursuit of *qui tam* claims and related matters, as well as the determination of your share of any award or settlement.

*November 2, 2010*
*Page 3*

(b)     You understand that if the Government exercises its right to intervene in the Lawsuits, it may act as lead counsel and take control of the Lawsuits. You also understand that the *qui tam* claims are being brought on behalf of the Government and that the Government has the right, with the approval of the court, to settle the Lawsuits without your consent.

(c)     You understand that the Lawsuits were filed under seal. You will abide by any order affecting the scope of the seal.

3.     <u>Experts, Consultants and Other Counsel</u>

(a)     DM is authorized to work with investigators, experts, consultants and additional legal counsel outside of DM as DM and Relator may deem necessary to assist it in the Lawsuits, and, unless such authority is expressly delegated by it, DM shall at all times have authority over all investigators, experts, consultants, and legal counsel, and shall at all times be lead counsel retained regarding the Lawsuits, unless and until, you, in consultation with DM, request legal counsel to have authority over a designated aspect of the Lawsuits.

(b)     Any fees charged by any such investigator, expert or consultant (other than additional legal counsel) that are incurred or advanced by DM may be recovered by DM under paragraph 6(a).

(c)     DM understands that in connection with the Lawsuits, Relator has also retained Boies, Schiller & Flexner LLP ("BSF"), and has a separate retention agreement with that firm. In the event of any dispute with BSF or Olshan Grundman Frome Rosenzweig & Wolosky LLP, DM agrees to waive any claims against you for associated attorney's fees, costs and or expenses.

4.     <u>Settlement</u>. You will have the sole and exclusive right to accept or reject any offers for settlement of your claims except as set forth in paragraph 2(b). You will be entitled to take into account your personal interest, which does not restrict talking or otherwise communicating about the Lawsuits. You acknowledge and agree to weigh carefully Counsel's opinions and recommendations with respect to all settlement matters.

5.     <u>DM's Compensation</u>. Relator understands that if there is a successful resolution of the Lawsuits, whether directly or indirectly as a result of DM's work (whether by settlement, judgment, or otherwise), Relator will generally be entitled to receive a portion (the "*Qui Tam* Award") of the damages and other recoveries awarded to the United States and the States. With respect to the *Qui Tam* Award, Relator shall pay to

DM and BSF a forty (40%) contingency fee of her Relator's share of the *Qui Tam* Award that may result from the Lawsuits (exclusive of DM's costs and expenses, as set forth in paragraph 6(a), and exclusive of any court-awarded attorney's fees and costs and expenses, as set forth in paragraphs 6(b) and 6(c)).   The contingency fee will be calculated from the *Qui Tam* Award, except that any MDL fees payable by Relator will first be deducted from the *Qui Tam* Award before the contingency is calculated as well as any costs and expenses.   Relator understands that this fee (exclusive of fees and expenses) is not required by law, but has been negotiated between Relator and DM/BSF.   Relator authorizes DM to deposit such funds in an escrow account to be held by DM (or potentially an independent third party in the case of Trasylol) prior to disbursement. DM and BSF have separately agreed that DM shall hold 40% of any *Qui Tam* Award pending agreement by DM and BSF of the distribution of such funds or decision of binding arbitration between the firms.

As is typical of contingency fee qui-tam cases, you will have no obligation to pay any legal fees beyond the requirements spelled out in 6(c).

6.       **Costs and Expenses/Statutory Fees**.

(a)       <u>Costs and Expenses.</u>  We anticipate that we will incur expenses for, *inter alia*, expert witnesses, filing fees, photocopying, postage, facsimiles, long-distance telephone calls, travel, messengers, delivery, and computerized research.  In addition, we may have to retain a mediator for mediation in the Lawsuits or settlement conference, and investigators, experts, and consultants.  Personnel costs such as paralegals, ancillary support, etc. are excluded from this section 6(a).  DM agrees to seek reimbursement for its costs and expenses from Bayer or the Court separate from any Qui Tam Award or settlement.   Should this amount be insufficient to cover said expenses, Relator agrees to cover said unreimbursed expenses (exclusive of any costs related to case transfer or other excluded cost such as Baycol MDL photocopy printing costs) to the extent any net recovery to the Relator exceeds $1.5 million dollars in the case.  That is, Relator will not be liable for costs and expenses if her net recovery is $1.5 million or less.  DM agrees to seek prior approval for any expenditure that DM reasonably believes may fall outside of costs and expenses considered reasonable.

In the event the Lawsuits are not consolidated, and there is no recovery in one of the cases, DM and BSF will not apply the outstanding expenses due under their respective retainers from the non-recovered case against a case where a recovery is obtained, unless Relator's overall net recovery after payment of all expenses due to DM and qualified expenses due to BSF under this agreement on the recovered claims (including the Section "h" claim as paid by Bayer) is at least $1.5 million.  Any excess over $1.5 million will be applied to pay unpaid qualified expenses of BSF and expenses

*November 2, 2010*
*Page 5*

of DM as those firms agree or is decided by binding arbitration between the firms. The $1.5 million threshold is net of the 40% contingency due to DM and BSF of the Relator's *Qui Tam* Award.

