# STONE MAGNANINI

## COMPLEX LITIGATION

February 20, 2024

**VIA CM/ECF**
Honorable Michael E. Farbiarz
United States District Judge
Frank R. Lautenberg U.S. Post Office & Courthouse
2 Federal Square
Newark, New Jersey 07102

    Re:    <u>*United States of America, ex rel. Laurie Simpson v. Bayer Corp., et al.*</u>
              Civil Action No.: 05-cv-3895 (MEF)(LDW)

Dear Judge Farbiarz:

      Please accept this letter in connection with Stone & Magnanini's ("SM") motion for attorneys' fees, currently pending before this Court, and in response to the Bayer Defendants' unsolicited letter dated February 3, 2024 which contains arguments about our Firm's fee application.

      In that letter, the Defendants attempt to persuade this Court to rely on the reasoning and findings of a Special Master – not a judge – appointed in connection with the Minnesota litigation, and the Defendants' claim that SM should have filed our fee petition in Minnesota, and not in New Jersey. However, the Defendants are mistaken, and our petition is properly filed in this District because our fees are sought in connection with our work in investigating and developing claims in two related cases filed in the District of New Jersey. To be clear, all of the work that our Firm performed for which compensation is sought was performed in New Jersey on cases filed, investigated, and adjudicated in New Jersey.

      The Minnesota Special Master did not reach the issue of whether attorneys' fees could be recovered in other jurisdictions, and no judge assigned to the New Jersey matters has ever indicated that there would be an issue with jurisdiction or this Court's ability to decide our fee claim. In fact, the global Settlement Agreement specifically contemplates that attorneys' fees might be sought outside of Minnesota for work performed in the New Jersey cases that we filed. Not only would it be inefficient and impractical, it would be improper for a Minnesota Court to determine the attorneys' fees for New Jersey attorneys for services rendered in New Jersey in connection with actions pending in New Jersey. Similarly, we have addressed at length in our

papers Bayer's argument concerning our fees related to Baycol. The law plainly supports recovery of these fees.[1]

The law and facts support our filing of a fee petition in this Court. Indeed, the Honorable John M. Vazquez, U.S.D.J., stated during oral argument before him (referring the matter to mediation) that he had the complete right to determine all of our fees in this action and that it would be inefficient and unnecessary to make the parties litigate the same claims in two different Courts. In fact, Judge Vazquez's dismissal order (filed on December 14, 2022, after the Bayer global Settlement Agreement was executed in September 2022) explicitly states [that]:

> "the Court retains jurisdiction over this Action for Relator's claims for reasonable attorneys' fees, expenses and costs pursuant to 31 U.S.C. § 3730(d)(2) and (h)(2), and analogous provisions of applicable state law, and for purposes of enforcing the Settlement Agreement…"

Further, the Defendants' February 3 letter largely discusses the Special Master's report and recommendation as to Olshan – and, those facts are separate and distinct and simply not relevant to our fee petition for work that SM performed, as opposed to Olshan. SM was not a party to the Minnesota litigation and SM did not submit anything into the record in that proceeding. This Court should rule on the record properly before it, including, the briefs and supporting affidavits filed in New Jersey.

In their letter, Defendants rehash their arguments concerning fee reductions for alleged clerical tasks; alleged vaguely described time; alleged lack of success; and, alleged fees for work on other cases. To be clear, the Defendants have already put forth these arguments in their opposition brief, filed January 6, 2023. And, SM has appropriately responded to those arguments in previous filings in this matter, specifically our reply brief and supporting papers. This Court should rely on the record filed in the instant matter and make its decision based on the record and motion pending before this Court; and, should <u>not</u> rely on a Special Master's report involving different parties, different facts, different fees and different law in a different jurisdiction.

It should also be noted that our fees continue to grow as we are entitled to be reimbursed for all of our fees and costs in pursuing this motion. In due course, SM will submit a supplemental affidavit detailing for the Court the additional fees and costs incurred in the course of litigating this fee dispute.

---

[1] Bayer's reliance on a hearsay statement concerning the Government's internal allocation of the settlement should be disregarded and is of no moment. The formal settlement document does not allocate the settlement and treats Bayer's $46 million dollar payment as a "global settlement" of all claims in both actions. That is binding on both Bayer and the Government which signed the Agreement.

Case 2:05-cv-03895-MEF-LDW   Document 453   Filed 02/20/24   Page 3 of 3 PageID: 12506

**STONE ⚜ MAGNANINI**
COMPLEX LITIGATION

Honorable Michael E. Farbairz
February 20, 2024
Page 3

Further, SM did not request a lodestar multiplier on our fees in this application which would have been reasonable based on the results obtained, the quality and efficiency of the representation, the complexity of the case, the risk of non-recovery, and other factors. *See United States ex rel. Garibaldi v. Orleans Par. School Bd.*, 46 F.Supp.2d 546 (E.D. La. 1999), *judgment vacated on other grounds*, 244 F.3d 486 (5th Cir. 2001) (district court increased the lodestar by a factor of 1.5 because the case presented many novel and difficult issues and because the plaintiff achieved extraordinary success); *see also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 482 U.S. 711 (1987) (plurality of the Court reasoning that if a trial court specifically finds that there was a real risk-of-not-prevailing an upward adjustment of the lodestar may be made but generally no more than one-third of the lodestar); *see also United States ex rel. Bahnsen v. Boston Sci. Neuromodulation Corp.*, 2020 U.S. Dist. LEXIS 251240 (D.N.J. Feb. 14, 2020) (citing *Rode v. Dellaricprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)) ("Although the Third Circuit presumes the lodestar yields a reasonable fee, district courts retain discretion to adjust the lodestar."). This Court could in its discretion apply a fee multiplier even in the absence of a request by counsel.

As the Court is aware, as Judge Vasquez has left the bench, our attorney's fees motions are now pending before this Court and the motion has been fully briefed by all parties. No party here requests a hearing or oral argument and, unless the Court has any questions for counsel, SM respectfully requests that the Court issue its ruling on the papers. We are aware of the significant docket of maters pending before this Court. Our Firm is a boutique firm and the fees sought are material. These services were rendered almost two decades ago and this application was filed more than a year ago. We have at the Court's behest mediated this matter before two different experienced mediators with no success. Accordingly, we respectfully request this Court decide our motion as soon as is reasonably possible.

Respectfully submitted,

*/s/ Robert A. Magnanini*
Robert A. Magnanini
STONE & MAGNANINI

cc: All Counsel of Record (*via ECF*)