

Lawrence S. Lustberg
Director

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4731 Fax: 973-639-6285
llustberg@gibbonslaw.com

February 22, 2024

**VIA CM/ECF**
Honorable Michael E. Farbiarz
United States District Judge
Frank R. Lautenberg U.S. Post Office & Courthouse
2 Federal Square
Newark, New Jersey 07102

Re:   *United States ex rel. Simpson v. Bayer Corp., et al.,* No. 05-cv-3895

Dear Judge Farbiarz:

Please accept this short letter in very brief response to the correspondence filed by Stone & Magnanini ("Stone") and Olshan Frome Wololsky LLP ("Olshan") on February 20, 2024, Dkt. 452-453, in order to address three specific issues that arise from their submissions.

First, there is nothing "improper" in bringing to the Court's attention the thorough 46-page Special Master report, which rigorously addresses the same issues that are currently before the Court. *Contra* Dkt. 452 at 1. The Court can judge for itself whether the Special Master's detailed analysis is "factually, procedurally and legally irrelevant" and should be ignored in its entirety, as Olshan argues. Dkt. 452 at 1-2. We think it was at least worthy of bringing to the Court's attention and of explaining its relevance.

Second, Stone represents that "the global Settlement Agreement," Judge Vazquez's statements at "oral argument," and the "dismissal order" permit Stone to seek Baycol fees here even though the Baycol case is pending in Minnesota. Dkt. 453 at 1-2. None remotely does. Because Stone did not provide the Court with the relevant documents, Bayer attaches them to this letter.[1] Notably, Stone does not address the jurisdictional authorities cited in Dkt. 451 at 6-7, or the Third Circuit's test in *Gulfstream III Associates, Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414, 420 (3d Cir. 1993). Instead, Stone seeks a *sui generis* rule that "New Jersey attorneys" who provide services in New Jersey can recover fees in their home court even after the case has been transferred to another jurisdiction. Of course, this argument is unsupported by any authority, cited or otherwise.

Third, both Stone and Olshan refer to the underlying $46 million settlement as a basis of their proposed fee awards, and Olshan argues that most of that settlement amount was allocated to this case. But as the Special Master explained, the substantial fee reduction is warranted "[e]ven if, as Olshan advocates, the totality of the $46 million settlement figure is the appropriate measure of success." Baycol R&R at 38. Moreover, Relator sought "billions of dollars" in the Trasylol case in this Court; the number was much less in the Baycol case in Minnesota. In any event, Stone's and Olshan's work *in this case* was insubstantial and unsuccessful. *See* Dkt. 451 at 6.

---

[1] There was no "oral argument," as Stone represents. There was a status conference, which was not transcribed, and Judge Vazquez never ruled that, in Stone's own words, "he had the complete right to determine all of [Stone's] fees in this action and that it would be inefficient and unnecessary to make the parties litigate the same claims in two different Courts." Dkt. 453 at 2. The Court never so held. Indeed, the Settlement Agreement plainly states: "The *exclusive jurisdictions and venues* for any dispute relating to this Agreement are the United States District Court for the District of New Jersey for disputes relating to the New Jersey Action and *the United States District Court for the District of Minnesota for disputes relating to the Minnesota action.*" Ex. A at 11 (Dkt. 409-4) (emphasis added). Finally, the dismissal order was clear that the court "retains jurisdiction over *this Action*"—not the Minnesota action. Ex. B at 2 (Dkt. 407) (emphasis added).

GIBBONS P.C.

Honorable Michael E. Farbiarz
February 22, 2024
Page 2

    Thank you for your kind consideration of this matter.

                                              Respectfully submitted,

                                              s/ Lawrence S. Lustberg
                                              Lawrence S. Lustberg, Esq.
                                              GIBBONS P.C.
                                              One Gateway Center
                                              Newark, New Jersey 07102-5310
                                              (973) 596-4731

                                              Jonathan F. Cohn (*pro hac vice*)
                                              LEHOTSKY KELLER COHN LLP
                                              200 Massachusetts Ave., N.W.
                                              Washington, D.C. 20001
                                              Tel.: (202) 538-1214

                                              *Counsel for Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., and Bayer Healthcare LLC*

    cc: All Counsel of Record (via ECF)