We will, of course, exercise reasonable discretion in incurring these costs and expenses. We will also provide you with a written itemized statement of attorney time and costs and expenses by matter, upon request and within 45 days of the request.

      (b)    <u>Statutory Costs and Expenses</u>

      (i) In addition, the relevant statutes allow the court to require the Defendants to pay a successful relator's reasonable litigation costs and expenses, and such an award of costs and expenses is separate and apart from an award of damages. To the extent that any costs and expenses advanced or incurred by DM, are later awarded by the court or recovered through settlement, you hereby assign to DM the proceeds of such award or settlement. Such portion of the *Qui Tam* Award will not be an offset to the forty percent (40%) contingency fee and is acknowledged by you to be a payment in addition to the contingency fee.

DM agrees to negotiate with Bayer and/or apply to the courts for costs and expenses per statute. In the event of any shortfall in the reimbursement of costs and expenses, the provisions of 6(a) shall apply. DM agrees to consult and seek Relator's approval for any negotiated resolution that results in any shortfall, unless DM waives the right to seek the unreimbursed balance from Relator.

      (c)    <u>Statutory Attorney Fees</u>

      (i) You understand that in addition to an award of costs and expenses described in 6(b) above, the relevant statutes allow the court to require one or more of the Defendants to pay reasonable attorneys' fees ("Statutory Fees"), and such an award of fees is also separate and apart from an award of damages. Statutory Fees are based on the hours reasonably spent by counsel on the Lawsuits and such counsel's reasonable hourly rates. DM shall be responsible for pursuing any Statutory Attorney Fees and costs and expenses from Bayer for DM and Olshan in the event of any settlement, judgment or other resolution. To the extent that DM's Statutory Fees are awarded to you by the court or recovered through settlement, you hereby assign to DM the proceeds of such award or settlement. Such portion of the *Qui Tam* Award will not be an offset to the forty percent (40%) contingency fee and is acknowledged by you to be a payment in addition to the contingency fee.

      (ii) Our schedule of hourly rates for attorneys and other members of the professional staff is based upon their years of experience, practice area, specialization, training and level of professional attainment. My standard billing rate is $575 per hour, Raphael Katz's standard billing rate is $350 per hour. Our paralegal hourly rates range from $120 to $180 per hour.

*November 2, 2010*
*Page 6*

     (iii) If the court denies some portion of an application for Statutory Fees submitted by DM or reduces such normal hourly rates for purposes of determining the amount to be paid by Defendants, you shall have no obligation with respect to the shortfall.  If as part of any settlement with Defendants, DM agrees to waive any portion of its Statutory Fees, you shall have no obligation to DM with respect to the fees so waived.

     (iv) If for any reason you elect, without DM's consent, to compromise or waive any Statutory Fees, you shall reimburse DM for the amount so compromised or waived from your share of any *Qui Tam* Award.

     (d)    You shall not be obligated to pay any compensation to DM for services rendered or any costs and expenses incurred in pursuing your Lawsuits other than as specifically set forth in this Agreement and consented to by you.

     (e)    You understand that, in light of your interest in an award of Statutory Fees, it is possible that a conflict could arise between your interests and the interests of DM.  To avoid such a conflict, DM will not seek to resolve any claim to Statutory Fees and costs and expenses until an agreement in principle has been reached regarding the claims made in the Lawsuits.

     (f)    As security for the payment of all legal fees and costs and expenses due to DM under this Agreement, you hereby irrevocably grant to DM an attorneys' lien on, and a first-priority security interest in, any *Qui Tam* Award and any other recoveries you receive or are entitled to receive or which DM or any other party receives on your behalf, whether by judgment, award, settlement or otherwise in connection with the Lawsuits.  In addition, you hereby irrevocably assign, transfer and convey to DM all of your right, title and interest in, to and under the *Qui* Tam Award and any such other recoveries in an amount equal to all legal fees and costs  and expenses due DM under the engagement.

     7.    **<u>Possible Recovery Against Relator.</u>**    Relator understands that if a defendant prevails in a lawsuit such as is contemplated here in which the United States has not intervened, the defendant may seek to recover costs from the individual relator.  Relator also understands that if a defendant prevails in such a lawsuit and demonstrates that the lawsuit was frivolous or vexatious or was filed to harass or oppress the defendant, the defendant may recover attorneys' fees, costs and expenses from the individual relator.  In the best judgment of Relator and DM, the Lawsuits are meritorious, not frivolous or vexatious, and is not filed to harass or oppress the Defendants.  However, if any expenses, costs or attorneys' fees are assessed against Relator, DM shall not be responsible for the same

8.      **Piecemeal or Partial Settlement**.  In the event that any recoveries on the Lawsuits are obtained piecemeal, you agree that Counsel's contingency fee in connection with any such piecemeal or partial recovery will be earned and payable immediately in the event that you obtain any such recoveries.  Likewise, you agree that Counsel's contingent fee in the lawsuits will apply to any annuity or payment stream obtained through any settlement, judgment or otherwise.

9.      **Termination of Representation**.  You may terminate our representation with or without cause by giving us thirty (30) days notice in writing.  In the event that such termination is without cause, then DM's contingent fee interest and DM's interest in Statutory Attorney Fees, costs and expenses shall remain intact and unaffected as set forth in section 6.  You agree that in order to terminate Counsel "for cause" you must demonstrate a violation of either: (i) the applicable disciplinary rules; or (ii) a material breach of this Agreement.  If termination is with cause, then DM's interest in Statutory Attorney Fees, and costs and expenses shall remain intact and unaffected as set forth in section 6.

10.     **DM's Right To Withdraw**.

(a)  D M, may, in its sole discretion, withdraw from representing you and be relieved of any obligation to participate in any pending litigation, as permitted or required under any applicable standards of professional conduct or rules of court, including, but not limited to the following reasons: (i) Should it become the opinion of DM at any time that your causes of action are not viable (for example, because of an inability to verify your claims through witnesses, because of adverse developments in the law or because of material adverse change in the financial condition of any defendant), (ii) Should you fail to take our advice regarding the settlement of the Lawsuits or choose to dismiss the Lawsuits despite our advice, (iii) Should you seek to substantially alter DM's role as lead counsel in the Lawsuits, (iv) Should you fail to honor the terms of this Agreement, or (v) Should you fail to cooperate or follow our advice on a material matter, or any other circumstance that would, in our view, render our continuing representation either unethical, unlawful or inappropriate.

(b) Any withdrawal by DM shall be on 30 days prior written notice to you.  You shall not object to DM's decision to withdraw from the Lawsuits, and shall cooperate with DM and take all steps necessary to effect such withdrawal, including, but not limited to, the execution of any necessary documents.

(c) If DM chooses to withdraw, then DM's interest in Statutory Attorney Fees, and costs and expenses shall remain intact and unaffected as set forth in section 6.  DM shall

*November 2, 2010*
*Page 8*

additionally be entitled to receive a portion of the *Qui Tam* Award in proportion to the hours worked by DM and Olshan on the Lawsuits as compared to the hours expended by successor counsel.  In addition, DM shall negotiate in good faith with Boies Schiller and Flexner and successor counsel to receive a portion of the Relator's contingency fee on the *Qui Tam* Award; as specified in Section 5 and factoring in Olshan and DM contributions.  DM shall be responsible for pursuing any Statutory Attorney Fees and costs and expenses from Bayer for DM and Olshan in the event of any settlement, judgment or other resolution.

11.  **Alternative Compensation.**  All media rights and resulting royalties resulting from publication in any form of material relating to Bayer or the Lawsuits belong exclusively to Relator.  However, If Relator fails to take our advice regarding settlement of the Lawsuits, including but not limited to failing to agree to confidentiality terms, or if Relator chooses to voluntarily dismiss either of the Lawsuits, against our advice, then DM shall be entitled to withdraw from the Lawsuits, without cause, and is entitled to receive reimbursement for unreimbursed expenses and attorney's fees incurred in the Lawsuits, as set forth I Section 6, in an amount capped at 25% of the net royalties that Relator receives.

12   Review of Publications.  Robert W. Sadowski has the right to read and review a reasonably final manuscripts prior to publication, and to request modifications on any section referencing DM, Olshan Grundman Frome Rosenzweig & Wolosky LLP, Robert W. Sadowski, and Raphael Katz, included but not limited to their participation in the Lawsuits.  Relator agrees to amend any instance of factual error and shall make all reasonable efforts to come to an acceptable agreement with Sadowski in any other identified issue.  In the event of an inability to come to agreement, prior to any publication, Relator and DM/Sadowski shall participate in mediation of the dispute at DM and Relator's shared expense.

13.  **Non-Assignment**.  So long as DM continues to represent you on a given lawsuit, you agree that you shall not assign, in whole or in part, or grant any additional lien against, any of your claims in the Lawsuit, or against any of the proceeds from such claims,  (other than the lien granted in paragraphs 6(f))  without DM's prior written consent.

14.  **No Guarantees**.  You hereby acknowledge that we have made no guarantees or representations regarding the successful outcome of any actual or potential litigation arising out of this Agreement and that any and all expressions about the possible outcome(s) of such litigation are only preliminary opinions and not representations of facts.

15.  **Severability**.  In case any one or more of the provisions contained in this Agreement shall for any reason be found unenforceable in any respect, the parties agree that such unenforceability shall not affect any other provision, and that all other provisions of this Agreement shall remain valid and enforceable.

16.  **Governing Law.**  This Agreement shall be construed in accordance with the laws of the State of New York, without regard for its conflict of laws rules.

17.  **Integration; Amendment**. This Agreement constitutes the final, sole, and only agreement of the parties hereto regarding Counsel's fees and the parties' duties and obligations in this matter, and supersedes any prior written or oral understandings or agreements between the parties respecting those subjects. This Agreement may not be modified, amended, or replaced except by another written agreement signed by the parties hereto, or their successors or assigns.

18.  **Execution in Counterparts**.  It is understood and agreed that this Agreement may be executed in a number of identical counterparts, each of which shall be deemed an original for all purposes, but all of which shall constitute one and the same agreement.

19.  **Effective Date**.  This Agreement shall become effective as of and from August 2, 2010.

20.  **Dispute Resolution.**  Any dispute shall be submitted in the first instance to and independent mediation mutually agreed to by both parties in writing.  In the event of the failure of mediation, any disputes arising under this Agreement shall be submitted to arbitration pursuant to the Commercial Arbitration Rules of the American Arbitration Association or at such other arbitration sites and/or pursuant to such other terms of arbitration as may be later agreed upon, in writing, by the parties hereto.  The arbitration may be commenced by any party to this Agreement by the sending of a written notice demanding arbitration.  Each party shall be entitled to select one arbitrator, and the two arbitrators selected by the parties shall in turn jointly select a neutral arbitrator who shall act as the chair of the arbitration panel.  The arbitrators shall be persons possessing sufficient legal and financial experience to resolve the issues before them.  The selection of the party appointed arbitrators and the neutral arbitrator shall take place no later than forty five (45) days after the demand for arbitration has been received by the non-demanding party.  The arbitration shall take place in New York, NY, unless the parties agree to another locale.  The arbitration panel shall issue its

*November 2, 2010*
*Page 10*

award no later than ninety (90) days after the selection of the third arbitrator. The arbitrator's decision shall be binding and conclusive, but appealable insofar as permitted by the applicable law. The costs of any such arbitration, including the arbitrator's fees, shall be borne half by you and half by Counsel (subject to the provisions of 3c in which case no arbitration fee will be due from you), although the arbitrators are hereby granted discretion to award fees and costs to the prevailing party.

21.   **Availability of ADR**.  The parties hereto are fully cognizant of the fact that various ADR (Alternative Dispute Resolution) techniques and procedures may be available and/or required by law to resolve any litigation arising out of Counsel's pursuit of your claims in the Lawsuits. These techniques and procedures include, *inter alia*, mediation, non-binding arbitration, mini-trial, summary jury trial and early case evaluation. During the progress of the representation, Counsel will provide guidance to you concerning the availability and potential use of ADR to resolve such litigation.

If you have any questions about any of the above or the information in Appendix A, please call me. If this letter and Appendix A accurately reflect our Agreement, please sign this letter and return it to me. Thank you again for the opportunity to represent you.

With best regards,

DIAMOND MCCARTHY LLP

By: _____
Robert W. Sadowski

*ACCEPTED AND AGREED:*

_____
Laurie Simpson

Dated:_____11/2/2010_____

# EXHIBIT E



# DIAMOND McCARTHY LLP

RENAISSANCE TOWER
1201 ELM STREET
34TH FLOOR
DALLAS, TEXAS 75270

J. GREGORY TAYLOR | PARTNER

gtaylor@diamondmccarthy.com

P. 214.389.5300

F. 214.389.5399

February 14, 2013

Mr. Robert Sadowski
Ms. Andrea Fischer
New York, New York

Dear Rob and Andrea

      The following outlines the termination of your association with Diamond McCarthy LLP (the "Firm") as of February 15, 2013. "You", "your" and/or "yours" may refer to Rob or Andrea individually or Rob and Andrea collectively, as appropriate. The agreements outlined herein will constitute our entire agreement with you and shall supersede and replace all prior agreements (whether written or oral). We are confirming that there are no oral agreements among the parties.

      1.     Except for obligations outlined in this letter agreement, effective February 15, 2013, the Firm and you will mutually release each other from any and all obligations, debts, payments and liabilities of any kind arising out of or relating to your association with the Firm. Such release does not include the Firm's obligations to return any of your private property, your obligation to return Firm property or any obligations under this letter agreement.

      2.     Attached as <u>Exhibit "A"</u> to this letter is a chart reflecting each of the client matters for which you will be responsible as of February 16, 2013. For each matter, Diamond McCarthy requests a letter from the client authorizing the firm to transfer the client's files from Diamond McCarthy to you as well as a copy of the Change of Attorney form filed with court. A suggested form is attached for your use. Richard Janvey will sign these letters on behalf of the Firm.

      3.     Attached as <u>Exhibit "B"</u> is a list of Firm Qui Tam clients. This will confirm that you have no interest in the Edery and Kapiloff matters and that you have agreed to withdraw from the Raimundi matter. You will continue to act as co-counsel with the Firm in the Mazza case, and will be entitled to 25% of any Diamond McCarthy recovery. You will also be entitled to recover your and Raphael Katz' hourly fees in the event of a Raimundi recovery, to the extent such fees are awarded.

      4.     Those client accounts receivable, as of February 15, 2013, for which you are billing attorney will remain with the firm. When payment is received, 22% of the fees for work performed by you and Raphael Katz and 100% of fees performed by Firm personnel and 100% of the expenses will be retained by the Firm with the remainder of the fees paid to you. Attached as <u>Exhibit "C"</u> is a current Accounts Receivable report. This Exhibit "C" will be updated in March 2013 following the close of February billing. We will send you an updated Exhibit C and ask that you confirm its accuracy.

      5.     Diamond McCarthy will have no interest in the work-in-process (fees) of any contingency matter including qui tam matters, for which you are originating attorney. However, the firm will maintain its interest in 100% of the unbilled expenses connected with your contingency matters with payment made to Diamond McCarthy first from any recovery in such matters. <u>Exhibit "D"</u> lists those contingency matters for which you are originating attorney with current work-in-process fees and expenses. This Exhibit "D" will be updated in March 2013 following the close of February time and expense entry. You will advise every 6 months with respect to whether any monies have been collected by you in connection with the matters listed on Exhibit "D."

      6.     The Firm's employment of Raphael Katz and Javier Santiago shall terminate as of February 15, 2013. Any firm insurance coverage which you or they may have under any Diamond McCarthy benefit program shall also terminate on that date. You will continue to reimburse the firm for salary, tax and insurance costs associated with

February 14, 2013
Page 2


Raphael Katz through February 15.

     7.    It is important to note that our errors and omissions insurance policy (legal malpractice) will not apply to, or provide coverage for, any claims(s) arising from work performed by you after February 15, 2013.  The Firm's carrier will be so advised of this effective as of February 15, 2013.

    If this accurately and fully sets out our agreements, please sign below and return to me.  We are sorry that our practices weren't more compatible and the firm was unable to meet your needs.  We enjoyed working with you and wish you the best.

Yours very truly,

J. Gregory Taylor
For the Firm


AGREED:


_____      _____
Robert Sadowski                      Andrea Fischer

EXHIBIT "A"
LIST OF CLIENTS
ROBERT SADOWSKI

| Client Name: | Billing Attorney: | Client ID: | Matter ID: | Caption: | Date Opened: |
|---|---|---|---|---|---|
| ████████████ | 42 | 1479 | 1479-00011 | Qui Tam | 7/24/2012 |
| ████████████ | 42 | 1371 | 1371-00011 | Potential Litigation | 11/3/2011 |
| ████████████ | 42 | 1452 | 1452-00011 | Qui Tam | 5/16/2012 |
| ████████████ | 42 | 1493 | 1493-00011 | Qui Tam | 8/29/2012 |
| ████████████ | 42 | 1426 | 1426-00011 | Qui Tam | 3/23/2012 |
| ████████████ | 42 | 1227 | 1227-00010 | General | 8/11/2010 |
| | 42 | 1227 | 1227-00011 | Life Systems, Inc. | 8/11/2010 |
| ████████████ | 42 | 1223 | 1223-00010 | General | 8/10/2010 |
| | 42 | 1223 | 1223-00011 | Amin Radiology, Inc. | 8/10/2010 |
| ████████████ | 42 | 1222 | 1222-00010 | General | 8/10/2010 |
| | 42 | 1222 | 1222-00011 | Westchester Medical Center | 8/10/2010 |
| ████████████ | 42 | 1480 | 1480-00011 | Qui Tam | 7/30/2012 |
| ████████████ | 42 | 1226 | 1226-00010 | General | 8/11/2010 |
| | 42 | 1226 | 1226-00011 | Moore, John | 8/11/2010 |
| ████████████ | 42 | 1367 | 1367-00011 | Qui Tam | 10/19/2011 |
| ████████████ | 42 | 1228 | 1228-00010 | General | 8/11/2010 |
| | 42 | 1228 | 1228-00011 | Colorado State University | 8/11/2010 |
| ████████████ | 42 | 1425 | 1425-00011 | Qui Tam | 3/23/2012 |
| ████████████ | 42 | 1221 | 1221-00010 | General | 8/6/2010 |
| | 42 | 1221 | 1221-00011 | Kingsborough College | 8/6/2010 |
| ████████████ | 42 | 1441 | 1441-00011 | Qui Tam | 4/30/2012 |
| ████████████ | 42 | 1422 | 1422-00011 | Contractual | 3/22/2012 |
| | 42 | 1424 | 1424-00011 | Qui Tam | 3/23/2012 |
| ████████████ | 42 | 1263 | 1263-00010 | General | 11/18/2010 |
| | 42 | 1263 | 1263-00011 | Sentosa Care, LLC | 11/18/2010 |
| ████████████ | 42 | 1465 | 1465-00011 | Qui Tam | 6/20/2012 |
| ████████████ | 42 | 1472 | 1472-00011 | Development Disabilities Health Alliance | 7/5/2012 |
| Laurie Simpson | 42 | 1220 | 1220-00010 | General | 8/5/2010 |
| | 42 | 1220 | 1220-00011 | Baycol | 8/5/2010 |
| | 42 | 1220 | 1220-00012 | Trasylol | 8/5/2010 |
| ████████████ | 42 | 1229 | 1229-00010 | General | 8/11/2010 |
| | 42 | 1229 | 1229-00011 | Horowitz, Steven A., Esq. | 8/11/2010 |
| | 42 | 1229 | 1229-00012 | Schwartz | 8/11/2010 |
| ████████████ | 42 | 1293 | 1293-00010 | General | 2/15/2011 |
| | 42 | 1293 | 1293-00011 | Pfizer, Inc. | 2/15/2011 |

**EXHIBIT "A"**
**LIST OF CLIENTS**
**ROBERT SADOWSKI**

| Client Name: | Billing Attorney: | Client ID: | Matter ID: | Caption: | Date Opened: |
|---|---|---|---|---|---|
| ▇▇▇▇▇▇ | | | | | |
| | 42 | 1432 | 1432-00011 | Qui Tam | 4/3/2012 |
| ▇▇▇▇▇▇ | | | | | |
| | 42 | 1224 | 1224-00010 | General | 8/10/2010 |
| | 42 | 1224 | 1224-00011 | Berkshire Farm | 8/10/2010 |
| | 42 | 1224 | 1224-00012 | Columbia County | 8/10/2010 |
| | 42 | 1224 | 1224-00013 | Ulster County | 9/30/2010 |
| ▇▇▇▇▇▇ | | | | | |
| | 42 | 1416 | 1416-00011 | Qui Tam | 2/29/2012 |
| ▇▇▇▇▇▇ | | | | | |
| | 42 | 1257 | 1257-00010 | General | 11/1/2010 |
| | 42 | 1257 | 1257-00011 | Tremond Alloys | 11/1/2010 |
| ▇▇▇▇▇▇ | | | | | |
| | 42 | 1410 | 1410-00011 | Millin Associates | 2/24/2012 |
| ▇▇▇▇▇▇ | | | | | |
| | 42 | 1396 | 1396-00011 | Qui Tam | 1/12/2012 |
| ▇▇▇▇▇▇ | | | | | |
| | 42 | 1332 | 1332-00010 | General | 7/14/2011 |
| | 42 | 1332 | 1332-00011 | RxAmerica | 7/14/2011 |
| ▇▇▇▇▇▇ | | | | | |
| | 42 | 1454 | 1454-00011 | Qui Tam | 5/17/2012 |
| ▇▇▇▇▇▇ | | | | | |
| | 42 | 1305 | 1305-00010 | General | 3/23/2011 |
| | 42 | 1305 | 1305-00011 | US ex rel. John Doe, NY | 3/23/2011 |
| ▇▇▇▇▇▇ | | | | | |
| | 42 | 1294 | 1294-00010 | General | 2/15/2011 |
| | 42 | 1294 | 1294-00011 | DC 1707 | 2/15/2011 |
| ▇▇▇▇▇▇ | | | | | |
| | 42 | 1496 | 1496-00011 | Qui Tam | 9/7/2012 |
| ▇▇▇▇▇▇ | | | | | |
| | 42 | 1395 | 1395-00011 | Qui Tam | 1/12/2012 |
| ▇▇▇▇▇▇ | | | | | |
| | 42 | 1336 | 1336-00010 | General | 7/25/2011 |
| | 42 | 1336 | 1336-00011 | Community Action for Human Ser | 7/25/2011 |
| ▇▇▇▇▇▇ | | | | | |
| | 42 | 1225 | 1225-00010 | General | 8/10/2010 |
| | 42 | 1225 | 1225-00011 | Acupath Laboratories, Inc. | 8/10/2010 |
| | 42 | 1225 | 1225-00012 | Sakura Finetek | 10/3/2010 |
| ▇▇▇▇▇▇ | | | | | |
| | 42 | 1365 | 1365-00011 | Structured Employment Economic Development | 10/18/2011 |

EXHIBIT "A"
LIST OF CLIENTS
RAPHAEL KATZ

| | | 110 | 1421 | 1421-00011 | The State of New York Unemployment Insurance | 3/21/2012 |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

EXHIBIT "B"
TO SEPARATION AGREEMENT BETWEEN
DIAMOND McCARTHY LLP AND ROBERT SADOWSKI AND ANDREA FISCHER

| Client No. | Client Name |
|---|---|
| 1499 | ▬▬▬▬▬ |
| 1286 | ▬▬▬▬▬ |
| 1331 | ▬▬▬▬▬ |
| 1447 | ▬▬▬▬▬ |

Exhibit "C"

2/14/2013 4:16:59 PM

Page No.1

**Diamond McCarthy LLP**
**Aged Accounts Receivable in Client I.D. Order by Billing Attorney**
As of 02-14-13

Billing Attorney : Select 42, 46, 110
Firm Client: Excluded
Minimum Days Outstanding - 0   : Minimum Amount Outstanding - $0.00

| Client | Last Payment | Fees | Costs | Interest | Retainer | Balance Aged By Days | | | | Total Due |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | 0-30 Days | 31-60 Days | 61-90 Days | 91+ Days | |
| **Billing Attorney: 42 - Sadowski, Robert W.** | | | | | | | | | | |
| | 08-16-12 | 137,075.00 | 4,757.77 | | | 12,387.29 | | 27,956.49 | 101,488.99 | 141,832.77 |
| | 03-09-12 | 1,440.00 | 32.95 | | | | | | 1,472.95 | 1,472.95 |
| | | 22,440.00 | 337.05 | | | | | | 22,777.05 | 22,777.05 |
| *** Totals for 42 - Sadowski, Robert W. *** | | 160,955.00 | 5,127.77 | 0.00 | 0.00 | 12,387.29 | 0.00 | 27,956.49 | 125,738.99 | 166,082.77 |
| Report Total | | 160,955.00 | 5,127.77 | 0.00 | 0.00 | 12,387.29 | 0.00 | 27,956.49 | 125,738.99 | 166,082.77 |

Aged Accounts Receivable in Client I.D. Order by Billing Attorney
Diamond McCarthy LLP

Page No.1

*Exhibit "D"*

2/14/2013 4:20:45 PM

Diamond McCarthy LLP

**Double-Sorted Aged Work-in-Process in Client I.D. Order by Billing Attorney and Fee Arrangement**

As of 02-28-13

Billing Attorney: 42 - Sadowski, Robert W.

Page No.1

Billing Attorney: Select 42, 46, 110
Fee Arrangement: Select CONT
Firm Client: Excluded

Fee Arrangement: CONT - Contingency

1220  Laurie Simpson

| Client | Unbilled Hours | Fees | Costs | Interest | Balance Aged By Days | | | | Total |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | 0-30 Days | 31-60 Days | 61-90 Days | 91+ Days | |
| | 1,548.10 | 833,980.00 | 10,005.18 | | | 300.00 | 350.00 | 843,335.18 | 843,985.18 |
| | 94.20 | 48,322.50 | 17.40 | | | | | 48,339.90 | 48,339.90 |
| | 203.70 | 88,758.50 | 170.12 | | | | 2,090.00 | 86,838.62 | 88,928.62 |
| | 482.50 | 230,160.00 | 5,544.57 | | | 51,416.46 | 31,175.15 | 153,112.96 | 235,704.57 |
| | 3.50 | 2,012.50 | | | | | | | 2,012.50 |
| | 129.70 | 54,572.50 | 1,141.58 | | | | 380.00 | 55,334.08 | 55,714.08 |
| | 416.00 | 167,230.00 | 4,440.16 | | | | 1,050.00 | 170,620.16 | 171,670.16 |
| | 246.20 | 145,985.00 | 4,185.67 | | | 1,365.00 | | 148,805.67 | 150,170.67 |
| | 127.10 | 57,130.00 | 918.85 | | | | | 58,048.85 | 58,048.85 |
| | 191.70 | 99,102.50 | 4,942.84 | | | 150.00 | 4,590.00 | 99,305.34 | 104,045.34 |
| | 439.40 | 247,649.50 | 4,073.69 | | | 16,026.50 | 29,257.59 | 206,439.10 | 251,723.19 |
| | | | 147.50 | | | | 147.50 | | 147.50 |
| | 198.90 | 101,100.50 | 961.83 | | | 4,060.00 | | 98,002.33 | 102,062.33 |
| | 2.40 | 360.00 | | | | 135.00 | 225.00 | | 360.00 |
| | 235.40 | 145,770.00 | 10,254.81 | | | 75.00 | | 155,949.81 | 156,024.81 |
| | 45.00 | 25,570.00 | 319.14 | | | | | 25,889.14 | 25,889.14 |
| | 233.80 | 103,915.00 | 18,069.97 | | | 327.75 | 6,063.30 | 115,593.92 | 121,984.97 |
| | 166.60 | 73,715.00 | 2,265.77 | | | 85.00 | 12,052.09 | 63,843.68 | 75,980.77 |
| | 2.00 | 850.00 | | | | | | 850.00 | 850.00 |
| | 155.50 | 83,085.00 | 5,977.51 | | | | | 89,062.51 | 89,062.51 |
| | 120.80 | 59,360.00 | 2,607.22 | | | 3,380.00 | 45.00 | 58,542.22 | 61,967.22 |
| | 195.20 | 98,067.50 | 1,301.34 | | | 12,620.00 | 3,885.00 | 82,863.84 | 99,368.84 |
| | 420.60 | 260,385.00 | 2,688.11 | | 12,155.00 | 28,155.00 | 4,465.00 | 218,298.11 | 263,073.11 |
| | 48.90 | 28,702.50 | 17.20 | | | | 240.00 | 28,479.70 | 28,719.70 |

2/14/2013 4:20:46 PM

Diamond McCarthy LLP
Double-Sorted Aged Work-in-Process in Client I.D. Order by Billing Attorney and Fee Arrangement
As of 02-28-13
Billing Attorney: 42 - Sadowski, Robert W.

Billing Attorney : Select 42, 46, 110
Fee Arrangement : Select CONT
Firm Client: Excluded

| Client | Unbilled Hours | Fees | Costs | Interest | Balance Aged By Days | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | 0-30 Days | 31-60 Days | 61-90 Days | 91+ Days | |
| 1465 | 180.30 | 108,230.00 | 134.38 | | | 3,725.00 | 1,080.00 | 103,559.38 | 108,364.38 |
| 1472 | 340.80 | 207,915.00 | 3,223.64 | | 27,755.00 | 7,708.85 | 6,272.50 | 169,402.29 | 211,138.64 |
| 1479 | 25.70 | 12,390.00 | 5.25 | | | 4,305.00 | 180.00 | 7,910.25 | 12,395.25 |
| 1480 | 124.30 | 54,030.00 | 3,869.34 | | | 212.50 | 8,515.05 | 49,171.79 | 57,899.34 |
| 1493 | 70.80 | 40,685.00 | 5,344.20 | | | 2,010.00 | 11,144.20 | 32,875.00 | 46,029.20 |
| 1496 | 10.30 | 5,865.00 | 16.12 | | | 105.00 | | 5,776.00 | 5,881.12 |
| ** Totals for CONT - Contingency ** | 6,459.40 | 3,384,898.50 | 92,643.39 | 0.00 | 39,910.00 | 136,162.06 | 123,207.38 | 3,178,262.45 | 3,477,541.89 |
| Totals for Billing Attorney 42 - Sadowski, Robert W. | 6,459.40 | 3,384,898.50 | 92,643.39 | 0.00 | 39,910.00 | 136,162.06 | 123,207.38 | 3,178,262.45 | 3,477,541.89 |

Double-Sorted Aged Work-in-Process in Client I.D. Order by Billing Attorney and Fee Arrangement
Diamond McCarthy LLP

## RE: My reply to your offer

From:   Robert Sadowski (rsadowski@robertwsadowski.com)

To:     jackkint@yahoo.com

Cc:     laurie.simpson.b@gmail.com; dbocian@ktmc.com; rjanvey@diamondmccarthy.com

Date:   Monday, December 6, 2021 at 01:53 PM EST

Jack, I and my former partner Andrea Fisher are assignees of the Diamon McCarthy's fees in the Simpson.  I'll forward a copy of the agreement as soon as its pulled from archives.  In response to your second question, we'll be reviewing the assignment, but I doubt the assignment addresses directly DM obligations, but it is my understanding that all rights and obligations were assigned to Sadowski Fisher, and subsequently from Sadowski Fisher to Robert W. Sadowski PLLC.

I believe by operation of the assignment, DM obligations to you were delegated to me.

Jack I believe the upmost importance is to get your fee application in, if your fees are awarded, I will collect them and pay them over to you.  But I do need a declaration from you to submit with my supplemental declaration in support of fees.

If anyone has an issue with this proposal, please let me know.

David, What is the time frame on getting the fee application in?

---

**From:** Jack Kint <jackkint@yahoo.com>
**Sent:** Sunday, December 5, 2021 4:26 PM
**To:** Robert Sadowski <rsadowski@robertwsadowski.com>
**Cc:** Laurie Simpson <laurie.simpson.b@gmail.com>; dbocian@ktmc.com; rjanvey@diamondmccarthy.com
**Subject:** My reply to your offer

Rob,

Please see the attached scan of a letter that will go out to you in tomorrow's mail.

Regards,

Jack

# EXHIBIT F

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW JERSEY**

---

UNITED STATES OF AMERICA *ex rel.*
LAURIE SIMPSON,

               Plaintiff,

     v.

BAYER CORPORATION;
BAYER HEALTHCARE;
PHARMACEUTICALS, INC.;
BAYER HEALTHCARE LLC; and
BAYER AG,

            Defendants.

Civ. No. 05-3895 (JMV)(LDW)

---

**DECLARATION OF SCOTT B. PIEKARSKY, ESQ.**
**IN SUPPORT OF THE PETITION FOR ATTORNEYS' FEES OF**
**ROBERT W. SADOWSKI**

    The undersigned, Scott B. Piekarsky, hereby states and declares the following under penalty of perjury:

    1.     I submit this declaration in support of The Estate of Robert W. Sadowski's Petition for Attorneys' Fees in the above-captioned action and I am familiar with the facts stated herein.

    2.     My office, Phillips Nizer, LLP, has been retained by The Estate of Robert W. Sadowski, to assist in preparing this Petition for attorneys' fees and costs.

    3.     I understand that Mr. Sadowski has prepared a declaration detailing his hours worked on this litigation while he was employed at Diamond McCarthy, LLP, prior to passing away unexpectedly in July 2022.

4.      Our office has attached that signed declaration by Mr. Sadowski, including the breakdown of the time kept hours, as Exhibit A to the Memorandum of Law In Support of The Petition For Attorneys' Fees and Costs.


Dated: January 5, 2023                        ___/s/ Scott Piekarsky
                                              Scott B. Piekarsky, Esq.